# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

.

| | |
|---|---|
| ROBERT VOLIO, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00039-JDW |
| Plaintiff, | |
| v. | CLASS ACTION |
| RUSH STREET GAMING LLC and SUGARHOUSE SHP GAMING, L.P. d/b/a RIVERS CASINO PHILADELPHIA, | |
| Defendants. | |
| KEVIN BRADY, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00054-JDW |
| Plaintiff, | |
| v. | CLASS ACTION |
| RUSH STREET GAMING LLC and SUGARHOUSE SHP GAMING, L.P. d/b/a RIVERS CASINO PHILADELPHIA, | |
| Defendants. | |
| KEVIN BROCKHOFT, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00073 |
| Plaintiff, | |
| v. | CLASS ACTION |
| SUGARHOUSE SHP GAMING, L.P. d/b/a RIVERS CASINO PHILADELPHIA and RUSH STREET GAMING LLC, | |
| Defendants. | |

| | |
|---|---|
| WILLIAM MOORE, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00091 |
| Plaintiff, | CLASS ACTION |
| v. | |
| RUSH STREET GAMING LLC and SUGARHOUSE SHP GAMING, L.P. d/b/a RIVERS CASINO PHILADELPHIA, | |
| Defendants. | |
| BRETT NELSON, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00106 |
| Plaintiff, | CLASS ACTION |
| v. | |
| RUSH STREET GAMING LLC and SUGARHOUSE SHP GAMING, L.P. d/b/a RIVERS CASINO PHILADELPHIA, | |
| Defendants. | |
| SHAWN MARTIN, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00109 |
| Plaintiff, | CLASS ACTION |
| v. | |
| RUSH STREET GAMING LLC and SUGARHOUSE SHP GAMING, L.P. d/b/a RIVERS CASINO PHILADELPHIA, | |
| Defendants. | |

BONNIE HERMANN, individually
and on behalf of all others similarly
situated,

                 Plaintiff,

v.

RUSH STREET GAMING LLC and
SUGARHOUSE SHP GAMING, L.P. d/b/a
RIVERS CASINO PHILADELPHIA,

                 Defendants.

Case No. 2:25-cv-00130

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF
COORDINATED PLAINTIFFS' RENEWED MOTION TO CONSOLIDATE CASES
<u>AND APPOINT INTERIM CO-LEAD CLASS COUNSEL</u>**

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND ............................................................................................................ 4

II.   ARGUMENT ............................................................................................................... 4

  A.    The Related Actions Should Be Consolidated ........................................................ 4

  B.    The Court Should Appoint Proposed Class Counsel .............................................. 6

      1.    Appointing a Four-Lawyer Interim Co-Lead Counsel Structure Is
            Appropriate Given the Complexity of the Litigation and Claims .............. 6

      2.    Legal Standard for Lead Counsel Appointment ........................................ 7

          a.    Proposed Interim Co-Lead Counsel and Their Law Firms Have
                Performed Substantial Work in Identifying and Investigating the
                Claims in This Action .................................................................... 9

          b.    Proposed Interim Co-Lead Counsel and Their Law Firms Have
                Substantial Knowledge About and Are Experienced in Leading
                and Successfully Resolving Data Privacy Class Actions ............ 10

              i.    Proposed Interim Co-Lead Counsel .................................. 11

                    Kenneth J. Grunfeld of Kopelowitz Ostrow P.A. ................... 11

                    Gary M. Klinger of Milberg Coleman Bryson Phillips
                    Grossman PLLC ..................................................................... 14

                    Charles E. Schaffer of Levin Sedran & Berman .................... 16

                    Andrew W. Ferich of Ahdoot & Wolfson, PC ....................... 19

          c.    Proposed Interim Co-Lead Counsel Are Committed to
                Representing and Advancing the Interests of the Class ................ 22

          d.    Additional Factors Supporting Appointment Under Rule
                23(g)(1)(B) ................................................................................... 23

III.  CONCLUSION ............................................................................................................ 24

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Anaya, et al. v. Cencora, Inc., et al.*,
No. 24-2961 (E.D. Pa. Sept. 30, 2024) ...............................................................5, 19

*In re: Aqueous Film-Forming Foams Products Liability Litigation*,
MDL No. 2873 (D.S.C.) .........................................................................................17

*In re Arthur J. Gallagher Data Breach Litig.*,
631 F. Supp. 3d 573 (N.D. Ill. 2022) ....................................................................14

*In re: AT&T Inc., Customer Data Security Breach Litigation*,
MDL No. 3114 (N.D. Tex.) .....................................................................................17

*Aughtman v. Yes To Inc. et al.*,
No. 2:20-cv-01233-VAP-JPR (C.D. Cal.) ..............................................................12

*Beture v. Samsung Elecs. Am., Inc.*,
No. CV 17-5757 (SRC), 2018 WL 3159875 (D.N.J. Mar. 27, 2018)......................7

*Bianucci v. Rite Aid Corp.*,
No. 2:24-cv-03356 (E.D. Pa. Aug. 16, 2024) .....................................................5, 19

*In re Blackbaud, Inc., Customer Data Breach Litig.*,
No. 20-mn-02972-JMC, 2021 WL 2718439 (D.S.C. July 1, 2021) .......................14

*Boone v. Snap, Inc.*,
No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) .................................................15

*Briscoe v. First Financial Credit Union*,
No. D-202-CV-2022-02974 (N.M. 2d Judicial Dist. Ct. Bernalillo Cty.) ..........................2, 21

*In re: Carrier IQ Consumer Privacy Litigation*,
MDL No. 2330 (N.D. Cal.)......................................................................................18

*Cartee-Haring v. Cent. Bucks Sch. Dist.*,
No. 20-cv-1995, 2021 WL 5506419 (E.D. Pa. Nov. 24, 2021) ...............................4

*In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*,
MDL No. 1817 (E.D. Pa.)........................................................................................17

*In re CertainTeed Fiber Cement Siding Litigation*,
MDL No. 2270 (E.D. Pa.)........................................................................................17

*In re Change Healthcare, Inc. Customer Data Security Breach Litigation,*
    MDL No. 3108 (D. Minn.)................................................................................17

*Checchia v. Bank of America, N.A.,*
    No. 2:21-cv-3585 (E.D. Pa)...........................................................................12

*In re Checking Account Overdraft Litig.,*
    No. 09-md-02036-JLK, 2013 WL 11319244 (S.D. Fla. Aug. 2, 2013)................................12

*In re Checking Acct. Overdraft Litig.,*
    No. 1:09-md-02036-JLK (S.D. Fla.)...................................................................11

*Cilluffo, et al. v. Subaru of America, Inc., et al.,*
    No. 1:23-cv-01897-RBK-MJS (D.N.J.)...............................................................21

*City of Providence, Rhode Island v. AbbVie Inc.,*
    No. 20-cv-5538, 2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020)...................................23, 24

*Cochran, et al. v. The Kroger Co., et al.,*
    No. 5:21-cv-01887-EJD (N.D. Cal.)...............................................................20, 21

*Crowe v. Managed Care of N. Am., Inc.,*
    No. 23-cv-61065 (S.D. Fla.)..........................................................................12

*Demarco v. Avalonbay Cmtys., Inc.,*
    No. 15-cv-628 (JLL), 2015 U.S. Dist. LEXIS 194344 (D.N.J. Mar. 17, 2015) .......................7

*DiPierro, et al. v. Florida Health Sciences Center, Inc.,*
    No. 8:23-cv-01864-KKM-NHA (M.D. Fla.) ..........................................................10

*In re Disposable Contact Lens Antitrust Litigation,*
    No. 3:15-md-2626-HES-JRK (M.D. Fla.) ............................................................12

*In re: East Palestine Train Derailment,*
    No. 23-cv-00242 (N.D. Ohio).........................................................................15

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,*
    339 F. 2d 673 (3d Cir. 1964)..........................................................................4

*In re: Erie COVID-19 Business Interruption Protection Ins. Litig.,*
    No. 1:21-mc-00001-MRH (W.D. Pa.) ................................................................12

*Flores v. Aon Corp.,*
    2023 IL App. (1st) (230140)..........................................................................14

*In re: Fortra File Transfer Software Data Sec. Breach Litig.,*
    No. 24-md-3090 (S.D. Fla.)...........................................................................12

*Fulton-Green v. Accolade, Inc.*,
No. 18-cv-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019) ................................10

*Gordon v. Chipotle Mexican Grill, Inc.*,
No. 17-cv-1415, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ..........................9, 21

*Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care*,
No. 2:24-cv-01148-MMB (E.D. Pa. Apr. 30, 2024) ..........................................5, 20

*Harbour, et al. v. California Health & Wellness Plan, et al.*,
No. 5:21-cv-03322 (N.D. Cal.) ....................................................................19

*Harrell v. WebTPA Emp'r Servs., LLC*,
No. 3:24-cv-1160 (N.D. Tex.) ....................................................................13

*Hasson v. Comcast Cable Communications, LLC*,
No. 2:23-cv-05039 (E.D. Pa.) ....................................................................18

*In re HCA Healthcare Data Security Litigation*,
No. 3:23-cv-00684 (M.D. Tenn.) ..................................................................12

*In re HealthEquity, Inc. Data Sec. Incident Litig.*,
No. 2:24-cv-528 (D. Utah) ........................................................................13

*Holden v. Guardian Analytics, Inc.*,
No. 2:23-cv-02156 (D.N.J.) ......................................................................17

*Hulewat v. Medical Management Resource Group LLC*,
No. 2:24-cv-00377 (D. Ariz) ....................................................................18

*Isaiah v. LoanDepot, Inc.*,
No. 8:24-cv-00136-DOC-JCE (C.D. Cal) ..................................................14, 21

*In re Juul Labs*,
No. 19-md-2913 (N.D. Cal.) ......................................................................12

*Karpilovsky v. All Web Leads, Inc.*,
No. 17-cv-1307, 2018 WL 3108884 (N.D. Ill. 2018) ........................................15

*Katz et al. v. Einstein Healthcare Network*,
No. 02045 (Phila. C.P.) ..........................................................................13

*Kesner, et al. v. UMass Mem'l Health Care, Inc.*,
No. 2185 CV 01210 (Mass. Super. Ct.) ..........................................................21

*In re Keystone Data Breach Litig.*,
No. 1:22-cv-01643-CCC (M.D. Pa.) ..............................................................20

iv

*Leitermann, et al. v. Forefront Dermatology SC, et al.*,
No. 1:21-cv-00887-LA (E.D. Wis.) ...................................................................10, 20

*Lukens v. Utah Imaging Assocs.*,
No. 210906618 (Dist. Ct. Salt Lake Cty., Utah) ........................................................20

*Mateo v. Service Employees Int'l Union, Local 32BJ*,
No. 004121-22 (Bergen Co., N.J. Sup. Ct.) ..............................................................13

*In re: MOVEit Customer Data Security Breach Litigation*,
No. 1:23-md-03083 (D. Mass.)..............................................................................10, 14

*In re MOVEit Customer Data Security Breach Litigation*,
MDL No. 3083 (D. Mass) .........................................................................................17

*In re: National Prescription Opiate Litigation*,
No. 1:17-md-2804 (N.D. Ohio) ................................................................................12

*In re: NCB Mgmt. Serv., Inc. Data Breach Litig.*,
No. 2:23-cv-01236 (E.D. Pa.) ...................................................................................18

*Nelson v. Connexin Software Inc. d/b/a Office Practicum*,
No. 2:22-cv-04676-JDW (E.D. Pa.)...........................................................................20

*Nelson v. Connexin Software Inc.*,
No. 2:22-cv-04676, 2023 WL 2721657 (E.D. Pa. Mar. 30, 2023) ............................5, 8, 23, 24

*Opris et al v. Sincera Reproductive Medicine*,
No. 2:21-cv-03072 (E.D. Pa.) ...................................................................................12

*Outten v. Wilmington Tr. Corp.*,
281 F.R.D. 193 (D. Del. 2012) .................................................................................10

*In re: Overby-Seawell Co. Cust. Data Sec. Breach Litig.*,
MDL No. 3056 (N.D. Ga).........................................................................................18

*Parris, et al., v. Meta Platforms, Inc.*,
No. 2023LA000672 (18th Cir. DuPage Cty., Ill.) ...................................................15

*Pessia, et al. v. Warren General Hospital*,
No. 501-23 (Pa. Common Pleas Warren Cty.).........................................................20

*In re Phillips Recalled CPAP, Bi-Level PAP, Mechanical Ventilator Products
Liability Litigation*,
MDL No. 3014 (W.D. Pa.) ........................................................................................17

v

*In Re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation*,
    2:22-md-03025-MHW-CMV (N.D. Ohio) ........................................................................10

*Reichbart v. Financial Business and Consumer Solutions, Inc.*,
    No. 2:24-cv-01876 (E.D. Pa. July 17, 2024) ....................................................5, 10, 19

*Reichbart v. Financial Business and Consumer Solutions, Inc.*,
    No. 24-1876 (E.D. Pa.) ..............................................................................................18

*Rose v. Travelers et al.*,
    No. 19-977 (E.D. Pa.) ................................................................................................12

*Sewall v. Home Partners Holdings LLC*,
    No. A23-1662, 2024 WL 64318 (Minn. Ct. App. Jan. 2, 2024)...............................15

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
    MDL 2380, 2013 U.S. Dist. LEXIS 7023,2013 WL 183855 ((M.D. Pa.)...........7, 8

*Skurauskis v. NationsBenefits, LLC*,
    No. 2:23-cv-60830 (SD. Fla.) ...................................................................................12

*Smeltz, et al. v. Logan Health, et al.*,
    No. A-DV-22-0124 (8th Judicial Dist. Ct., Cascade Cty. Mar. 31, 2022)...............20

*Smith, et al. v. VCA Inc., et al.*,
    No. 2:21-cv-09140-GW-AGR (C.D. Cal.)...............................................................21

*Steinhardt, et al. v. Volkswagen Group of America, Inc., et al.*,
    No. 3:23-cv-02291-RK-RLS (D.N.J.)......................................................................21

*Stephen Giercyk v. National Union Fire Insurance Company of Pittsburgh, et al.*,
    No. 2:13-cv-06272 (D.N.J.) ......................................................................................12

*In re: Target Corporation Customer Data Security Breach Litigation*,
    MDL 2522 (D. Minn.) ...............................................................................................18

*In re Terazosin Hydrochloride Antitrust Litig.*,
    220 F.R.D. 672 (S.D. Fla. 2004)...............................................................................11

*Thompson et al. v. 1-800 Contacts, Inc. et al.*,
    No. 2:16-cv-01183 (D. Utah)....................................................................................12

*Tolmasoff v. General Motors, LLC*,
    No. 16-11747, 2016 WL 3548219 (E.D. Mich. June 30, 2016) .................................7

*Udeen v. Subaru of Am., Inc.*,
    No. 18-17334 (RBK) (JS) (D.N.J.) ..........................................................................21

*In re Wawa, Inc., Data Breach Litigation,*
No. 19-6019 (E.D. Pa.) ...........................................................................18

*Webb v. Injured Workers Pharmacy, LLC,*
72 F.4th 365 (1st Cir. 2023) ..................................................................14

**Other Authorities**

Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for
Large and Mass-Tort MDLs* (2d ed. 2018) ......................................14, 18

Federal Judicial Center. *Manual for Complex Litigation* (4th ed. 2004) ...........................3, 7, 23

**Rules**

Fed. R. Civ. P. 23(g) ...........................................................................1, 7, 8, 11

Fed. R. Civ. P. 23(g)(1) ............................................................................8

Fed. R. Civ. P. 23(g)(1)(A) ......................................................................8

Fed. R. Civ. P. 23(g)(1)(A)(i) ...................................................................9

Fed. R. Civ. P. 23(g)(1)(A)(ii) ..................................................................9

Fed. R. Civ. P. 23(g)(1)(A)(iii) .................................................................9

Fed. R. Civ. P. 23(g)(1)(A)(iv) ...............................................................23

Fed. R. Civ. P. 23(g)(1)(B) .....................................................................23

Fed. R. Civ. P. 23(g)(3) ............................................................................7

Fed. R. Civ. P. 23(g)(4) ............................................................................8

Fed. R. Civ. P. 42(a) ........................................................................1, 4, 24

4933-9745-5379, v. 1

Plaintiffs Robert Volio, Kevin Brady, Kevin Brockhoft and Brett Nelson ("Coordinated Plaintiffs") seek entry of an order pursuant to: (1) Fed. R. Civ. P. 42(a), consolidating the above-captioned actions, as well as any future related actions that may be filed in, or transferred or removed, to this Court, under the docket of the first-filed *Volio* Action (No. 2:25-cv-00039) (collectively "Related Actions"); and (2) Fed. R. Civ. P. 23(g), appointing Kenneth J. Grunfeld of Kopelowitz Ostrow P.A. ("KO"), Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg"), Charles E. Shaffer of Levin Sedran & Berman, LLP ("LSB"), and Andrew W. Ferich of Ahdoot & Wolfson, PC ("AW") as interim co-lead class counsel ("Proposed Interim Co-Lead Counsel").

Rather than await a drawn-out consolidation and leadership appointment process (if and when those cases were filed), in the spirit of efficiency, on January 9, 2025, Proposed Interim Co-Lead Counsel requested that the cases be consolidated and the Court appoint the proposed leadership structure comprised of qualified attorneys, who are well-versed in data breach and privacy law. ECF #3. On January 13, the Court denied the motion as premature. ECF # 5 ("These cases have only recently been filed, and I do not yet know the universe of cases that will be filed. I will revisit leadership structure once I have a better understanding of the universe of cases."). The entire landscape of the case is now clear. The other Plaintiffs William Moore, Shawn Martin, and Bonnie Hermann, and their counsel, support this Motion to Consolidate and Appoint Leadership, meaning all 7 of the 7 filed cases are in support. Furthermore, Counsel for Defendant has been informed of the filing of this Motion and supports the Plaintiffs' Motion to Consolidate and takes no position on leadership. The Parties agree the cases need to be consolidated, and the litigation may not advance for months without a clear path for the plaintiffs' lawyers organize and work as a cohesive unit on this significant litigation.

Consolidation of the Related Actions is appropriate because they arise from the same nucleus of operative facts—a data breach impacting Defendants Sugarhouse SHP Gaming, L.P. d/b/a Rivers Casino Philadelphia and Rush Street Gaming LLC (the "Rivers Casino" defendants) that reportedly exposed confidential and sensitive personally identification information (including Social Security numbers) of Rivers Casino's customers, employees, and other affiliated persons.

Appointment of interim class counsel here is particularly appropriate because, as described below, it is important for Plaintiffs' counsel representing the putative class to speak with one voice. Appointment of interim class counsel now will clarify the roles and responsibilities of counsel on behalf of the class. The risk of declining immediate appointment of interim class counsel includes: (1) duplicative and unnecessary litigation resulting in inefficiencies to the parties and the courts, and (2) a "reverse auction" whereby the lawyers who may subsequently file related cases seek to "sell" a settlement to the defendant at the lowest amount. Only through prompt appointment of well-qualified interim class counsel will the parties and the Court be assured these circumstances will not occur.

Proposed Interim Co-Lead Counsel are uniquely qualified to lead this litigation. Already, they have performed substantial work to identify and investigate potential claims in this case. They should be appointed as interim co-lead class counsel for at least the following reasons.

*First,* Proposed Interim Co-Lead Counsel have the experience to effectively lead this litigation on behalf of the putative class. They and their firms have been appointed to leadership positions in many privacy cases and other class actions affecting large classes, including before this Court. The qualifications and experience of Proposed Interim Co-Lead Counsel and their firms are discussed in greater detail in the firm resumes attached as Exhibits 1-4.

*Second*, Proposed Interim Co-Lead Counsel and their respective data breach litigation teams possess extensive knowledge of the applicable law. Their lawyers have heavily litigated, conducted significant discovery (including depositions of information security officers, and technical and damages witnesses and experts), and briefed essentially every aspect of privacy class action cases. Their experience will allow Plaintiffs' team to manage issues that are pivotal to the success of this case with great efficiency, including standing, technical issues related to data disclosures and class member identification, and damage evaluation.

*Third*, Proposed Interim Co-Lead Counsel have diligently investigated and prosecuted this case to date. The team has devoted substantial time to investigating the background facts, drafting separate detailed complaints, coordinating with other plaintiffs' counsel, and consulting with a data security expert who will address the extent to which data disclosed in the breach has been publicized for illegal purchase on the dark web or elsewhere. They have been contacted by numerous consumers about this matter, enabling them to thoroughly understand the ways in which consumers have been impacted by the data breach.

*Fourth*, the team will effectively manage the litigation. Proposed Interim Co-Lead Counsel have led numerous complex litigations—including together—and believe that an efficient, well-defined team structure will produce the best results. To that end, Proposed Interim Co-Lead Counsel have agreed to work cooperatively rather than filing competing leadership applications and were able to resolve questions of leadership structure through cooperative private ordering. Through the private ordering process, *see* Manual for Complex Litigation ("MCL"), §§ 10.22, 21.272 (4th ed. 2004), Proposed Interim Co-Lead Counsel have agreed to propose a four-lawyer lead counsel structure with an eye toward maximizing litigation efficiency. This structure has been blessed in three recent high-profile data breach matters pending in this Court. Notably, all Plaintiffs

3

who have filed cases against the Rivers Casino defendants relating to this data have agreed to the proposed leadership structure.

*Finally*, the team's members are attorneys at firms which, together, can commit, and will commit, sufficient resources to adequately represent the class.

For the foregoing reasons and those that follow, Coordinated Plaintiffs respectfully renew their request the Court consolidate the Related Actions, and appoint Proposed Interim Co-Lead Counsel.

## I.  BACKGROUND

Defendants are a casino entertainment development in the Fishtown neighborhood of Philadelphia. Located along the Delaware River, Rivers Casino defendants offer gaming, dining, and other forms of entertainment. Rivers Casino discovered a data breach ("Data Breach") on or about November 18, 2024, when it determined that its network was subject to unauthorized access, and that the impacted files may have included names in combination with Social Security numbers and bank account information.

The Related Actions involve numerous common questions of law and fact, a common defendant, and relate to the same Data Breach. While Coordinated Plaintiffs' counsel could have each moved for competing leadership positions, they met and conferred and agreed to combine forces through the private ordering process to voluntarily coordinate and jointly litigate for the benefit of the class.

## II.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact,
> the court may: (1) join for hearing or trial any or all matters at issue

> in the actions; (2) consolidate the actions; or (3) issue any other
> orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiate, to consolidate causes for trial as may facilitate the administration of justice." *Cartee-Haring v. Cent. Bucks Sch. Dist.*, No. 20-cv-1995, 2021 WL 5506419, at *1 (E.D. Pa. Nov. 24, 2021) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F. 2d 673, 675-76 (3d Cir. 1964)). To this end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care*, No. 2:24-cv-01148-MMB (E.D. Pa. Apr. 30, 2024) (consolidating two related actions, as well as any future actions, arising out of a data breach, and appointing interim co-lead counsel). This Court recently has blessed similar leadership structures in three high-profile data privacy matters. *See Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01876, ECF No. 23 (E.D. Pa. July 17, 2024) (consolidating numerous related data breach actions and appointing 4 co-lead counsel); *Anaya, et al. v. Cencora, Inc., et al.*, No. 24-2961, ECF No. 75 (E.D. Pa. Sept. 30, 2024) (same); *Bianucci v. Rite Aid Corp.*, No. 2:24-cv-03356, ECF No. 11 (E.D. Pa. Aug. 16, 2024) (consolidating numerous related data breach actions and appointing 5 co-lead counsel).

As noted above, the complaints in the Related Actions relate to common factual allegations and legal theories. They assert multiple common causes of action against the same defendants—the Rivers Casino defendants—relating to the same factual underpinnings and seek the same relief in response to the same event, i.e., the Data Breach. The Related Actions each seek certification of similar or overlapping classes and allege that Plaintiffs and class members suffered harm because their sensitive personal information was exposed to third parties without their

5

authorization. Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception, and it will avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. The Related Actions present the quintessential consolidation scenario, and the agreement to consolidate and work together amongst the earliest filed Plaintiffs and Plaintiffs' counsel represents a high level of leadership and organization. The Court should consolidate them to ensure judicial economy and preserve party resources. *See, e.g., Nelson v. Connexin Software Inc.*, No. 2:22-cv-04676, 2023 WL 2721657, at \*1-\*2 (E.D. Pa. Mar. 30, 2023) (Wolson, J.) (consolidating similar data breach class actions filed in the same district court and appointing the most inclusive and cooperative group).

**B.    The Court Should Appoint Proposed Class Counsel**

**1.    Appointing a Four-Lawyer Interim Co-Lead Counsel Structure Is Appropriate Given the Complexity of the Litigation and Claims**

Proposed Interim Co-Lead Counsel and their team believe a four-lawyer leadership structure is the most efficient way to successfully litigate this action and pursue the best recovery for Plaintiffs and the class. Given the complexity of the claims, the number of claims alleged, and the sophistication of the clients involved, this structure will maximize recovery, while ensuring efficient prosecution of the claims. Because the Rivers Casino defendants are a lucrative casino and entertainment company with substantial resources and top-tier representation, the proposed leadership structure ensures that Plaintiffs will have the necessary resources to litigate the consolidated action. Plaintiffs will have the essential lawyers and capital needed to oppose this corporate defendant.

During all phases of the litigation, Proposed Interim Co-Lead Counsel will, among other things: (i) organize and supervise the efforts of other Plaintiffs' counsel in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically; (ii) delegate work responsibilities as needed, and monitor the activities of any additional Plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and expense are avoided; (iii) speak for Plaintiffs at all conferences and hearings; (iv) be the only attorneys authorized to initiate and conduct discussions and negotiations with counsel for Defendants related to the putative class, on all matters, including settlement; (v) determine (after consultation with other co-counsel as may be appropriate) and present in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings; (vi) enter into stipulations with opposing counsel as necessary for the conduct of the litigation; (vii) select, consult with, and employ experts, as necessary, for Plaintiffs; (viii) initiate and conduct discovery on Plaintiffs' behalf, and coordinate its efficiency; and (ix) perform such other duties in connection with prosecuting the claims in this action.

## 2.    Legal Standard for Lead Counsel Appointment

"Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Shop-Vac Mktg. & Sales Practices Litig*., MDL No. 2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013) (quoting Fed. R. Civ. P. 23(g)). Early appointments are beneficial in complex cases because they help to "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11; *see, e.g.*, *Tolmasoff v. General Motors, LLC*, No. 16-11747, 2016 WL 3548219, at

*9 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow").

Early appointments are particularly important where, as here, other cases may be filed by other counsel in this and other courts. *See, e.g., Beture v. Samsung Elecs. Am., Inc.,* No. CV 17-5757 (SRC), 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."); *Demarco v. Avalonbay Cmtys., Inc.*, Civil Action No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344, at *7 (D.N.J. Mar. 17, 2015) (early appointment "will promote clarity, efficiency, and greater coordination").

"The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel." *In re Shop-Vac Mktg. & Sales Practices Litig.*, MDL No. 2380, 2013 U.S. Dist. LEXIS 7023, at *6. As a result, courts appointing interim class counsel under Rule 23(g)(1)(A) consider:

(i)   the work counsel has done in identifying or investigating potential claims in the action;

(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

*Id.* (citing Fed. R. Civ. P. 23(g)(1)).

As discussed below, each of the relevant Rule 23(g) factors demonstrates that Proposed Interim Co-Lead Counsel, and their law firms are best able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

In addition to the Rule 23(g) factors, this Court has observed that cooperative and inclusive arrangements amongst Plaintiffs' counsel as well as attorney presence in and familiarity with the Eastern District of Pennsylvania are primary considerations in appointing lead counsel. *Nelson*, 2023 WL 2721657, at \*1-\*2. Each of these considerations is satisfied by the proposed leadership team here.

> ### a. Proposed Interim Co-Lead Counsel and Their Law Firms Have Performed Substantial Work in Identifying and Investigating the Claims in This Action

Proposed Interim Co-Lead Counsel and their law firms have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the Data Breach and this litigation. Proposed Interim Co-Lead Counsel and their law firms are familiar with the facts and legal issues in this matter based upon their detailed investigation and as a result of communicating with affected persons potentially impacted by the Data Breach.

Their law firms continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to, the following: (a) reviewing consumer communications concerning the Data Breach; (b) engaging in ongoing communications with putative class members; (c) investigating the scope of the Data Breach's consequences, and Defendants' public response regarding the same; (d) researching potential claims arising from the Data Breach and defenses thereto; (e) preparing and filing separate, detailed complaints; (f) consulting with and retaining a technical expert to determine whether and the extent to which information disclosed during the Data breach has been made available for sale

or otherwise publicized on the dark web; and (g) using their research to begin preparing a detailed, consolidated class action complaint.

Proposed Interim Co-Lead Counsel and their law firms have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue devoting the substantial effort and resources (including the advancement of costs) necessary for advancing Plaintiffs' and class members' claims. The Rule 23(g)(1)(A)(i) factor is satisfied.

> **b. Proposed Interim Co-Lead Counsel and Their Law Firms Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions**

The Rule 23(g)(1)(A)(ii)-(iii) factors are also satisfied. Data privacy cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Proposed Class Counsel and their firms have extensive experience leading and litigating data privacy matters against large corporate defendants such as GEICO, Apple, Google, Zoom, Kroger, Wawa, Rite Aid, Cencora (f/k/a AmerisourceBergen), Fortra, and MOVEit, among others. And they have done so together in other cases. *See, e.g., Reichbart*, No.

2:24-cv-01876, ECF No. 23 (appointing Andrew W. Ferich of AW, Jeff Ostrow of KO, and Charles Shaffer of LSB as three of four interim co-lead class counsel); *Leitermann, et al. v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.) (health information data breach class action where final settlement approval was granted and AW and Milberg were appointed as class counsel); *DiPierro, et al. v. Florida Health Sciences Center, Inc.*, No. 8:23-cv-01864-KKM-NHA (M.D. Fla.) (health information data breach class action where KO law firm is leading for Plaintiffs, and AW is supporting the litigation); *In re: MOVEit Customer Data Security Breach Litigation*, No. 1:23-md-03083 (D. Mass.) (LSB and Milberg appointed to leadership team in multi-district litigation involving a data breach that impacted more than 95 million consumers); *In Re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation*, 2:22-md-03025-MHW-CMV (N.D. Ohio) (where Milberg serves as co-lead class counsel in the multi-district litigation against Procter & Gamble and successfully reached a settlement valued over $10 million);

As demonstrated below, Proposed Interim Co-Lead Counsel and their firms are highly qualified to lead this litigation and should be appointed as interim co-lead class counsel pursuant to Fed. R. Civ. P. 23(g). *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

### i.    *Proposed Interim Co-Lead Counsel*

### Kenneth J. Grunfeld of Kopelowitz Ostrow P.A.[1]

Mr. Grunfeld is one of the more prolific and well-known class action lawyers in Philadelphia. His practice focuses on representing consumers in class actions against

---

[1] KO's firm resume is attached hereto as **Exhibit 1**.

pharmaceutical manufacturers, banks, credits card issuers, and other national corporate defendants. Recently, he has filed and litigated a number of class cases involving data breaches, cybersecurity incidents and privacy matters. He also represents injured people in products liability mass tort matters. His cases have resulted in the recovery of hundreds of millions of dollars for injured individuals. Mr. Grunfeld brings with him a wealth of pre-trial, trial, and appellate work experience in both state and federal courts.

Mr. Grunfeld and Kopelowitz Ostrow (KO) have significant experience in consumer class-action litigation and have held leadership positions in a number of high-profile cases, including in *In re Checking Acct. Overdraft Litig.*, No. 1:09-md-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks. In that matter, U.S. District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, No. 09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013); *see also In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.) (antitrust class action with $85 million recovered to date); *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio); *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) (representing School Boards to recover over $100 million); *In re: Erie COVID-19 Business Interruption Protection Ins. Litig.*, No. 1:21-mc-00001-MRH (W.D. Pa.) (co-lead counsel); *Checchia v. Bank of America, N.A.*, No. 2:21-cv-3585 (E.D. Pa); *Stephen Giercyk v. National Union Fire Insurance Company of Pittsburgh, et al.*, No. 2:13-cv-06272 (D.N.J.); *Rose v. Travelers et al.*, No. 19-977 (E.D. Pa.); *Aughtman v. Yes To Inc. et al.*, No. 2:20-cv-01233-VAP-JPR (C.D. Cal.); *Thompson et al. v. 1-800 Contacts, Inc. et al.*, No. 2:16-cv-01183 (D. Utah).

Mr. Grunfeld and KO are experienced data breach counsel and are litigating over 100 cases around the country. We are currently counsel of record and part of the leadership structure in a number of pending data breach cases, including notable, large-scale cases:

- *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.) (affecting 11 million individuals);

- *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.) (affecting 9 million individuals);

- *In re: Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.) (involving patient health information with 10 defendants and an intricate "hub-and-spoke" relationship); and

- *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (SD. Fla.) (affecting over 3 million individuals).

Other recent appointments to leadership positions in data breach class actions such as this one include: *Opris et al v. Sincera Reproductive Medicine*, No. 2:21-cv-03072 (E.D. Pa.) (co-lead); *Mateo v. Service Employees Int'l Union, Local 32BJ*, No. 004121-22 (Bergen Co., N.J. Sup. Ct.) (Lead Counsel); *Katz et al. v. Einstein Healthcare Network*, No. 02045 (Phila. C.P.) (co-lead); *Harrell v. WebTPA Emp'r Servs., LLC*, No. 3:24-cv-1160 (N.D. Tex.) (2.4 million victims); *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah) (4.3 million victims).

KO has the necessary financial and technological resources to support this litigation. We pride ourselves on practicing competently, ethically, with civility and integrity, and always with the utmost respect for the judiciary and opposing parties. We understand how to efficiently litigate complex cases while submitting technically precise filings with factually and legally supported arguments. In addition, KO has no debt and self-funds all case costs from operating revenue.

Mr. Grunfeld has worked cohesively with the other proposed Interim Co-Lead Class Counsel here in other cases and is honored to support their applications in this case. He is confident that the proposed leadership structure will result in an excellent recovery for our mutual clients.

**<u>Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC</u>**[2]

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chiago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[3] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[4] Law360 recently highlighted Mr. Klinger's work in the privacy space.[5]

He has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re: MOVEit Customer Data Security Breach Litigation*, No. 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, No. 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573,

---

[2] Milberg's firm resume is attached hereto as **Exhibit 2**.

[3] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.

[4]*See*  https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[5] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

4933-9745-5379, v. 1

586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *Flores v. Aon Corp.*, 2023 IL App. (1st) (230140) (where Mr. Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 20-mn-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, No. 2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).[6]

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal

---

[6] Mr. Klinger has also successfully litigated privacy class actions through class certification. *See, e.g.*, *Sewall v. Home Partners Holdings LLC*, No. A23-1662, 2024 WL 64318, at *1 (Minn. Ct. App. Jan. 2, 2024) (denying interlocutory review to an order granting class certification to a class of lessees in a landlord-tenant dispute); *Karpilovsky v. All Web Leads, Inc*., No. 17-cv-1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

4933-9745-5379, v. 1

precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court. [7] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[8]

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[9]

**Charles E. Schaffer of Levin Sedran & Berman**[10]

---

[7] *See* https://milberg.com/precedent-setting-decisions/page/3/.

[8] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. TIMES, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

[9] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

[10] LSB's firm resume is attached hereto as **Exhibit 3**.

Charles E. Schaffer is a Philadelphia native and partner with Levin Sedran & Berman, LLP ("Levin Sedran"), where he has practiced for over two decades and leads the firm's consumer class action and data breach and privacy teams. Levin Sedran is a Philadelphia law firm which has earned recognition as a "class-action powerhouse" due to pioneering the use of class action which resulted in numerous record-breaking recoveries over the last four decades, and as a result, are frequently called upon to lead some of the largest MDLs and complex litigation. *See* Exhibit 3. Mr. Schaffer's stock and trade is leading complex litigation, having been appointed to twenty leadership positions in various MDLs by various district courts across the nation and having served in over forty leadership positions in non-MDL complex litigation. *See generally* Exhibit 3. He has focused his practice representing consumers victimized by defective products, data breaches, and unfair or deceptive practices and helped recover billions of dollars in compensation.[11] Of relevance*,* he has extensive experience representing victims of data breaches and invasion of privacy, including serving in leadership and as class counsel in over twenty-five data breach class actions throughout the country and in this District, many of which include cases involving similar data security issues, data and claims brought in this matter. *See, e.g.*, *In re MOVEit Customer Data Security Breach Litigation*, MDL No. 3083 (D. Mass) (Lead Counsel, financial, health and personal data; this is the largest data breach to date with over 100 million victims' PII and PHI

---

[11] For example, Mr. Schaffer was instrumental in bringing about settlements in *inter alia*, *In re Phillips Recalled CPAP, Bi-Level PAP, Mechanical Ventilator Products Liability Litigation*, MDL No. 3014 (W.D. Pa.)($1.1 billion settlement on behalf of consumers who suffered personal injuries from use of CPAP machine and a $445 million economic loss settlement to compensate consumers and third party payers for payment for the devices); *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (D.S.C.) (common fund settlements on behalf of public water systems with 3M for $10.3 billion and Dupont for $1.19 billion to remove or remediate PFAS from the public water supply); *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No. 1817 (E.D. Pa.) ($815,000,000 nationwide settlement for purchasers of defective shingles*), In re CertainTeed Fiber Cement Siding Litigation*, MDL No. 2270 (E.D. Pa.) ($103.9 million nationwide settlement for purchasers of defective siding). *See also* Exhibit 3.

compromised. Mr. Schaffer was selected as one of five lead counsel after the court reviewed applications and conducted interviews of over 50 applicants.); *In re: AT&T Inc., Customer Data Security Breach Litigation*, MDL No. 3114 (N.D. Tex.) (Plaintiffs' Steering Committee, financial and personal data, to date with over 70 million victims' PII compromised ); *In re Change Healthcare, Inc. Customer Data Security Breach Litigation*, MDL No. 3108 (D. Minn.) (appointed to Plaintiffs' Steering Committee, financial, health and personal data; this is the largest data breach to date with over 100 million victims' PII and PHI compromised); *Holden v. Guardian Analytics, Inc.*, No. 2:23-cv-02156 (D.N.J.) (Lead Counsel, financial and personal data); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-1876 (E.D. Pa.) (Lead Counsel, financial and personal data); *In re: NCB Mgmt. Serv., Inc. Data Breach Litig.*, No. 2:23-cv-01236 (E.D. Pa.) (Liaison counsel, financial and personal data); *Hasson v. Comcast Cable Communications, LLC*, No. 2:23-cv-05039 (E.D. Pa.) (Liaison Counsel, and member of Executive Committee, personal data); *Hulewat v. Medical Management Resource Group LLC*, No. 2:24-cv-00377 (D. Ariz) (Executive Committee, health and personal data); Gambino v. Berry, Dunn, McNeil & Parker, LLC, No. 2:24-cv-00146 (D. Maine) (Executive Committee); *In re: Overby-Seawell Co. Cust. Data Sec. Breach Litig.,* MDL No. 3056 (N.D. Ga) (Executive Committee, financial and personal data); *In re Wawa, Inc., Data Breach Litigation*, No. 19-6019 (E.D. Pa.) (Co-Chair of third-party discovery committee for financial track); *In re: Carrier IQ Consumer Privacy Litigation*, MDL No. 2330 (N.D. Cal.) (Executive Committee, personal data); *In re: Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.) (Executive Committee, financial and credit card data). He is well versed in the factual and legal nuances of data breach cases, having dealt with the key issues that typically recur in data breach class actions i.e., defendants' duty to protect data, Article III standing, and damages.

Mr. Schaffer and his team have been at the forefront of this litigation and took a leadership role helping to organize and inform Plaintiffs' counsel, resulting in the proposal of a self-organized lead counsel structure consisting of the most experienced data privacy lawyers in the country. If appointed, he will continue to help lead and form efficient working groups for the benefit of the putative class. Mr. Schaffer is a demonstrated leader in both the bar and his community, served as a United States Marine, and devotes his time outside of the courtroom to advancing and protecting consumers' and military service members' interests.

### Andrew W. Ferich of Ahdoot & Wolfson, PC.[12]

Andrew W. Ferich joined AW as a partner in 2021 and he has extensive experience serving in leadership and support roles in complex class actions, including some of the highest profile data privacy and consumer class action cases. Mr. Ferich is a leading national data privacy practitioner and his firm, AW, is one of the most recognizable data privacy and consumer class action law firms in the United States. Mr. Ferich is intimately familiar with the legal issues that will be at the center of this medical information data breach litigation, and he will harness his experience in, and knowledge of, this area of law to zealously advocate on behalf of Plaintiffs and the putative class members.

Mr. Ferich is routinely appointed to lead data breach class action lawsuits, including in this Court. He has been appointed to lead and is leading three of the largest data breach class actions in Philadelphia. *See Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01876, ECF No. 23 (E.D. Pa. July 17, 2024) (over 4 million class members); *Bianucci v. Rite Aid Corp.*, No. 2:24-cv-03356, ECF No. 11 (E.D. Pa. Aug. 16, 2024) (Bartle III, J.) (over 2 million class members); *Anaya, et al. v. Cencora, Inc., et al.*, No. 24-2961, ECF No. 75 (E.D. Pa. Sept. 30,

---

[12] AW's firm resume is attached hereto as **Exhibit 4**.

2024) (hub-and-spoke-like data breach involving Cencora f/k/a AmerisourceBergen and numerous of its pharma customer companies, expected to involve millions of class members).

Mr. Ferich also was at the forefront of the highly publicized Accellion FTA data breach litigation announced in late 2020. In two of the Accellion cases, final approval was granted, and Mr. Ferich was appointed as co-lead class counsel. *See Harbour, et al. v. California Health & Wellness Plan, et al.*, No. 5:21-cv-03322 (N.D. Cal.) (Hon. Edward J. Davila) (approved $10 million nationwide class action settlement, that also provided robust injunctive relief); *Cochran, et al. v. The Kroger Co., et al.*, No. 5:21-cv-01887-EJD (N.D. Cal.), ECF No. 115 (approved $5 million nationwide class action settlement, that also provided robust injunctive relief).

Mr. Ferich has served or is serving as appointed class counsel in numerous data privacy and other consumer class actions. Below are a few additional examples of his numerous appointments and results in data privacy class actions:

- *Nelson v. Connexin Software Inc. d/b/a Office Practicum*, No. 2:22-cv-04676-JDW (E.D. Pa.), a pediatric medical information data breach case that has received final approval of a $4 million common fund settlement, where Mr. Ferich is appointed to a Plaintiffs' Steering Committee;

- *Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care*, No. 2:24-cv-01148-MMB (E.D. Pa.), a medical information data breach case where Mr. Ferich was appointed by this Court as one of interim co-lead class counsel;

- *In re Keystone Data Breach Litig.*, No. 1:22-cv-01643-CCC (M.D. Pa.), a health information data breach impacting hundreds of thousands of Pennsylvanians, where Mr. Ferich is appointed as interim co-lead class counsel, and reached a common fund settlement that received final approval in a state court companion case;

- *Pessia, et al. v. Warren General Hospital*, No. 501-23 (Pa. Common Pleas Warren Cty.), a health information data breach impacting nearly 200,000 patients, where Mr. Ferich is appointed as interim co-lead class counsel and preliminary settlement approval is pending;

- *Leitermann, et al v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.), where the district court recently granted approval of a settlement in a medical

privacy matter that included a $3.75 million common fund and appointed Mr. Ferich as class counsel;

- *Smeltz, et al. v. Logan Health, et al.,* No. A-DV-22-0124 (8th Judicial Dist. Ct., Cascade Cty. Mar. 31, 2022), a medical data breach class action where the sensitive information of hundreds of thousands of Montanans was reportedly exposed to cybercriminals. Mr. Ferich, with co-counsel, reached a $4.3 million common fund settlement with the defendant that has received final approval;

- *Lukens v. Utah Imaging Assocs.*, No. 210906618 (Dist. Ct. Salt Lake Cty., Utah), a medical data breach case where Mr. Ferich is appointed one of settlement class counsel and helped establish a settlement fund of $2.1 million for approximately 583,642 victims;

- *Briscoe v. First Financial Credit Union*, No. D-202-CV-2022-02974 (New Mexico 2d Judicial Dist. Ct. Bernalillo Cty.), a financial information data breach class action where final approval of a $1.6 million common fund settlement was recently granted, and Mr. Ferich was appointed co-lead class counsel; and

- *Kesner, et al. v. UMass Mem'l Health Care, Inc.*, No. 2185 CV 01210 (Mass. Super. Ct.), a medical data breach case where the parties agreed to a $1.2 million common fund settlement that has received final approval from the court, and Mr. Ferich is appointed class counsel.

Mr. Ferich is routinely appointed in other, non-privacy class actions. For example, in *Udeen v. Subaru of Am., Inc.*, No. 18-17334 (RBK) (JS) (D.N.J.), Mr. Ferich was co-lead counsel in a class action alleging a defect in Subaru's Starlink infotainment system. The case resulted in a settlement valued at $6.25 million, and the Court commended Mr. Ferich and his co-counsel, noting that the plaintiffs' team "are very skilled and very efficient lawyers . . . . They've done a nice job."; *see also Steinhardt, et al. v. Volkswagen Group of America, Inc., et al.*, No. 3:23-cv-02291-RK-RLS (D.N.J.) (Mr. Ferich is appointed co-lead counsel in lawsuit alleging defective alternator in certain Audi automobiles; final settlement approval was granted); *Cilluffo, et al. v. Subaru of America, Inc., et al.*, No. 1:23-cv-01897-RBK-MJS (D.N.J.) (Mr. Ferich is appointed co-lead counsel in second case against Subaru alleging defective Starlink infotainment systems in certain Subaru vehicles); *Smith, et al. v. VCA Inc., et al.*, No. 2:21-cv-09140-GW-AGR (C.D. Cal.)

(Mr. Ferich is class counsel in approved ERISA class action settlement relating to case alleging excessive recordkeeping and administrative fees, and other fiduciary breaches).

As set forth in more detail in the AW's firm resume, Mr. Ferich and the lawyers at his firm have led and continue to lead many privacy cases, including those involving data privacy (*e.g.,* *Zoom, Ring, GEICO*), data breaches (*e.g.,* *Experian, Premera, Home Depot, OPM, Chipotle, Kroger, loanDepot*), geo-location tracking (*e.g.,* *Google Location History Litigation*), collection and storing of biometric information (*e.g.,* *Google, Shutterfly, Vimeo*), and TCPA violations (*e.g.,* *Hollister, American Eagle*), as well as many other types of consumer class actions (*e.g.,* *Eck*— $295 million class settlement against City of Los Angeles for unlawful utility taxes). Mr. Ferich and AW are well-equipped to lead this matter on behalf of the class.

###### c.    Proposed Interim Co-Lead Counsel Are Committed to Representing and Advancing the Interests of the Class

Proposed Interim Co-Lead Counsel, and their supporting team, are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs. They and their firms have a proven track-record of success leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Co-Lead Counsel have already demonstrated their commitment to this litigation by devoting substantial resources—including retention of a cybersecurity expert—to this litigation and coordinating among themselves to file this leadership proposal.

Just as they have previously done, and as they have done through private ordering here, Proposed Interim Co-Lead Counsel are committed to working cooperatively, inclusively, and efficiently on behalf of Plaintiffs and the proposed class here. As Proposed Interim Co-Lead

Counsel's history of organization shows, they are inclusive, hence the decision to work together with one another across the Related Actions. Their past efforts of inclusion have resulted in a group of attorneys working toward the proper goal—a fair, reasonable, and adequate result. Each of the proposed lead attorneys would be independently qualified to serve as lead class counsel and have significant experience in class actions, including data breach class actions. If additional Related Actions are filed, Proposed Interim Co-Lead Counsel are committed to including them on the counsel team and in the efforts of Plaintiffs' counsel.

In sum, Proposed Interim Co-Lead Counsel are committed to pursuing the best interests of Plaintiffs and the class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms already have made significant investments of resources and time into the prosecution of these claims, and they possess the resources to prosecute this case to a successful resolution and will do so here. The Rule 23(g)(1)(A)(iv) factor is satisfied.

### d.    Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). One consideration here is that Proposed Class Counsel reached a cooperative agreement amongst themselves about the proposed leadership structure. Rather than file competing leadership applications, counsel met and conferred and agreed that it is in the best interest of the Plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the Data Breach against the Rivers Casino defendants. This inclusivity and private ordering reflects a high level of leadership and further supports the requested appointments. MCL, §§ 10.22, 21.272; *Nelson*, 2023 WL 2721657, at *1-*2 (Wolson, J.)

Another consideration is that Proposed Class Counsel include lawyers and law firms with

a Pennsylvania presence. Mr. Grunfeld, Mr. Schaffer and Mr. Ferich (three of the four Proposed Interim Co-Lead Counsel) are career-long Pennsylvania attorneys who long have been admitted to practice in the Commonwealth of Pennsylvania and have practiced in the Eastern District throughout their careers.

The court in *City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-cv-5538, 2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020), highlighted the importance of familiarity with local practice in selecting lead counsel:

> Admission to the bar of [this district] requires and reflects a commitment to practice in this District and to abide by its rules and practices. ... At a practical level, counsel long admitted to this Court, and who plan to continue to practice in this Court, are presumptively steeped in its mores and traditions. That provides the Court some comfort that both those who will appear in Court and those who will operate behind-the-scenes in document production and deposition will adhere to and benefit from familiarity with those traditions. Finally, in terms of the sheer cost that will be charged to the class (in the event of recovery), a significant presence in [this district] for a litigation in [this district] against a [local] defendant matters. This case will be tried in [this district], arguments and motion practice will be in [this district], and presumably many of the depositions will be taken in [this district]. Counsel who are in [this district] will be able to handle those matters without travel.

*Id.* at *7. The presence of Mr. Grunfeld, Mr. Schaffer and Mr. Ferich, who are all Philadelphia-based lawyers on the proposed leadership team, further supports the requested appointments.

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs request the Court grant their motion and enter an order: (1) consolidating the Related Actions pursuant to Fed. R. Civ. P. 42(a) under the caption of the first-filed *Volio* Action, and administratively terminate the *Brady, Brockhoft, Moore*, *Nelson*, *Martin*, and *Hermann* Actions; (2) appointing Kenneth J. Grunfeld of Kopelowitz Ostrow P.A., Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Charles E. Shaffer of

Levin Sedran & Berman, LLP, and Andrew W. Ferich of Ahdoot & Wolfson, PC as interim co-lead class counsel; and (3) setting a deadline for Plaintiffs to file a consolidated complaint within 45 days from entry of an order appointing class counsel.

Dated: January 27, 2025

Kenneth J. Grunfeld (PA I.D. 84121)
**KOPELOWITZ OSTROW P.A.**
65 Overhill Road
Bala Cynwyd, PA 19004
Tel: (954) 525-4100
*grunfeld@kolawyers.com*

Gary M. Klinger*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
Fax: 865-522-0049
*gklinger@milberg.com*

Charles E. Schaffer (PA I.D. 76259)
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: 215-592-4663
*cschaffer@lfsblaw.com*

Andrew W. Ferich (PA I.D. 313696)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel: (310) 474-9111
Fax: (310) 474-8585
*aferich@ahdootwolfson.com*

*Proposed Interim Co-Lead Class Counsel*

**pro hac vice* pending or to be filed

25

### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 27th day of January, 2025, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

Dated: January 27, 2025

_____
Kenneth J. Grunfeld (PA I.D. 84121)
**KOPELOWITZ OSTROW P.A.**

32

# EXHIBIT 1



# FIRM RESUME

One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301

**Telephone:** 954.525.4100
**Facsimile:** 954.525.4300
**Website:** www.kolawyers.com

**Miami  –  Fort Lauderdale  –  Boca Raton**

## OUR
## FIRM

For over two decades, Kopelowitz Ostrow Ferguson Weiselberg Gilbert (KO) has provided comprehensive, results-oriented legal representation to individual, business, and government clients throughout Florida and the rest of the country. KO has the experience and capacity to represent its clients effectively and has the legal resources to address almost any legal need. The firm's 25 attorneys have practiced at several of the nation's largest and most prestigious firms and are skilled in almost all phases of law, including consumer class actions, multidistrict litigation involving mass tort actions, complex commercial litigation, and corporate transactions. In the class action arena, the firm has experience not only representing individual aggrieved consumers, but also defending large institutional clients, including multiple Fortune 100 companies.

## WHO
## WE ARE

The firm has a roster of accomplished attorneys. Clients have an opportunity to work with some of the finest lawyers in Florida and the United States, each one committed to upholding KO's principles of professionalism, integrity, and personal service. Among our roster, you'll find attorneys whose accomplishments include Board Certified in their specialty; serving as in-house counsel for major corporations, as city and county attorneys handling government affairs, and as public defenders and prosecutors; achieving multi-millions of dollars through verdicts and settlements in trials, arbitrations, and alternative dispute resolution procedures; successfully winning appeals at every level in Florida state and federal courts; and serving government in various elected and appointed positions.

KO has the experience and resources necessary to represent large putative classes. The firm's attorneys are not simply litigators, but rather, experienced trial attorneys with the support staff and resources needed to coordinate complex cases.

# CLASS
# ACTION
# **PLAINTIFF**

Since its founding, KO has initiated and served as lead class counsel in dozens of high-profile class actions. Although the actions are diverse by subject area, KO has established itself as one of the leading firms that sue national and regional banks and credit unions related to the unlawful assessment of fees. Their efforts spanning a decade plus have  resulted in recoveries in excess of $500 million and monumental practices changes that have changed the industry and saving clients billions of dollars.

Additionally, other past and current cases have been prosecuted for breaches of insurance policies; data breaches; data privacy; wiretapping; biometric privacy; gambling; false advertising; defective consumer products and vehicles; antitrust violations; and suits on behalf of students against colleges and universities arising out of the COVID-19 pandemic.

The firm has in the past litigated certified and proposed class actions against Blue Cross Blue Shield and United Healthcare related to their improper reimbursements of health insurance benefits.  Other insurance cases include auto insurers failing to pay benefits owed to insureds with total loss vehicle claims. Other class action cases include cases against Microsoft Corporation related to its Xbox 360 gaming platform, ten of the largest oil companies in the world in connection with the destructive propensities of ethanol and its impact on boats, Nationwide Insurance for improper mortgage fee assessments, and several of the nation's largest retailers for deceptive advertising and marketing at their retail outlets and factory stores.

## CLASS ACTION **DEFENSE**

The firm also brings experience in successfully defended many class actions on behalf of banking institutions, mortgage providers and servicers, advertising conglomerates, aircraft manufacturer and U.S. Dept. of Defense contractor, a manufacturer of breast implants, and a national fitness chain.

## MASS TORT **LITIGATION**

The firm also has extensive experience in mass tort litigation, including serving as Lead Counsel in the Zantac Litigation, one of the largest mass torts in history. The firm also has handled cases against 3M related to defective earplugs, several vaginal mash manufacturers, Bayer in connection with its pesticide Roundup, Bausch & Lomb for its Renu with MoistureLoc product, Wyeth Pharmaceuticals related to Prempro, Bayer Corporation related to its birth control pill YAZ, and Howmedica Osteonics Corporation related to the Stryker Rejuvenate and AGB II hip implants. In connection with the foregoing, some of which has been litigated within the multidistrict arena, the firm has obtained tens of millions in recoveries for its clients.

## OTHER AREAS **OF PRACTICE**

In addition to class action and mass tort litigation, the firm has extensive experience in the following practice areas: commercial and general civil litigation, corporate transactions, health law, insurance law, labor and employment law, marital and family law, real estate litigation and transaction, government affairs, receivership, construction law, appellate practice, estate planning, wealth preservation, healthcare provider reimbursement and contractual disputes, white collar and criminal defense, employment contracts, environmental, and alternative dispute resolution.

## FIND US **ONLINE**

To learn more about KO, or any of the firm's other attorneys, please visit www.kolawyers.com.

# CLASS ACTION AND MASS TORTS

## FINANCIAL INSTITUTIONS

*Aseltine v. Bank of America, N.A.*, 3:23-cv-00235 (W.D.N.C.) – Preliminary Approval - $21 million

*McNeil v. Capital One, N.A.*, 1:19-cv-00473 (E.D.N.Y.) – Preliminary Approval - $16 million

*Devore, et al. v. Dollar Bank,* GD-21-008946 (Ct. Common Pleas Allegheny 2024) - $7 million

*Nimsey v. Tinker Federal Credit Union,* C1-2019-6084 (Dist. Ct. Oklahoma 2024) - $5.475 million

*Precision Roofing of N. Fla. Inc., et al. v. CenterState Bank,* 3:20-cv-352 (S.D. Fla. 2023) - $2.65 million

*Checchia v. Bank of America, N.A.*, 2:21-cv-03585 (E.D. Pa. 2023) - $8 million

*Quirk v. Liberty Bank,* X03-HHD-CV20-6132741-S (Jud. Dist. Ct. Hartford 2023) - $1.4 million

*Meier v. Prosperity Bank,* 109569-CV (Dist. Ct. Brazoria 2023) - $1.6 million

*Abercrombie v. TD Bank, N.A.*, 0:21-cv-61376 (S.D. Fla. 2022) - $4.35 million

*Perks, et al. v. TD Bank, N.A.*, 1:18-cv-11176 (E.D.N.Y. 2022) - $41.5 million

*Fallis v. Gate City Bank,* 09-2019-CV-04007 (Dist. Ct., Cty. of Cass, N.D. 2022) - $1.8 million

*Glass, et al. v. Delta Comm. Cred. Union,* 2019CV317322 (Sup. Ct. Fulton Ga. 2022) - $2.8 million

*Roy v. ESL Fed. Credit Union,* 19-cv-06122 (W.D.N.Y. 2022) - $1.9 million

*Wallace v. Wells Fargo,* 17CV317775 (Sup. Ct. Santa Clara 2021) - $10 million

*Doxey v. Community Bank, N.A.*, 8:19-CV-919 (N.D.N.Y. 2021) - $3 million

*Coleman v. Alaska USA Federal Credit Union,* 3:19-cv-0229-HRH (Dist. of Alaska 2021) - $1 million

*Smith v. Fifth Third Bank,* 1:18-cv-00464-DRC-SKB (W.D. Ohio 2021) - $5.2 million

*Lambert v. Navy Federal Credit Union,* 1:19-cv-00103-LO-MSN (S.D. Va. 2021) - $16 million

*Roberts v. Capital One, N.A.*, 16 Civ. 4841 (LGS) (S.D.N.Y 2021) - $17 million

*Lloyd v. Navy Federal Credit Union,* 17-cv-01280-BAS-RBB (S.D. Ca. 2019) - $24.5million

*Farrell v. Bank of America, N.A.*, 3:16-cv-00492-L-WVG (S.D. Ca. 2018) - $66.6 million

*Bodnar v. Bank of America, N.A.*, 5:14-cv-03224-EGS (E.D. Pa. 2015) - $27.5 million

*Morton v. Green Bank,* 11-135-IV (20th Judicial District Tenn. 2018) - $1.5 million

*Hawkins v. First Tenn. Bank,* CT-004085-11 (13th Jud. Dist. Tenn. 2017) - $16.75 million

*Payne v. Old National Bank,* 82C01-1012 (Cir. Ct. Vanderburgh 2016) - $4.75 million

*Swift. v. Bancorpsouth,* 1:10-CV-00090 (N.D. Fla. 2016) - $24.0 million

*Mello v. Susquehanna Bank,* 1:09-MD-02046 (S.D. Fla. 2014) – $3.68 million

*Johnson v. Community Bank,* 3:11-CV-01405 (M.D. Pa. 2013) - $1.5 million

*McKinley v. Great Western Bank,* 1:09-MD-02036 (S.D. Fla. 2013) - $2.2 million

*Blahut v. Harris Bank,* 1:09-MD-02036 (S.D. Fla. 2013) - $9.4 million

*Wolfgeher v. Commerce Bank,* 1:09-MD-02036 (S.D. Fla. 2013) - $18.3 million

*Case v. Bank of Oklahoma,* 09-MD-02036 (S.D. Fla. 2012) - $19.0 million

*Hawthorne v. Umpqua Bank,* 3:11-CV-06700 (N.D. Cal. 2012) - $2.9 million

*Simpson v. Citizens Bank,* 2:12-CV-10267 (E.D. Mich. 2012) - $2.0 million

*Harris v. Associated Bank,* 1:09-MD-02036 (S.D. Fla. 2012) - $13.0 million

*LaCour v. Whitney Bank,* 8:11-CV-1896 (M.D. Fla. 2012) - $6.8 million

*Orallo v. Bank of the West,* 1:09-MD-202036 (S.D. Fla. 2012) - $18.0 million

*Taulava v. Bank of Hawaii,* 11-1-0337-02 (1st Cir. Hawaii 2011) - $9.0 million

## DATA BREACH AND PRIVACY

*In re: Fortra,* MDL No. 3090 (S.D. Fla.) – Co-Lead Counsel

*Crowe, et al. v. Managed Care of North America, Inc.,* 0:23-cv-61065-AHS (S.D. Fla.) – Co-Lead Counsel

*Malinowski, et al. v. IBM Corp. and Johnson & Johnson,* 7:23-cv-08421 (S.D.N.Y.) – Co-Lead Counsel

*Gordon, et al. v. Zeroed-In Technologies, LLC, et al.,* 1:23-CV-03284 (D. Md.) – Co-Lead Counsel

*Harrell, et al. v. Webtpa Employer Services LLC,* 3:24-CV-01158 (N.D. Tex.) - Co-Lead Counsel

*Gambino, et al. v. Berry Dunn Mcneil & Parker LLC,* 2:24-CV-00146 (D. Me.) - Co-Lead Counsel

*Isaac v. Greylock McKinnon Associates, Inc.,* 1:24-CV-10797 (D. Mass.) - Co-Lead Counsel

*Rodriguez, et al. v. Caesars Entertainment, Inc.,* 2:23-CV-01447 (D. Nev.) - Steering Committee Chair

*Owens v. MGM Resorts International,* 2:23-cv-01480-RFB-MDC (D. Nev.) - Executive Committee

*Doyle v. Luxottica of America, Inc.,* 1:20-cv-00908-MRB (S.D. Ohio) - Executive Committee

*Doe, et al. v. Highmark, Inc.,* 2:23-cv-00250-NR (W.D. Penn.) - Executive Committee

*Silvers, et al. v. HCA Healthcare, Inc.,* 1:23-cv-01003-LPH (S.D. In.) - Executive Committee

*In re: 21st Century Oncology,* MDL No. 2737 (M.D. Fla. 2021) - $21.8 million

*In re: CaptureRx Data Breach,* 5:21-cv-00523 (W.D. Tex. 2022) - $4.75 million

*Lopez, et al. v. Volusion, LLC,* 1:20-cv-00761 (W.D. Tex. 2022) - $4.3 million

*Mathis v. Planet Home Lending, LLC,* 3:24-CV-00127 (D. Conn.) - Preliminary Approval - $2.425 million

*Stadnik v. Sovos Compliance, LLC,* 1:23-CV-12100 (D. Mass.) - Preliminary Approval - $3.5 million

*Turner v. Johns Hopkins, et al.,* 24-C-23-002983 (Md. Cir. Ct.) - Preliminary Approval - $2.9 million

*Peterson v. Vivendi Ticketing US LLC,* 2:23-CV-07498 (C.D. Cal.) - Preliminary Approval - $3.25 million

*Katz et al. v. Einstein Healthcare Network,* No. 02045 (Phila C.P.) - $1.6 million

*Opris et al v. Sincera Reproductive Medicine et al,* No. 2:21-cv-03072 (E.D. PA) - $1.2 million

## CONSUMER PROTECTION

*Ostendorf v. Grange Indemnity Ins. Co.,* 2:19-cv-01147-ALM-KAJ (E.D. Ohio 2020) - $12.6 million

*Paris, et al. v. Progressive Select Ins. Co., et al.,* 19-21760-CIV (S.D. Fla. 2023) - $38 million

*Spielman v. USAA, et al.,* 2:19-cv-01359-TJH-MAA (C.D. Ca. 2023) - $3 million

*Walters v. Target Corp.,* 3:16-cv-1678-L-MDD (S.D. Cal. 2020) - $8.2 million

*Papa v. Grieco Ford Fort Lauderdale, LLC,* 18-cv-21897-JEM (S.D. Fla. 2019) - $4.9 million

*In re Disposable Contact Lens Antitrust Litig.,* MDL 2626 (M.D. Fla.) - $88 million

*Vandiver v. MD Billing Ltd.,* 2023LA000728 (18th Jud. Dist. Ill. 2023) - $24 million

*Skrandel v. Costco Wholesale Corp.,* 9:21-cv-80826-BER (S.D. Fla. 2024) - $1.3 million

*Evans v. Church & Dwight Co., Inc.,* 1:22-CV-06301 (N.D. Ill. 2023) - $2.5 million

*In Re: Farm-Raised Salmon & Salmon Prod. Antitrust Litig.,* No. 1:19-cv-21551 (S.D. Fla. 2023) - $75 million

*Perry v. Progressive Michigan, et al.,* 22-000971-CK (Cir. Ct. Washtenaw) - Class Counsel

*In re Apple Simulated Casino-Style Games Litig.,* MDL No. 2958 (N.D. Cal.) - Executive Committee

*In re Google Simulated Casino-Style Games Litig.,* MDL No. 3001 (N.D. Cal.) - Executive Committee

*In re Facebook Simulated Casino-Style Games Litig.,* No. 5:21-cv-02777 (N.D. Cal.) - Exec. Committee

## MASS TORT

*In re Zantac Prods. Liab. Litig.,* MDL No. 2924 (S.D. Fla.) - Co-Lead Counsel

*In re: National Prescription Opiate Litigation,* No. MDL No. 2804 (N.D. Ohio) - $100 million

*In re: Juul Labs,* No. MDL No. 2913 (N.D. Cal.) - $26 million

*In re: Davenport Hotel Building Collapse,* LACE137119 (Dist. Ct. Scott Cty., Iowa) - Class Counsel

*In re: 3M Combat Arms Earplug Prod. Liab. Litig.,* MDL No. 2885 (N.D. Fla.) - Numerous Plaintiffs

*In re: Stryker Prod. Liab. Lit.,* 13-MD-2411 (Fla. Cir Ct.) - Numerous Plaintiffs



# JEFF OSTROW

**Managing Partner**
ostrow@kolawyers.com
954.332.4200

*Bar Admissions*
Florida Bar
District of Columbia Bar

*Court Admissions*
Supreme Court of the United States
U.S. Court of Appeals for the Eleventh Circuit
U.S. Court of Appeals for the Ninth Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Eastern District of Michigan
U.S. District Court, Western District of Tennessee
U.S. District Court, Western District of Wisconsin
U.S. District Court, Western District of Kentucky
U.S. District Court, Northern District of New York
U.S. District Court, District of Colorado
U.S. District Court, Southern District of Indiana
U.S. District Court, Eastern District of Texas
U.S. District Court, District of Nebraska

*Education*
Nova Southeastern University, J.D. - 1997
University of Florida, B.S. – 1994

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. He established his own law practice in 1997 immediately upon graduation from law school and has since grown the firm to 30 attorneys in 3 offices throughout south Florida. In addition to overseeing the firm's day-to-day operations and strategic direction, Mr. Ostrow practices full time in the area of consumer class actions. He is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics, which is the highest possible rating by the most widely recognized attorney rating organization in the world.

Mr. Ostrow is an accomplished trial attorney who has experience representing both Plaintiffs and Defendants. He has successfully tried many cases to verdict involving multi-million-dollar damage claims in state and federal courts. He is currently court-appointed lead counsel and sits on plaintiffs' executive committees in multiple high profile nationwide multi-district litigation actions involving cybersecurity breaches and related privacy issues.

Additionally, he has spent the past 15 years serving as lead counsel in dozens of nationwide and statewide class action lawsuits against many of the world's largest financial institutions in connection  with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $1 billion for tens of millions of bank and credit union customers, as well as monumental changes in the way they assess fees. Those changes have forever revolutionized an industry, resulting in billions of dollars of savings. In addition, Mr. Ostrow has served as lead class counsel in many consumer class actions against some of the world's largest airlines, pharmaceutical companies, clothing retailers, health and auto insurance carriers, technology companies, and oil conglomerates, along with serving as class action defense counsel for some of the largest advertising and marketing agencies in the world, banking institutions, real estate developers, and mortgage companies. A selection of

should also sway any District Court to appoint a qualified broker of his above.

Mr. Ostrow often serves as outside General Counsel to companies, advising them in connection with their legal and regulatory needs. He has represented many Fortune 500® Companies in connection with their Florida litigation. He has handled cases covered by media outlets throughout the country and has been quoted many times on various legal topics in almost every major news publication, including the Wall Street Journal, New York Times, Washington Post, Miami Herald, and Sun-Sentinel. He has also appeared on CNN, ABC, NBC, CBS, Fox, ESPN, and almost every other major national and international television network in connection with his cases, which often involve industry changing litigation or athletes in Olympic swimming, professional boxing, the NFL, NBA and MLB.

Mr. Ostrow received a Bachelor of Science in Business Administration from the University of Florida in 1994 and Juris Doctorate from Nova Southeastern University in 1997. He is a licensed member of The Florida Bar and the District of Columbia Bar, is fully admitted to practice before the U.S. Supreme Court, U.S. Court of Appeals for the Ninth Circuit and Eleventh Circuit, the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, District of Colorado, Southern District of Indiana, Western District of Kentucky, Eastern District of Michigan, Northern District of Illinois, District of Nebraska, Northern District of New York, Western District of Tennessee, Eastern District of Texas, and Western District of Wisconsin. Mr. Ostrow is also member of several bar associations.

In addition to the law practice, he is the founder and president of ProPlayer Sports LLC, a full-service sports agency and marketing firm. He represents both Olympic Gold Medalist Swimmers, World Champion Boxers, and select NFL athletes, and is licensed by both the NFL Players Association as a certified Contract Advisor. At the agency, Mr. Ostrow handles all player-team negotiations of contracts, represents his clients in legal proceedings, negotiates all marketing and NIL engagements, and oversees public relations and crisis management. He has extensive experience in negotiating, mediating, and arbitrating a wide range of issues on behalf of clients with the NFL Players Association, the International Olympic Committee, the United States Olympic Committee, USA Swimming and the World Anti-Doping Agency. He has been an invited sports law guest speaker at New York University and Nova Southeastern University and has also served as a panelist at many industry-related conferences.

He is a lifetime member of the Million Dollar Advocates Forum. The Million Dollar Advocates Forum is the most prestigious group of trial lawyers in the United States. Membership is limited to attorneys who have had multi-million dollar jury verdicts. Additionally, he is consistently named as one of the top lawyers in Florida by Super Lawyers®, a publication that recognizes the best lawyers in each state. Mr. Ostrow is an inaugural recipient of the University of Florida's Warrington College of Business Administration Gator 100 award for the fastest growing University of Florida alumni- owned law firm in the world.

When not practicing law, Mr. Ostrow serves on the Board of Governors of Nova Southeastern University's Wayne Huizenga School of Business and is the Managing Member of One West LOA LLC, a commercial real estate development company with holdings in downtown Fort Lauderdale. He has previously sat on the boards of a national banking institution and a national healthcare marketing company. Mr. Ostrow is a founding board member for the Jorge Nation Foundation, a 501(c)(3) non-profit organization that partners with the Joe DiMaggio Children's Hospital to send children diagnosed with cancer on all-inclusive Dream Trips to destinations of their choice. Mr. Ostrow resides in Fort Lauderdale, Florida, and has 3 sons.



# DAVID FERGUSON

Partner

**Bar Admissions**
The Florida Bar

**Court Admissions**
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida

**Education**
Nova Southeastern University, J.D. - 1993
Nova Southeastern University, B.S. – 1990

**Email: ferguson@kolawyers.com**

David L. Ferguson is an accomplished trial attorney and chairs the firm's litigation department. He routinely leads high stakes litigation across a wide array of practice areas, including, but not limited to, employment law, complex business litigation, class actions, product liability, catastrophic personal injury, civil rights, and regulatory enforcement actions.

Mr. Ferguson is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics, a testament to the fact that his peers (lawyers and judges in the community) have ranked him at the highest level of professional excellence. Mr. Ferguson is well regarded as a formidable advocate in court and for providing creative and insightful strategic advice, particularly in emergency and extremely complex situations.

While in law school, Mr. Ferguson served as a Staff Member of the Nova Law Review. He was also a member of the Moot Court Society and the winner of the Moot Court Intramural Competition.

**Representation of the Broward Sheriff's Office**

Since 2013, Mr. Ferguson has had the privilege of representing the Broward Sheriff's Office ("BSO") in over 150 matters involving many different types of disputes and issues, including: defense of civil rights lawsuits in state and federal court; negotiating collective bargaining agreements with unions; and arbitrations brought by unions or employees subjected to termination or other significant discipline. Mr. Ferguson has had many arbitration final hearings and state and federal jury trials for BSO representing the agency as well as the Sheriff and numerous Deputies individually.

**Class/Mass Actions**

Mr. Ferguson has experience in class actions against large banks and some of the world's largest companies, including technology companies and oil conglomerates.

Additionally, during his career Mr. Ferguson has defended many large companies in MDL's, and mass and class actions, including medical equipment manufacturers, pharmaceutical companies, an aircraft parts and engine manufacturer and defense contractor, nationwide retailers, and a massive sugar manufacturer.

**Large Fraud and Ponzi Cases**

Mr. Ferguson has a great deal of experience litigating cases involving massive fraud claims, most often for victims, but also for select defendants. Mr. Ferguson's clients have included individual victims who have lost multiple millions of dollars in fraud schemes to large businesses with tremendous damages, including one international lending institution with damages in excess of $150 million. Additionally, Mr. Ferguson successfully represented several individuals and entities subjected to significant claims by a receiver and the United States Marshals Service in a massive billion-dollar Ponzi scheme involving a notorious Ft. Lauderdale lawyer and his law firm.

**Regulatory Agency Enforcement Actions**

Mr. Ferguson has extensive experience defending individuals and entities in significant enforcement actions brought by regulatory agencies, including the CFTC, FTC, and SEC.

**Employment, Human Resources, and Related Matters**

Mr. Ferguson has represented numerous business and individuals in employment and human resource related matters. Mr. Ferguson has represented several Fortune 50 companies, including Pratt & Whitney/UTC, Home Depot, and Office Depot in all phases of employment related matters. Mr. Ferguson has litigated virtually every type of discrimination and employment related claim, including claims based upon race, pregnancy, disability, national origin, religion, age, sexual preference, sexual harassment, worker's compensation, unemployment, FMLA leave, FLSA overtime, unpaid wages, whistleblower, and retaliation.

Mr. Ferguson primarily represents companies, but also represents select individuals who have claims against their present or former employers. In addition to the wide variety of employment claims discussed above, as plaintiff's counsel Mr. Ferguson has also handled federal False Claims Act (Qui Tam) and the Foreign Corrupt Practices Act claims brought by individuals.

**Business Disputes**

Throughout his legal career, as counsel for plaintiffs and defendants, Mr. Ferguson has handled a myriad of commercial cases involving all types of business disputes, including claims for breach of partnership agreements, breach of shareholder or limited liability company operating agreements; dissolution of corporations and limited liability companies; appointment of receivers; breaches of fiduciary duty; conversion; constructive trust; theft; negligent or intentional misrepresentation or omissions; fraudulent inducement; tortious interference; professional negligence or malpractice; derivate actions, breach of contract, real estate disputes, and construction disputes.

**Noncompetition and Trade Secret Litigation**

Mr. Ferguson routinely represents companies and individuals in commercial disputes involving unfair and deceptive trade practices, unfair competition and/or tortious interference with contracts or valuable business relationships. Often these cases involve the enforcement of noncompetition agreements and protection of valuable trade secrets. Mr. Ferguson has extensive experience representing businesses seeking to enforce their noncompetition agreements and/or protect trade secrets through suits for injunctive relief and damages and representing subsequent employers and individuals defending against such claims. He has obtained numerous injunctions for his clients and has also successfully defended against them numerous times, including getting injunctions dissolved that were entered against his clients without notice or prior to his representation. Mr. Ferguson has also obtained contempt sanctions and entitlement to punitive damages against individuals and entities who have stolen trade secrets from his clients.



# ROBERT C. GILBERT

Partner

**Bar Admissions**
The Florida Bar
District of Columbia Bar

**Court Admissions**
Supreme Court of the United States
U.S. Court of Appeals for the 11th Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida

**Education**
University of Miami School of Law, J.D. - 1985
Florida International University, B.S. - 1982

**Email:** *gilbert@kolawyers.com*

Robert C. "Bobby" Gilbert has over three decades of experience handling class actions, multidistrict litigation and complex business litigation throughout the United States. He has been appointed lead counsel, co-lead counsel, coordinating counsel or liaison counsel in many federal and state court class actions. Bobby has served as trial counsel in class actions and complex business litigation tried before judges, juries and arbitrators. He has also briefed and argued numerous appeals, including two precedent-setting cases before the Florida Supreme Court.

Bobby was appointed as Plaintiffs' Coordinating Counsel in *In re Checking Account Overdraft Litig.*, MDL 2036, class action litigation brought against many of the nation's largest banks that challenged the banks' internal practice of reordering debit card transactions in a manner designed to maximize the frequency of customer overdrafts. In that role, Bobby managed the large team of lawyers who prosecuted the class actions and served as the plaintiffs' liaison with the Court regarding management and administration of the multidistrict litigation. He also led or participated in settlement negotiations with the banks that resulted in settlements exceeding $1.1 billion, including Bank of America ($410 million), Citizens Financial ($137.5 million), JPMorgan Chase Bank ($110 million), PNC Bank ($90 million), TD Bank ($62 million), U.S. Bank ($55 million), Union Bank ($35 million) and Capital One ($31.7 million).

Bobby has been appointed to leadership positions is numerous other class actions and multidistrict litigation proceedings. He is currently serving as co-lead counsel in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla.), as well as liaison counsel in *In re Disposable Contact Lens Antitrust Litig.*, MDL 2626 (M.D. Fla.); liaison counsel in *In re 21st Century Oncology Customer Data Security Breach Litig.*, MDL 2737 (M.D. Fla.); and *In re Farm-Raised Salmon and Salmon Products Antitrust Litig.*, No. 19-21551 (S.D. Fla.). He previously served as liaison counsel for indirect purchasers in *In re Terazosin Hydrochloride Antitrust Litig.*, MDL 1317 (S.D. Fla.), an antitrust class action that settled for over $74 million.

For the past 18 years, Bobby has represented thousands of Florida homeowners in class actions to recover full compensation under the Florida Constitution based on the Florida Department of Agriculture's taking and destruction of the homeowners' private property. As lead counsel, Bobby argued before the Florida Supreme Court to establish the homeowners' right to pursue their claims; served as trial counsel in non-jury liability trials followed by jury trials that established the amount of full compensation owed to the homeowners for their private property; and handled all appellate proceedings. Bobby's tireless efforts on behalf of the homeowners resulted in judgments exceeding $93 million.

Bobby previously served as an Adjunct Professor at Vanderbilt University Law School, where he co-taught a course on complex litigation in federal courts that focused on multidistrict litigation and class actions. He continues to frequently lecture and make presentations on a variety of topics.

Bobby has served for many years as a trustee of the Greater Miami Jewish Federation and previously served as chairman of the board of the Alexander Muss High School in Israel, and as a trustee of The Miami Foundation.



# JONATHAN M. STREISFELD

Partner

**Bar Admissions**
The Florida Bar

**Court Admissions**
Supreme Court of the United States
U.S. Court of Appeals for the First, Second, Fourth, Fifth Ninth,
and Eleventh Circuits
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Western District of Michigan
U.S. District Court, Western District of New York
U.S. District Court, Western District of Tennessee

**Education**
Nova Southeastern University, J.D. - 1997
Syracuse University, B.S. - 1994

***Email:*** **streisfeld@kolawers.com**

Jonathan M. Streisfeld joined KO as a partner in 2008. Mr. Streisfeld concentrates his practice in the areas of consumer class actions, business litigation, and appeals nationwide. He is a Martindale Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics.

Mr. Streisfeld has vast and successful experience in class action litigation, serving as class counsel in nationwide and statewide consumer class action lawsuits against the nation's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $500,000,000 for tens of millions of bank and credit union customers, as well as profound changes in the way banks assess fees. Additionally, he has and continues to serve as lead and class counsel for consumers in many class actions involving false advertising and pricing, defective products, data breach and privacy, automobile defects, airlines, mortgages, and payday lending. Mr. Streisfeld has also litigated class actions against some of the largest health and automobile insurance carriers and oil conglomerates, and defended class and collective actions in other contexts.

Mr. Streisfeld has represented a variety of businesses and individuals in a broad range of business litigation matters, including contract, fraud, breach of fiduciary duty, intellectual property, real estate, shareholder disputes, wage and hour, and deceptive trade practices claims. He also assists business owners and individuals with documenting contractual relationships and resolving disputes. Mr. Streisfeld has also provided legal representation in bid protest proceedings.

Mr. Streisfeld oversees the firm's appellate and litigation support practice, representing clients in the appeal of final and non-final orders, as well as writs of certiorari, mandamus, and prohibition. His appellate practice includes civil and marital and family law matters.

Previously, Mr. Streisfeld served as outside assistant city attorney for the City of Plantation and Village of Wellington in a broad range of litigation matters. As a member of The Florida Bar, Mr. Streisfeld served for many years on the Executive Council of the Appellate Practice Section and is a past Chair of the Section's Communications Committee. Mr. Streisfeld currently serves as a member of the Board of Temple Kol Ami Emanu-El.

# KEN GRUNFELD

Partner



**Bar Admissions**
The Pennsylvania Bar
The New Jersey Bar

**Court Admissions**
U.S. Court of Appeals for the Third, Fourth, Fifth, Ninth, Tenth and Eleventh Circuits
U.S. District Ct, Eastern District of Pennsylvania
U.S. District Ct, Middle District of Pennsylvania
U.S. District Ct, Western District of Pennsylvania
U.S. District Ct, District of New Jersey
U.S. District Ct, Eastern District of Michigan
U.S. District Ct, Western District of Wisconsin

**Education**
Villanova University School of Law, J.D., 1999
University of Michigan, 1996

**Email: grunfeld@kolawyers.com**

Ken Grunfeld is one of the newest KO partners, having just started working at the firm in 2023. Having worked at one of Philadelphia's largest and most prestigious defense firms for nearly a decade defending pharmaceutical manufacturers, national railroads, asbestos companies and corporate clients in consumer protection, products liability, insurance coverage and other complex commercial disputes while working, Mr. Grunfeld "switched sides" about 15 years ago.

Since then, he has become one of the city's most prolific and well-known Philadelphia class action lawyers. His cases have resulted in the recovery of hundreds of millions of dollars for injured individuals.

Mr. Grunfeld brings with him a wealth of pre-trial, trial, and appellate work experience in both state and federal courts. He has successfully taken many cases to verdict. Currently, he serves as lead counsel in a number of nationwide class actions. Whether by settlement or judgment, Mr. Grunfeld makes sure the offending companies' wrongful practices have been addressed.  He believes the most important part of bringing a wrongdoer to justice is to ensure that it never happens again; class actions can be a true instrument for change if done well.

Mr. Grunfeld has been named a Super Lawyer numerous times throughout his career. He has been a member of the Philadelphia, Pennsylvania, and American Bar Associations, as well as a member of the American Association for Justice (AAJ). He was a Finalist for AAJ's prestigious Trial Lawyer of the Year Award in 2012 and currently serves as AAJ's Vice Chair of the Class Action Law Group. To his strong view that attorneys should act ethically, he volunteers his time as a Hearing Committee Member for the Disciplinary Board of the Supreme Court of Pennsylvania.

Mr. Grunfeld received his undergraduate degree from the University of Michigan. He is an active member of the Michigan Alumni Association, Philadelphia chapter and serves as a Michigan Alumni Student recruiter for local high schools. He received his Juris Doctor from the Villanova University School of Law.  He was a member of the Villanova Law Review and graduated Order of the Coif.

Ken is a life-long Philadelphian. He makes his home in Bala Cynwyd, Pennsylvania, where he resides with his wife, Jennifer, and his year-old twins.

# KRISTEN LAKE CARDOSO
Partner



### Bar Admissions
The Florida Bar
The State Bar of California

### Court Admissions
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Central District of California
U.S. District Court, Eastern District of California
U.S. District Court, Northern District of Illinois
U.S. District Court, Eastern District of Michigan

### Education
Nova Southeastern University, J.D., 2007
University of Florida, B.A., 2004
**Email:** cardoso@kolawyers.com

Kristen Lake Cardoso is a litigation attorney focusing on consumer class actions and complex commercial litigation. She has gained valuable experience representing individuals and businesses in state and federal courts at both the trial and appellate levels in a variety of litigation matters, including contractual claims, violations of consumer protection statutes, fraud, breach of fiduciary duty, negligence, professional liability, real estate claims, enforcement of non-compete agreements, trade secret infringement, shareholder disputes, deceptive trade practices, and other business torts.

Currently, Ms. Cardoso serves as counsel in nationwide and statewide class action lawsuits concerning violations of state consumer protection statutes, false advertising, defective products, data breaches, and breaches of contract. Ms. Cardoso is actively litigating cases against major U.S. airlines for their failure to refund fares following flight cancellations and schedule changes, as well cases against manufacturers for their sale and misleading marketing of products, including defective cosmetics and nutritional supplements. Ms. Cardoso as also represented students seeking reimbursements of tuition, room and board, and other fees paid to their colleges and universities for in-person education, housing, meals, and other services not provided when campuses closed during the COVID-19 pandemic. Additionally, Ms. Cardoso has represented consumers seeking recovery of gambling losses from tech companies that profit from illegal gambling games offered, sold, and distributed on their platforms.

Ms. Cardoso is admitted to practice law throughout the states of Florida and California, as well as in the United States District Courts for the Southern District of Florida, Middle District of Florida, Central District of California, Eastern District of California Northern District of Illinois, and Eastern District of Michigan.

Ms. Cardoso attended the University of Florida, where she received her Bachelor's degree in Political Science, cum laude, and was inducted as a member of Phi Beta Kappa honor society. She received her law degree from Nova Southeastern University, magna cum laude. While in law school, Ms. Cardoso served as an Articles Editor for the Nova Law Review, was on the Dean's List, and was the recipient of a scholarship granted by the Broward County Hispanic Bar Association for her academic achievements. When not practicing law, Ms. Cardoso serves as a volunteer at Saint David Catholic School, including as a member of the school Advisory Board and an executive member of the Faculty Student Association. She has also served on various committees with the Junior League of Greater Fort Lauderdale geared towards improving the local community through leadership and volunteering.

# STEVEN SUKERT
Partner

### Bar Admissions
The Florida Bar
The New York Bar

### Court Admissions
United States District Court, Southern District of Florida
United States District Court, Middle District of Florida
United States District Court, Southern District of New York
United States District Court, Eastern District of New York
United States District Court, Northern District of Illinois
United States District Court, Central District of Illinois

### Education
Georgetown University Law Center, J.D., 20018
Northwestern University, B.S., 2010

### Email: sukert@kolawyers.com

Steven Sukert has experience in all aspects of complex litigation in federal and state court, including drafting successful dispositive motions and appeals, handling discovery, and arguing court hearings. Steven focuses his practice at KO on complex class actions and multi-district litigations in courts around the country, including in data privacy, bank overdraft fee, and other consumer protection cases.

Before joining KO, Steven gained experience at Gunster, Yoakley & Stewart, P.A. in Miami in high-stakes commercial cases often involving trade secret and intellectual property claims, consumer contract claims, and legal malpractice claims, as well as in international arbitrations. Steven co-authored an amicus brief in the Florida Supreme Court case Airbnb, Inc. v. Doe (Case No. SC20-1167), and helped organize the American Bar Association's inaugural International Arbitration Masterclass, in 2021.

Steven was born and raised in Miami. He returned to his home city after law school to clerk for the Honorable James Lawrence King in the U.S. District Court for the Southern District of Florida.

In 2018, Steven earned his J.D. from Georgetown University Law Center. While living in the nation's capital, he worked at the U.S. Department of Labor, Office of the Solicitor, where he won the Gary S. Tell ERISA Litigation Award; the Civil Fraud Section of the U.S Department of Justice, where he worked on large Medicare fraud cases and pioneered the use of the False Claims Act in the context of pharmaceutical manufacturers who engaged in price fixing; and the Lawyers' Committee for Civil Rights Under Law, where his proposal for writing an amicus brief in the Janus v. AFSCME U.S. Supreme Court case was adopted by the organization's board of directors.

Steven has a degree in Molecular Biology from Northwestern University. Prior to his legal career, he worked as a biomedical laboratory researcher at the Diabetes Research Institute in Miami.



# CAROLINE HERTER

Associate

**Bar Admissions**
The Florida Bar

**Court Admissions**
U.S. District Court, Middle District of Florida
U.S. District Court, Southern District of Florida
U.S. Bankruptcy Court, Southern District of Florida

**Education**
University of Miami School of Law, J.D. - 2020
University of Miami, B.S. – 2016

**Email: Herter@kolawyers.com**

Caroline Herter is a litigation attorney at the firm's Fort Lauderdale office. Caroline focuses her practice on consumer class actions, mass torts, and white-collar commercial litigation in state and federal courts nationwide. She has gained valuable experience representing individuals and businesses to hold wrongdoers accountable through claims involving personal injury, wrongful death, consumer fraud, products liability, breach of fiduciary duty, civil theft/conversion, corporate veil-piercing, fraudulent transfer, tortious interference, False Claims Act violations, and the like.

Before joining KO, Caroline worked at a boutique law firm in Miami where she represented plaintiffs in matters involving creditor's rights, insolvency, and asset recovery. She now applies this experience throughout her practice at KO, often combining equitable remedies with legal claims to ensure the best chance of recovery for her clients.

Notable cases that Caroline has been involved in include *In Re: Champlain Towers South Collapse Litigation*, where she was a member of the team serving as lead counsel for the families of the 98 individuals who lost their lives in the tragic condominium collapse. The case resulted in over $1 billion recovered for class members, the second-largest settlement in Florida history. She also co-authored a successful petition for certiorari to the United States Supreme Court in *Olhausen v. Arriva Medical, LLC et al.*, a False Claims Act case involving the standard for determining a defendant's scienter, which led the high Court to reverse the Eleventh Circuit Court of Appeal's earlier ruling against her client.

Caroline earned her law degree from the University of Miami School of Law, summa cum laude, where she received awards for the highest grade in multiple courses. During law school Caroline was an editor of the University of Miami Law Review and a member of the Moot Court Board.

Outside of her law practice, Caroline serves on the Board of Directors of the non-profit organization Americans for Immigrant Justice.

# EXHIBIT 2



# FIRM RESUME /

# BIOGRAPHY OF GARY M. KLINGER



Milberg Coleman Bryson Phillips Grossman ("Milberg") is an AV-rated international law firm with more than 100 attorneys and offices across the United States, the European Union, and South America. Combining decades of experience, Milberg was established through the merger of Milberg Phillips Grossman LLP, Sanders Phillips Grossman LLC, Greg Coleman Law PC, and Whitfield Bryson LLP.

Milberg prides itself on providing thoughtful and knowledgeable legal services to clients worldwide across multiple practice areas. The firm represents plaintiffs in the areas of antitrust, securities, financial fraud, consumer protection, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, and cyber law and security.

For over 50 years, Milberg and its affiliates have been protecting victims' rights. We have recovered over $50 billion for our clients. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride ourselves on providing stellar service to our clients. We have repeatedly been recognized as leaders in the plaintiffs' bar and appointed to numerous leadership roles in prominent national mass torts and class actions.

> *Milberg challenges corporate wrongdoing through class action, mass tort, consumer and shareholder right services, both domestically and globally.*

In the United States, Milberg currently holds more than 100 court-appointed full- and co-leadership positions in state and federal courts across the country. Our firm has offices in California, Chicago, Florida, Georgia, Illinois, Kentucky, Louisiana, Mississippi, New Jersey, New York, North Carolina, South Carolina, Tennessee, Washington, Washington D.C., and Puerto Rico. Milberg's commitment to its clients reaches beyond the United States, litigating antitrust, securities, and consumer fraud actions in Europe and South America, with offices located in the United Kingdom, and the Netherlands. Milberg prides itself on providing excellent service worldwide.

The firm's lawyers have been regularly recognized as leaders in the plaintiffs' bar by the National Law Journal, Legal 500, Chambers USA, Time Magazine, Lawdragon, and Super Lawyers, among others.

> *"A powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."*
> – THE NEW YORK TIMES

# PRACTICE AREAS

## SECURITIES FRAUD

Milberg pioneered the use of class action lawsuits to litigate claims involving investment products, securities, and the banking industry. Fifty years ago, the firm set the standard for case theories, organization, discovery, methods of settlement, and amounts recovered for clients. Milberg remains among the most influential securities litigators in the United States and internationally.

Milberg and its attorneys were appointed Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases throughout its history.

## ANTITRUST & COMPETITION LAW

For over fifty years, Milberg's Antitrust Practice Group has prosecuted complex antitrust class actions against defendants in the healthcare, technology, agriculture, and manufacturing industries engaged in price-fixing, monopolization and other violations of antitrust law and trade restraints.

## FINANCIAL LITIGATION

For over fifty years, Milberg's Antitrust Practice Group has prosecuted complex antitrust class actions against defendants in the healthcare, technology, agriculture, and manufacturing industries engaged in price-fixing, monopolization and other violations of antitrust law and trade restraints.

## CONSUMER PROTECTION

Milberg's Consumer Protection Practice Group focuses on improving product safety and protecting those who have fallen victim to deceptive marketing and advertising of goods and services and/or purchased defective products. Milberg attorneys have served as Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases alleging the sale of defective products, improper marketing of products, and violations of consumer protection statutes.

## DANGEROUS DRUGS & DEVICES

Milberg is a nationally renowned firm in mass torts, fighting some of the largest, wealthiest, and most influential pharmaceutical and device companies and corporate entities in the world. Our experienced team of attorneys has led or co-led numerous multidistrict litigations of defective drugs and medical devices.

## EMPLOYMENT & CIVIL RIGHTS

Milberg's Employment & Civil Rights attorneys focus on class actions and individual cases nationwide arising from discriminatory banking and housing practices, unpaid wages and sales commissions, improperly managed retirement benefits, workplace discrimination, and wrongful termination.

## ENVIRONMENTAL LITIGATION & TOXIC TORTS

Milberg's Environmental Litigation & Toxic Torts Practice Group focuses on representing clients in mass torts, class actions, multi-district litigation, regulatory enforcement, citizen suits, and other complex environmental and toxic tort matters. Milberg and its attorneys have held leadership roles in all facets of litigation in coordinated proceedings, with a particular focus on developing the building blocks to establish general causation, which is often the most difficult obstacle in an environmental or toxic tort case.

## STATE & LOCAL GOVERNMENTS

Milberg attorneys are dedicated to defending the Constitutional and statutory rights of individuals and businesses that are subjected to unlawful government exactions and fees by state and local governments or bodies.

## CYBERSECURITY & DATA PRIVACY

Milberg is a leader in the fields of cyber security, data breach litigation, and biometric data collection, litigating on behalf of clients — both large and small — to change data security practices so that large corporations respect and safeguard consumers' personal data.

## APPELLATE

Consisting of former appellate judges, experienced appellate advocates, and former law clerks who understand how best to present compelling arguments to judges on appeal and secure justice for our clients beyond the trial courts, Milberg's Appellate Practice Group boasts an impressive record of success on appeal in both state and federal courts.

# LEADERSHIP ROLES

In re: Google Play Consumer Antitrust Litigation

In re: Elmiron (Pentosan Polysulfate Sodium) Products Liability Litigation

In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices & Products Liability Litigation

In re: Blackbaud Inc., Customer Data Breach Litigation

In re: Paragard IUD Products Liability Litigation

In re: Seresto Flea & Tick Collar, Marketing Sales Practices & Product Liability Litigation

In re: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation

In re: Allergan Biocell Textured Breast Implant Products Liability Litigation

In re: Zicam Cold Remedy Marketing, Sales Practices and Products Liability Litigation

In re: Guidant Corp. Implantable Defibrillators Product Liability Litigation

In re: Ortho Evra Products Liability Litigation

In re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation

In re: Kugel Mesh Hernia Patch Products Liability Litigation

In re: Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation

In re: Stand 'N Seal Products Liability Litigation

In re: Chantix (Varenicline) Products Liability Litigation

In re: Fosamax (alendronate Sodium) Products Liability Litigation

In re: Benicar (Olmesartan) Products Liability Litigation

In re: Onglyza (Saxagliptin) & Kombiglyze Xr (Saxagliptin & Metformin) Products Liability Litigation

In re: Risperdal and Invega Product Liability Cases

In re: Mirena IUS Levonorgestrel-Related Products Liability Litigation

In re: Incretin-based Therapies Product Liability Litigation

In re: Reglan/Metoclopromide

In re: Levaquin Products Liability Litigation

In re: Zimmer Nexgen Knee Implant Products Liability Litigation

In re: Fresenius Granuflo/NaturaLyte Dialysate Products Liability Litigation

In re: Propecia (Finasteride) Products Liability Litigation

In re: Transvaginal Mesh (In Re C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation; In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation; In Re Boston Scientific, Inc., Pelvic Repair System Products Liability; In Re American Medical Systems, Pelvic Repair System Products Liability, and others)

In re: Fluoroquinolone Product Liability Litigation

In re: Depuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation

In re: Recalled Abbott Infant Formula Products Liability Litigation

Home Depot, U.S.A., Inc. v. Jackson

Webb v. Injured Workers Pharmacy, LLC

# NOTABLE RECOVERIES

### $4 Billion Settlement

In re: Prudential Insurance Co. Sales Practice Litigation

### $3.2 Billion Settlement

In re: Tyco International Ltd., Securities Litigation

### $1.14 Billion Settlement

In Re: Nortel Networks Corp. Securities Litigation

### $1 Billion-plus Trial Verdict

Vivendi Universal, S.A. Securities Litigation

### $1 Billion Settlement

NASDAQ Market-Makers Antitrust Litigation

### $1 Billion Settlement

W.R. Grace & Co.

### $1 Billion-plus Settlement

Merck & Co., Inc. Securities Litigation

### $775 Million Settlement

Washington Public Power Supply System Securities Litigation

### $586 Million Settlement

In re: Initial Public Offering Securities Litigation

# GARY M. KLINGER

**Gary M. Klinger** is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[1] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[2] Law360 recently highlighted Mr. Klinger's work in the privacy space.[3]

Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country.[4] Mr. Klinger and his firm are largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space.[5] Mr. Klinger has also successfully litigated privacy class actions through class certification. *E.g., Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018).

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than one hundred (100) class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include:

- *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action);

- *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action);

- *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).

---

[1] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.

[2] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[3] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

[4] See, e.g., *Isiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JDE (C.D. Cal.) (where Mr. Klinger is co-lead counsel in a data breach involving more than 17 million consumers); *In re MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).

[5] *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

# LOCATIONS

### PUERTO RICO
1311 Avenida Juan Ponce de León
San Juan, Puerto Rico 00907

### CALIFORNIA
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212

402 West Broadway, Suite 1760
San Diego, California 92101

### FLORIDA
201 Sevilla Avenue, Suite 200,
Coral Gables, Florida 33134

3833 Central Avenue
St. Petersburg, Florida 33713

### ILLINOIS
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606

### LOUISIANA
5301 Canal Boulevard
New Orleans, Louisiana 70124

### MICHIGAN
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301

### NEW JERSEY
1 Bridge Plaza North, Suite 675
Fort Lee, New Jersey 07024

### NEW YORK
100 Garden City Plaza, Suite 500
Garden City, New York 11530

405 E 50th Street
New York, New York 10022

### NORTH CAROLINA
900 West Morgan Street
Raleigh, North Carolina 27603

5 West Hargett Street, Suite 812
Raleigh, North Carolina 27601

### SOUTH CAROLINA
825 Lowcountry Blvd, Suite 101
Mount Pleasant, South Carolina 29464

### TENNESSEE
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

### WASHINGTON
1420 Fifth Ave, Suite 2200
Seattle, Washington 98101

17410 133rd Avenue, Suite 301
Woodinville, Washington 98072

### WASHINGTON, D.C.
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015

### NETHERLANDS

### UNITED KINGDOM



# EXHIBIT 3

## LEVIN SEDRAN & BERMAN
— ATTORNEYS AT LAW —

Levin Sedran & Berman LLP is a Philadelphia law firm with a national reputation for superior client service and results representing clients in cases pending both in the Philadelphia area and across the nation. Through almost 40 years of serving our clients, our attorneys have gained national recognition for their experience and skill and are frequently called upon to lead some of the largest class actions, mass torts, complex litigation and antitrust cases in the nation. Our stock-and-trade is the litigation of technically complex cases, usually pending before an assigned MDL court. We have been appointed lead counsel or to other leadership positions in hundreds of cases, including more than forty MDLs, and are presently serving or have served in such positions in several of the largest and technically complex class actions nationwide. We regularly appear in federal courts throughout the country. *See, e.g.*, *In re: Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (Lead Counsel); *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (Plaintiffs Steering Committee and Subclass Counsel for Settlement); *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee as well as having been on a discovery team); *In re: Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D.N.Y.) (Co-Lead Counsel); *In re: Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: Apple Inc. Device Performance Litigation*, MDL 2827 (N.D. Cal.) (Plaintiffs' Executive Committee); and *In re: Intel Corp. CPU Marketing Sales Practices and Products Liability* Litigation, MDL 2828 (D. Or.) (Plaintiffs' Executive Committee to represent the interests of governmental entities). Our firm's philosophy from leading and prosecuting complex class actions for over three decades is to efficiently, vigorously and zealously prosecute the action on behalf of our clients and the class. We become experts in the facts of the case, law, and science and assemble a team committed to doing the same.

Our firm has earned rankings published in the U. S. News and World Report for Best Law Firms, as a Tier I law firm for class-actions, personal injury and mass tort cases. The firm was also named to THE NATIONAL LAW JOURNAL's insurance list of *America's Elite Trial Lawyers* in 2014. Members of the firm are listed in the LEGAL 500, LAW DRAGON 500, Martindale Hubbell's *Directory of Preeminent Attorneys*, "Best Lawyers in America", and the National Trial Lawyers Top 100 Trial Lawyers.

We have pioneered the use of class actions and mass actions in the United States with our work resulting not only in numerous record-breaking recoveries but also pioneering novel results over the nearly four decades we have been specializing in this practice area of the law. A few examples include:

- *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (Levin Sedran & Berman as member of Executive Committee and Lead Trial Counsel obtained a certification of a nationwide class and

settlement on behalf of school districts that included pioneering the 50-state analysis of the law to meet class certification requirements);

- *In re: Three Mile Island Litigation*, No. 79-0432 (M.D. Pa.) (Levin Sedran & Berman as a member of Executive Committee that obtained a settlement that included the establishment of a medical monitoring fund);

- *In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (Levin Sedran & Berman as Liaison and Co-Lead Counsel obtained a $6.75 billion-dollar settlement on behalf of consumers who ingested Fen-Phen);[1]

- *In re: The Exxon Valdez*, No. 89-00095 (D. Alaska) (Levin Sedran & Berman as a member of the Trial and Discovery Committee and represented fishermen, native corporations, native villages, native claims and business claims in this mass tort involving the massive oil spill in Alaska. The firm's assistance in the litigation helped the Plaintiffs obtain a judgment of $5 billion in punitive damages - at the time the largest punitive damage verdict in U.S. history. (Later reduced to $507.5 million by the U.S. Supreme Court);

- *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.) (Levin Sedran & Berman as Lead Counsel obtained inter-related settlements involving various suppliers, builders, installers, insurers and manufacturers of Chinese drywall with a value that exceeds $1 billion dollars);

- *In re: The Vioxx Product Liability Litigation*, MDL No. 1657 (E.D. La.) (As a member of the PSC and Plaintiffs' Negotiating Committee, Levin Sedran & Berman was instrumental in achieving a $4.85 billion-dollar settlement on behalf of consumers who ingested Vioxx);

- *In re: Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D.N.Y.) (As Co-Lead Counsel in the decade long air cargo antitrust litigation Levin Sedran & Berman obtained 28 inter-related settlements against air cargo service providers totaling $1.2 billion dollars);

- *Galanti v. The Goodyear Tire and Rubber Co. ("Entran II")*, No. 03-209 (D.N.J.) (As a member of the Executive Committee Levin

---

[1] That prolix settlement has received favorable comments by academia. *See* Nagareda, R., "Autonomy, Peace, and 'Put' Options in the Mass Tort Class Action, "115 Harv. L. Rev. 747, 756 (2002).

Sedran & Berman was instrumental in negotiating and achieving the creation of a common fund in the amount of $344 million); and

- *In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323 (E.D. Pa.) (Levin Sedran & Berman as Subclass Counsel working along with Lead Counsel obtained an uncapped settlement having a value that exceeds $1 billion dollars on behalf of NFL football players).

Frequently, the firm was specifically recognized by a court that is presiding over a matter for its work product and success in handling technical complex class-action cases. Examples of courts favorably commenting on the quality of the firm's work include:

- In *In re: Three Mile Island Litigation*, 557 F. Supp. 96 (M.D. Pa. 1982) Judge Rambo favorably acknowledged the quality of the work of Levin Sedran & Berman in her opinion.

- In the *Lazy Oil Co. v. Witco Corp.*, No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel) ("[t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation. As such, Class Counsel brought considerable resources to the Plaintiffs' cause. The Court has had the opportunity to observe Class Counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of the litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause.")

- In *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.) (Plaintiffs' Lead Counsel) ("the Court also finds that the standing and expertise of counsel for [plaintiffs] is noteworthy. First class counsel is of high caliber and most PLC members have extensive national experience and similar class-action litigation.")

- In *In re: Consumer Bags Antitrust Litigation*, No. 77-1516 (E.D. Pa.) (Plaintiffs' Lead Counsel) ("Each of the firms and the individual lawyers in this case have extensive experience in large, complex antitrust and securities litigation." Furthermore, the Court notes that the quality of the legal services rendered was of the highest caliber.)

- In *In re: Diet Drugs Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel) (Court recognized "the 'remarkable contribution' from Levin Sedran & Berman in the

creation of the largest nationwide personal injury settlement to date")

- In *In re: Summers v. Abraham Lincoln Savings and Loan Association*, 66 F.R.D. 581, 589 (E.D. Pa.) ("There is no question that Plaintiff's counsel is experienced in the conduct of the class action . . . .")

We regularly prosecute multi-state consumer class actions involving technically complex issues in representing victims of defective products, unfair trade practices, data breaches, privacy security breaches and other complex cases involving computers, phones, devices and source code. Aside from the cases cited above, reference is made to: *In re: CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No. 1817 (E.D. Pa.), *In re: CertainTeed Fiber Cement Siding Litigation*, MDL No. 2270 (E.D. Pa.), *Pollard v. Remington Arms Company*, No. 4:13-CV-00086-ODS (W.D. Mo.), *In re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation*, MDL 2828 (D. Or.). and *In re: Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Cal.).

Relating to data breach and privacy cases, the firm has served as a member of the Executive Committee *in In re: Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.) ($39 million settlement value for plaintiff financial institutions), where they were instrumental in working with experts and discovery including establishing the proper standard of care and calculation of damages to all victims (consumer and financial institutions) and serve as Co-Lead Counsel in *Green v. Accolade, Inc.*, 2:18-cv-00274 (E.D. Pa.) (where an employer breached its employees' PII information). The firm's data breach litigation experience also includes its leadership roles in: *Kuss v. American Home Patient, Inc. et. el.*, 8:18 -cv-0248 (M.D. Fl.) (where laptops were stolen and patient's medical information breached); *Abdelmessih v. Five Below, Inc.*, 2:19-cv-01487 (E.D. Pa.) (where retailer breached customers' PII information stored electronically); *Bryd v. Aaron's Inc.*, No. 11-101 (W.D. Pa.) (where defendant placed spyware on rental computers); *Peterson v. Aaron's Inc.*, No. 1-14-cv-1919 (N.D. Ga.) (where defendant placed spyware on rental computers) and on the Executive Committee in *Harris, et. el.* v. *Lord and Taylor, LLC*, 18-cv-00521 (D.Del.) (where retailer breached customers' PII information stored electronically); *Kyler v Saks Incorporated*, 18-cv-00360 (M.D. Tn.) (where retailer breached customers' PII information stored electronically) and *In re: Carrier IQ, Inc., Consumer Privacy Litigation*, No. 12-md-1330 (N.D. Cal.) (where defendant placed software on mobile devices).

More recently the firm obtained certification of cases *inter alia* in *Helmer v. The Goodyear Tire and Rubber Co. ("Entran III")*, No. 12-00685 (D. Colo.) (certification of a liability only class on behalf of purchasers of radiant floor heating and then tried the issue of liability to a jury); *In re: Dial Complete Marketing and Sales Practices Litigation*, MDL No. 2263 (D.N.H.) (certification of multi state class action on behalf of purchasers of Dial Complete Anti-Bacterial Soap); *In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation*, MDL No. 2382 (E.D. MS.) (certification of a national class action on behalf of purchasers of wet/dry vacs) and *Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-TEH (N.D. Cal.) (certification of a multi-state class action including California on behalf of purchasers of bamboo flooring)

4

The firm willingly takes cases through years of discovery and motion practice and settles only if the case is positioned for consumers to obtain real and meaningful benefits and relief. And, unlike many class action firms, Levin Sedran & Berman also takes cases to trial. In lead roles and as members of litigation teams, Levin Sedran & Berman did so in *In re: Chinese-Manufactured Drywall Product Liability Litigation, In re: The Exxon Valdez, Entran III and MDL - 2592 Xarelto Products Liability Litigation* (part of trial team of coordinated cases in the Philadelphia Mass Tort Program).

More specifics about many of the accomplishments of the attorneys of Levin Sedran & Berman are set forth below in the biographies of the individual attorneys of the firm.

5

## THE FIRM'S PRINCIPAL LAWYERS

**ARNOLD LEVIN**
*Founding Member, In Memoriam (1939 – 2024)*



ARNOLD LEVIN graduated from Temple University, B.S., in 1961, with Honors and Temple Law School, LLB, in 1964. He was Articles Editor of the Temple Law Quarterly. He served as a Captain in the United States Army (MPC). He was a member of the Philadelphia, Pennsylvania, American and International Bar Associations. He was a member of the Philadelphia Trial Lawyers Association, Pennsylvania Trial Lawyers Association and the Association of Trial Lawyers of America. He was admitted to the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Middle District of Pennsylvania, the Third, Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Circuit Courts of Appeals and the United States Supreme Court. He has appeared pro hac vice in various federal and state courts throughout the United States. He has lectured on class actions, environmental, antitrust and tort litigation for the Pennsylvania Bar Institute, the Philadelphia Trial Lawyers Association, the Pennsylvania Trial Lawyers Association, The Association of Trial Lawyers of America, The Belli Seminars, the Philadelphia Bar Association, American Bar Association, the New York Law Journal Press, and the ABA-ALI London Presentations.

Mr. Levin was a past Chairman of the Commercial Litigation Section of the Association of Trial Lawyers of America and was co-chairman of the Antitrust Section of the Pennsylvania Trial Lawyers Association. He was a member of the Pennsylvania Trial Lawyers Consultation Committee, Class Action Section, a fellow of the Roscoe Pound Foundation and past Vice-Chairman of the Maritime Insurance Law Committee of the American Bar Association. He was also a fellow of the International Society of Barristers and chosen by his peers to be listed in Best Lawyers of America. He has been recognized as one of 500 leading lawyers in America by Law Dragon and The Legal 500 USA. U.S. News and World Report has designated Levin Sedran & Berman as one of the top 22 national plaintiffs' firms in mass torts and complex litigation. In addition, he has been further recognized as one of the top 100 trial lawyers by The National Trial Lawyers Association. He was also named to the National Law Journal's Inaugural List of America's Elite Trial Lawyers. He also had an "av" rating in Martindale-Hubbell and was listed in Martindale-Hubbell's Register of Preeminent Lawyers.

Mr. Levin was on the Executive Committee as well as various other committees and Lead Trial Counsel in the case of *In re: Asbestos School Litigation*, No. 83-0268 (E.D. Pa.), which was certified as a nationwide class action on behalf of all school districts. Mr. Levin was also on the Plaintiffs' Steering Committee in *In re: Copley Pharmaceutical, Inc., "Albuterol" Products Liability Litigation*, MDL 1013 (D. Wyoming); *In re: Norplant Contraceptive Products Liability*

*Litigation*, MDL 1038 (E.D. Tex.); and *In re: Telectronics Pacing Systems, Inc., Accufix Atrial "J" Lead Products Liability Litigation*, MDL 1057 (S.D. Ohio).

Mr. Levin was appointed by the Honorable Sam J. Pointer as a member of the Plaintiffs' Steering Committee in the *Silicone Gel Breast Implants Products Liability Litigation*, No. CV-92-P-10000-S, MDL 926 (N.D. Ala.). The Honorable Louis L. Bechtle appointed Mr. Levin as Co-Lead Counsel of the Plaintiffs' Legal Committee and Liaison Counsel in *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.). Mr. Levin also served as Co-Chair of the Plaintiffs' Management Committee, Liaison Counsel, and Class Counsel in *In re: Diet Drugs Litigation*, MDL 1203 (E.D. Pa.). He was also a member of a four lawyer Executive Committee in *In re: Rezulin Products Liability Litigation*, MDL No. 1348 (S.D.N.Y.) and was a member of a seven-person Steering Committee in *In re: Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La.). He was Chair of the State Liaison Committee in *In re: Phenylpropanolamine (PPA) Products Liability Litigation*, **MDL** 1407 (W.D. Wash.); and was a member of the Plaintiffs' Steering Committee and Plaintiffs' Negotiating Committee in *In re: Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.) and the Court approved Medical Monitoring Committee in *In re: Human Tissue Products Liability Litigation*, MDL No. 1763 (D.N.J.). He was Plaintiffs' Lead Counsel, Class Counsel and Co-Chair of the Fee Committee in *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.). He was Plaintiffs' Liaison Counsel in *In re: CertainTeed Corp. Roofing Shingles Products Liability Litigation*, MDL No. 1817 (E.D. Pa.). He was a member of the Plaintiffs' Steering Committee in *In re: National Football League Players' Concussion Litigation*, MDL No. 2323 (E.D. Pa.) and was appointed as Subclass Counsel for Subclass 1 in the NFL Concussion Class Action Settlement. Mr. Levin was a member of the Plaintiffs' Steering Committee in *In re: Pool Products Distribution Market Antitrust Litigation*, MDL 2328 (E.D. La.); *In re: Testosterone Replacement Therapy Products Liability Litigation*, MDL 2545 (N.D. Ill.); *In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL 2342 (E.D. Pa.); and *In re: Yasmin and Yaz Marketing, Sales Practices and Relevant Products Liability Litigation*, MDL 2100 (S.D. Ill.). He was a member of Plaintiffs' Executive Committee in *In re: Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation*, MDL 2428 (D. Mass). Mr. Levin was appointed by the Honorable Carl J. Barbier to serve as Special Counsel to the Plaintiffs' Fee and Cost Committee in the BP Oil Spill Litigation, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.).

Mr. Levin was also a member of the Trial and Discovery Committees in the *Exxon Valdez Oil Spill Litigation*, No. 89-095 (D. Alaska) In addition, Mr. Levin was Lead Counsel in the prosecution of individual fishing permit holders, native corporations, native villages, native claims and business claims.

**HOWARD J. SEDRAN**
*Founding Member (1982 through 2017)*



HOWARD J. SEDRAN was a founding member of the firm from 1982 through December, 2017. Effective January, 2018, Mr. Sedran became Of-Counsel to the firm. Mr. Sedran graduated cum laude from the University of Miami School of Law in 1976. He was a law clerk to United States District Court Judge, C. Clyde Atkins, of the Southern District of Florida from 1976-1977. He is a member of the Florida, District of Columbia and Pennsylvania bars and is admitted to practice in various federal district and appellate courts. From 1977 to 1981, he was an associate at the Washington, D.C. firm of Howrey & Simon which specializes in antitrust and complex litigation. During that period he worked on the following antitrust class actions: *In re: Uranium Antitrust Litigation*; *In re: Fine Paper Antitrust Litigation*; *Bogosian v. Gulf Oil Corporation*; *FTC v. Exxon*; and *In re: Petroleum Products Antitrust Litigation*.

In 1982, Mr. Sedran joined the firm and has continued to practice in the areas of environmental, securities, antitrust and other complex litigation. Mr. Sedran also has extensive trial experience. In the area of environmental law, Mr. Sedran was responsible for the first certified "Superfund" class action.

As a result of his work in an environmental case in Missouri, Mr. Sedran was nominated to receive the Missouri Bar Foundation's outstanding young trial lawyer's award, the Lon Hocker Award.

Mr. Sedran has also actively participated in the following actions: *In re: Dun & Bradstreet Credit Services Customer Litigation*, Civil Action Nos. C-1-89-026, C-1-89-051, 89-2245, 89-3994, 89-408 (S.D. Ohio); *Raymond F. Wehner v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.); *Harold A. Andre v. Syntex Agribusiness, Inc.*, Cause No. 832-05432 (Cir. Ct. of St. Louis, Mo.); *In re: Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.); *In re: North Atlantic Air Travel Antitrust Litigation*, No. 84-1013 (D.D.C.); *Jaroslawicz v. Engelhard Corp.*, No. 84-3641 (D.N.J.); *Gentry v. C & D Oil Co.*, 102 F.R.D. 490 (W.D. Ark. 1984); *In re: EPIC Limited Partnership Securities Litigation*, Nos. 85-5036, 85-5059 (E.D. Pa.); *Rowther v. Merrill Lynch*, No. 85-Civ-3146 (S.D.N.Y.); *In re: Hops Antitrust Litigation*, No. 84-4112 (E.D. Pa.); *In re: Rope Antitrust Litigation*, No. 85-0218 (M.D. Pa.); *In re: Asbestos School Litigation*, No. 83-0268 (E.D. Pa.); *In re: Catfish Antitrust Litigation*, MDL 928 (Plaintiffs' Executive Committee); *In re: Carbon Dioxide Antitrust Litigation*, MDL 940 (N.D. Miss.) (Plaintiffs' Executive Committee); *In re: Alcolac, Inc. Litigation*, No. CV490-261 (Marshall, Mo.); *In re: Clozapine Antitrust Litigation*, MDL 874 (N.D. Ill.) (Co-Lead Counsel); *In re: Infant Formula Antitrust Litigation*, MDL 878 (N.D. Fla.); *Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc.*, No. 87-3713 (E.D. Pa.); *In re: Airlines Antitrust Litigation*, MDL 861 (N.D. Ga.); *Lazy Oil, Inc. v. Witco Corporation*, No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re:*

*Nasdaq Market-Makers Antitrust Litigation*, MDL 1023 (S.D.N.Y.) (Co-Chair Discovery); and *In re: Travel Agency Commission Antitrust Litigation*, No. 4-95-107 (D. Minn.) (Co-Chair Discovery); *Erie Forge and Steel, Inc. v. Cyprus Minerals Co.*, No. 94-0404 (W.D. Pa.) (Plaintiffs' Executive Committee); *In re: Commercial Explosives Antitrust Litigation*, MDL 1093 (Plaintiffs' Co-Lead Counsel); *In re: Brand Name Prescription Drug Antitrust Litigation*, MDL 997; *In re: High Fructose Corn Syrup Antitrust Litigation*, MDL 1087; *In re: Carpet Antitrust Litigation*, MDL 1075; *In re: Graphite Electrodes Antitrust Litigation*, C.A. No 97-CV-4182 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re: Flat Glass Antitrust Litigation*, MDL 1200 (Discovery Co-Chair); *In re: Commercial Tissue Products Antitrust Litigation*, MDL 1189; *In re: Thermal Fax Antitrust Litigation*, No. 96-C-0959 (E.D. Wisc.); *In re: Lysine Indirect Purchaser Antitrust Litigation*, (D. Minn.); *In re: Citric Acid Indirect Purchaser Antitrust Litigation*, No. 96-CV-009729 (Cir. Ct. Wisc.). Most recently, Mr. Sedran serves as one of the court-appointed Co-Lead Counsel in *In re: Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775 (E.D.N.Y.).

In *Lazy Oil Co. v. Witco Corp.*, *supra*, the District Court made the following comments concerning the work of Co-Lead Counsel:

> [t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation. As such Class Counsel brought considerable resources to the Plaintiffs' cause. The Court has had the opportunity to observe Class counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of this litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause.

**LAURENCE S. BERMAN**
*Founding Member*



LAURENCE S. BERMAN, a founding member of the firm, was born in Philadelphia, Pennsylvania on January 17, 1953. He was admitted to the bar in 1977. He is admitted to practice before the U.S. Courts of Appeals for the Third, Fourth and Seventh Circuits; the U.S. District Court, Eastern District of Pennsylvania; and the Bar of Pennsylvania. He is a graduate of Temple University (B.B.A., magna cum laude, 1974, J.D. 1977). He is a member of the Beta Gamma Sigma Honor Society. Mr. Berman was the law clerk to the Honorable Charles R. Weiner, U.S. District Court for the Eastern District of Pennsylvania 1978-1980. Member: Philadelphia, Pennsylvania and American Bar Associations. In 1982, Mr. Berman joined the law firm of Levin & Fishbein as an associate and became a partner in 1985 when the firm name was changed to Levin, Fishbein, Sedran & Berman.

Mr. Berman has had extensive experience in litigating and managing complex litigation. In the early 1980's he became a member of the discovery, law and trial committees of *In re: Asbestos School Litigation*, No. 83-0268 (E.D. Pa.). As a member of those committees, he drafted discovery and legal briefs that lead to the successful resolution of the case on behalf of a nationwide class of schools seeking recovery of damages for the costs and expenses they were required to expend to assess the presence of asbestos in school buildings and to remediate under newly enacted rules and regulations of the Environmental Protection Agency, promulgated in the 1970's. In connection with that litigation, he was one of the architects of approaching class certification issues for a nationwide class by the use of a "50" state analysis of the law, in order to demonstrate the similarity of laws and therefore the manageability of a nationwide class action. The "50" state approach has been followed in other cases.

During the early stages of his career, he litigated numerous environmental class/mass tort cases to successful conclusions. He successfully litigated a lead contamination case for the residents of a community in the Port Richmond area of Philadelphia, where he drafted the legal briefs and presented the oral argument to obtain class certification of a property damage and medical monitoring class against NL Industries and Anzon. That litigation produced a multi-million-dollar recovery for the residents in the class area. *Ursula Stiglich Wagner v. Anzon, Inc.*, No. 4420, June Term, 1987 (Pa. Ct. Com. Pl., Phila. Cty.)

Similarly, he represented homeowners located near Ashland, Kentucky for environmental pollution damage. This case involved representing approximately 700 individual clients for personal injury and medical monitoring relief that also resulted in a multi-million-dollar recovery for his clients.

Beginning in the 1990's Mr. Berman began his representation of victims of the Three Mile Island accident. The firm represented approximately 2,000 plaintiffs in that matter, and Mr.

Berman was responsible for the legal briefing and experts in the case, along with addressing *Daubert* issues. The presiding Court (Middle District of Pennsylvania) determined to conduct extensive *Daubert* hearings in Three Mile Island, resulting in approximately ten full weeks of in court live hearings, and thousands of pages of legal briefing. Ultimately the trial court determined that several of the expert witnesses offered by the plaintiffs did not meet the *Daubert* requirements, and an appeal was taken to the Third Circuit Court of Appeals, where Mr. Berman both briefed and argued the issues. The Third Circuit affirmed parts of the decision and remanded for further proceedings by the trial court. His representation of clients in the Three Mile Island litigation spanned well over a decade.

In 1989, Mr. Berman represented approximately 1,000 plaintiffs who suffered damages as a result of the Exxon Valdez oil spill. In that role, he managed the claims of each of his firm's clients and worked in the development of their expert evidence and claim materials. As a subset of that litigation, he handled the claims of the Native Opt-Out Settlement Class. This representation also spanned well over a decade.

Mr. Berman began his role in litigating *In re: Diet Drugs*, MDL 1203 (E.D. Pa.) in 1997 at the outset of that litigation. The *Diet Drugs* case is still active to this date. Mr. Berman's firm was appointed as Co-Lead Counsel, Co-Class Counsel and Liaison Counsel. The massive size of the *Diet Drugs* case required the commitment of three of the named partners to the case, Arnold Levin, Michael Fishbein and Mr. Berman, as well as a substantial commitment by partner Fred Longer. While Messrs. Levin and Fishbein were formally named as Co-Class counsel to the case, Mr. Berman had a *de facto* role as Co-Class Counsel and Co-Lead counsel for the case. Mr. Berman briefed many legal issues, argued issues in court, participated in discovery, appeared frequently before the Special Discovery Master, helped negotiate the settlement(s) and helped in the management of the oversight of both the AHP Settlement Trust that was created to oversee the Settlement and the Seventh Amendment Fund Administrator that was created to oversee the Seventh Amendment aspect of the Settlement. He also managed the claims of the firm's individual clients.

Although the *Diet Drugs* case remains active today, and still occupies some of Mr. Berman's time, over the recent years he became active in various other pharmaceutical cases. In particular, beginning in about 2010, he became active in *In re: Yaz/Yasmin/Ocella*, MDL 2100 (S.D. Ill.) where he was appointed as a member of the discovery and legal briefing committees. Mr. Berman worked with his partner Michael Weinkowitz as Co-Liaison Counsel in the parallel state court litigation pending in the Court of Common Pleas of Philadelphia.

As the *Yaz* case began to wind down, Mr. Berman became active in litigation Tylenol cases where he was appointed and remains currently Plaintiffs' Co-Lead and Liaison Counsel. *In re: Tylenol*, MDL 2436 (E.D. Pa.). As Plaintiffs' Co-Lead and Liaison Counsel, Mr. Berman has appeared in Court for the Plaintiffs at virtually all of the monthly status conferences, drafted numerous briefs, engaged in discovery, drafted numerous case management orders that were entered by the Court, argued motions and otherwise managed the case on behalf of the Plaintiffs.

Mr. Berman is also a *de facto* member of the executive committee of *In re: Granuflo*, MDL 2428 (D. Mass.). Mr. Berman's partner Arnold Levin was formally appointed to that case's Executive Committee for the Plaintiffs and Mr. Berman was appointed as a Co-Chair of the law and briefing committee. He has acted as a *de facto* member of the Executive Committee for the firm. In his role on the Law and Briefing Committee, he drafted numerous briefs for the case, including *Daubert* briefs, drafted various case management orders that were entered by the Court, and assisted in the negotiation of the global settlement including the drafting of the settlement documents and the allocation plan.

In *In re: Fosamax*, MDL 2243 (D.N.J.), Mr. Berman spearheaded the plaintiffs' position relating to privilege log issues as well as preemption and *in limine* issues raised in the bellwether case. Most recently, Mr. Berman was appointed to the Plaintiffs' Steering Committee by the Honorable Freda L. Wolfson in *In re: Johnson & Johnson Talcum Powder Products*, MDL 2738 (D.N.J.).

Mr. Berman has lectured about mass tort matters. He lectured about the Tylenol case at several seminars and is a member of the American Association of Justice (AAJ) litigation group for the case. He is also a member of various other AAJ litigation groups involving pharmaceutical products. Mr. Berman has been a frequent speaker for the Pennsylvania Bar Institute, Mealy's Publications and Harris Martin. His lectures have been accredited for providing CLE credit to the attendees. Mr. Berman has an A.V. Peer Review rating by Martindale-Hubbell and is an AAJ National College of Advocacy Advocate. He is also a member of The National Trial Lawyers, as well as a member of the American, Pennsylvania and Philadelphia Bar Associations and has been recognized as a Super Lawyer. His published works include "Class Actions in State and Federal Courts," Pennsylvania Bar Institute (Continuing Legal Education), November 1997; "New Pennsylvania Rule of Civil Procedure 207.1," Pennsylvania Bar Institute (Continuing Legal Education), November, 2001, and membership on the Board of Editors, "Fen-Phen Litigation Strategist," Leader Publications (1998).

**FREDERICK S. LONGER**
*Member*



FREDERICK S. LONGER, a member of the firm, specializes in representing individuals who have been harmed by dangerous drugs, medical devices, other defective products and antitrust violations. Mr. Longer has extensive experience in prosecuting individual, complex and class action litigations in both state and federal courts across the country. Mr. Longer has been involved in the resolution of several of the largest settlements involving personal injuries including the $6.75 billion settlement involving Diet Drugs and the $4.85 billion settlement involving Vioxx. Mr. Longer was a member of the negotiating counsel responsible for the settlements in the *Chinese Drywall* litigation involving various suppliers and manufacturers of Chinese Drywall valued in excess of $1 billion. Mr. Longer has a wealth of experience in mass torts and has frequently been the chairman or member of the Law and Briefing Committee in numerous multi-district litigations:

- *In re Zantac Products Liability Litigation*, MDL No. 2924 (S.D. Fla.);
- *In re Aqueous Film-Forming Foams Prod. Liab. Litigation*, MDL No. 2873 (D.S.C.);
- *In re Xarelto Products Liability Litigation*, MDL No. 2592 (E.D. La.);
- *In re: Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La.);
- *In re: Rezulin Products Liability Litigation*, MDL No. 1348 (S.D.N.Y.);
- *In re: Vioxx Products Liability Litigation*, MDL 1657 (E.D. La.);
- *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.); and
- *In re: Diet Drug Litigation*, MDL 1203 (E.D. Pa.).

He is a court-appointed member of the Plaintiffs' Steering Committee in *In re: Mirena Products Liability Litigation*, MDL 2434 (S.D.N.Y.); *In re: Xarelto Products Liability Litigation*, MDL No. 2592 (E.D. La.); and *In re Zantac Products Liability Litigation*, MDL No. 2924 (S.D. Fla.). Mr. Longer also assisted Co-Lead Counsel and Subclass Counsel with negotiating the class settlement in *In re: National Football League Players' Concussion Litigation*, MDL No. 2323 (E.D. Pa.).

Mr. Longer has substantial trial experience and is one of the few lawyers in the country to have tried to verdict a client's claim involving Baycol in Philadelphia County Court of Common Pleas.

Mr. Longer, originally from Philadelphia, Pennsylvania, completed his undergraduate work at Carnegie Mellon University. He then attended the University Pittsburgh School of Law and was a Notes and Comments Editor for the University of Pittsburgh Law Review. Mr. Longer practiced for 3 years in Allegheny County with the law firm of Berger, Kapetan, Malakoff & Myers

13

on complex litigation and civil rights matters, including *Kelly v. County of Allegheny*, No. 6D 84-17962 (Pa. Ct. Com. Pl., Allegheny Cty.). Thereafter, Mr. Longer joined the firm and is now a member in the firm.

Mr. Longer is a frequent lecturer and has presented numerous seminars on various legal topics for professional groups. Some of Mr. Longer's speaking engagements include: *COVID-19 Business Interruption Litigation - MDL and Outside Influences, Harris Martin (May 14, 2020)*; *Impact of Ascertainability Consideration son Rule 23(b)(3), American Association for Justice (December 6, 2018)*; *Plaintiff Only Consumer Warranty Class Action Litigation Seminar*, American Association for Justice Education and the National Association of Consumer Advocate (June 3-4, 2014); *"No Injury" and "Overbroad" Class Actions After Comcast, Glazer and Butler: Implications for Certification-Navigating Complex Issues of Overbreadth and Damages in Consumer Product Cases*, Strafford Webinar (April 1, 2014); *Service of Process in China*, ABA Annual Conference (April 18-20, 2012); Chinese Drywall Litigation Conference, Harris Martin (October 20-21, 2011); *Current Issues in Multi-district Litigation Practice*, Harris Martin (September 26, 2011); *FDA Preemption: Is this the end?*, Mass Torts Made Perfect (May 2008). He has authored several articles including, *The Federal Judiciary's Super Magnet,* TRIAL (July 2009). He also contributed to Herbert J. Stern & Stephen A. Saltzburg, TRYING CASES TO WIN: ANATOMY OF A TRIAL (Aspen 1999).

Mr. Longer is a member of the American Bar Association, American Association for Justice, Pennsylvania and Philadelphia Association for Justice, the Pennsylvania Bar Association and the Philadelphia Bar Association. He is an active member of the Historical Society for the Eastern District of Pennsylvania. He is admitted to practice before the Supreme Court of Pennsylvania and the Supreme Court of New Jersey, the United States Supreme Court; the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Seventh and Ninth Circuits, and the United States District Courts for the Western and Eastern Districts of Pennsylvania, United States District Court Northern District of New York; United States District Court for the Western District of New York; United States District Court of New Jersey; United States District Court for District of Arizona; and the United States District Court District of Nebraska.

Mr. Longer has received Martindale-Hubbell's highest rating (AV) as a pre-eminent lawyer for his legal ability and ethical standards. He has also been recognized by his peers as a Super Lawyer since 2008.

14

**DANIEL C. LEVIN**
*Member*



DANIEL C. LEVIN is a Philadelphia native who practices in the areas of Medical Malpractice, Personal Injury, Class Actions, Products Liability, Environmental Liability and Mass Torts.

Daniel Levin is a member of the firm of Levin Sedran & Berman. He is a graduate of University of Pittsburgh (B.A. 1994) and Oklahoma City University School of Law (J.D. 1997). He is admitted to practice before the Supreme Court of the United States, Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Western District of Pennsylvania and the United States Court of Appeals for the Third Circuit. He is a member of the American, Pennsylvania and Philadelphia County Bar Associations, as well as the American and Pennsylvania Association for Justice. Past President of the Philadelphia Trial Lawyers Association. Mr. Levin holds an AV rating from Martindale Hubbell and his peers recognize him as a Super Lawyer.

Daniel Levin is appointed to the Steering Committee in *Troyan v. Samsung Electronics America, Inc*., No. 5:17-cv-01096 (W.D. Okla.) and *In Re: Valsartan Losartan And Irbesartan Products Liability Litigation*; 1:19-md-02875-RBK-JS (D.N.J.).

Daniel Levin has been part of the litigation team in *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.); *Galanti v. The Goodyear Tire and Rubber Co.*, Civil Action No. 03-209 (D.N.J.); *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La. 2011); *Cobb v. BSH Home Appliance Corporation*, C.D.Ca. No. SACV10-711 DOC (C.D. Cal.); *In Re Human Tissue Products Liability Litigation*, MDL No. 1763 (D.N.J.); *In Re: Chinese Drywall Products Liability Litigation*, MDL 2047 (E.D. La.); *National Football League Players' Concussion Injury Litigation*, No. 2:12-md-02323-AB (E.D. Pa.); *In Re: Rezulin Products Liability Litigation*, No. 00 Civ. 2843 (S.D.N.Y.); *In Re: Apple Inc. Device Performance Litigation*, No. 5:18-md-02827 (N.D. Cal.); *In Re: Intel Corp. CPU Marketing, Sales Practices And Products Liability Litigation*, No. 3:18-md-2828 (D. Or.); and *In Re: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG.

Daniel Levin has served as Class Counsel in the following automobile defect cases: *Henderson v. Volvo Cars of North America, LLC*, No. 09-cv-4146 (D.N.J.) (class action brought on behalf of individuals who purchased Volvo vehicles with defective transmissions) and *Grant v. Bridgestone/Firestone, Inc. and Ford Motor Company*, September Term, 2000, No. 003668 (Pa. Ct. Com. Pl., Phila. Cty.) (involving the Ford Explorer debate). Mr. Levin has also served as class counsel in the following cases: *Kowa v. The Auto Club Group*, No. 11-7476 (N.D. Ill.); *Kurian v. County of Lancaster*, 2:07-cv-03482 (E.D. Pa.); *Gwaizdowski v. County of Chester*, No. 08-CV-4463 (E.D. Pa. 2012); *Meneghin, The Exxon Mobile Corporation*, No. OCN-002697-07 (Superior

15

Court, Ocean County, NJ 2012); *Johnson v. Walsh,* April Term 2008, No. 2012 (Pa. Ct. Com. Pl., Phila. Cty.); *Muscara v. Nationwide,* October Term 2000, No. 001557 (Pa. Ct. Com. Pl., Phila. Cty.); and *Wong v. First Union*, May Term 2003, No. 001173 (Pa. Ct. Com. Pl., Phila. Cty.); *Harry Delandro v. County of Allegheny*, No. 2:06-CV-927 (W.D. Pa.); *Nakisha Boone v. City of Philadelphia*, No. 05-CV-1851 (E.D. Pa.); *Helmer v. the Goodyear Tire & Rubber Co.,* D.Co. No. 1:12-00685-RBJ (D. Colo.); *Schappell v. State Farm Mutual Automobile Insurance Company*, No. 1331 S2001 (Pa. Ct. Com. Pl., Dauphin Cty.); *Ortiz v. Complete Healthcare Resources, Inc.,* Montgomery CCP No. 12-12609; *Butterline v. the Bank of New York Mellon Trust Company, National Association*, No. 15-01429 (E.D. Pa.); *Martinez v. Capstone Restaurant Group, LLC*, No. 1:20-cv-01017 (D. Colo.); *Mullins v. Kroger*, No. 1:19-cv-00964 (S.D. Ohio); *Gallagher v. Charter Foods, Inc.*, No. 2:20-cv-00049 (W.D. Pa.); and *McGhee v. Toms King, LLC*, No. 2:19-cv-01470 (W.D. Pa.).

Along with Daniel Levin's class action and mass tort experience, Mr. Levin also has extensive experience in individual litigation where he handles and prosecutes claims on behalf of railroad workers involved in workplace accidents ("FELA"). Daniel Levin has also successfully prosecuted complex individual actions on behalf of individuals involved in products liability, medical malpractice, automobile accidents, drug and medical device actions.

## CHARLES E. SCHAFFER
*Member*



CHARLES E. SCHAFFER, a member of the firm, born in Philadelphia, Pennsylvania, is a graduate of Villanova University, (B.S., *Magna Cum Laude*, 1989) and Widener University School of Law (J.D. 1995) and Temple University School of Law (LL.M. in Trial Advocacy, 1998). Mr. Schaffer served as a Corporal in the United States Marine Corps (USMC). He is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of New Jersey, the United States District Court for the Eastern District of Pennsylvania; Western District of Pennsylvania; Middle District of Pennsylvania; Northern District of Illinois; Central District of Illinois; Northern District of New York; District of Colorado; Third Circuit Court of Appeals; and the Sixth Circuit Court of Appeals. He is also a member of the American Bar Association, Association of Trial Attorneys of America, Pennsylvania Association for Justice, Philadelphia Trial Lawyers Association, and the National Trial Lawyers Association.

With over 27 years of experience Mr. Schaffer is a nationally-recognized leader in complex litigation, having been appointed as Lead or Co-Lead counsel or as a PSC member on a regular basis by federal courts across the country. He is widely recognized for his ability to lead very complex litigation and his expertise in dealing with discovery, experts, damage models, and Innational and multi-state classes.

Mr. Schaffer's appointments in MDL litigation include *inter alia*: *In re Moveit Customer Data Security Breach Litigation,* MDL No. 3083 (D. Mass.) (appointed Co-Lead Counsel); *In re AT&T Inc., Customer Data Breach Security Litigation,* MDL No. 3114 (N.D. Tex.) (appointed to Plaintiffs' Steering Committee); *In re Change Healthcare, Inc. Customer Data Security Breach Litigation,* MDL 3108 (D. Minn.) (appointed to Plaintiffs' Steering Committee); *In re Overby-Seawell Company Customer Data Security Breach Litigation*, MDL No. 3056 (N.D. Ga) (appointed to Plaintiffs' Executive Committee) ; *In re: Chantix (Varenicline) Marketing, Sales Practices and Products Liability Litigation (No. II)* MDL No. 3050 (S.D.N.Y.) (appointed Co-Lead Counsel); *In re Phillips Recalled CPAP, BI-Level PAP, Mechanical Ventilator Products Liability Litigation (Phillips)*, MDL 3014 (W.D. Pa.) (appointed Plaintiffs' Discovery Liaison Counsel for Phillips and SoClean MDLs), *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (D.S.C) (appointed to Plaintiffs' Steering Committee); *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litigation*, MDL 2887 (D. Kan.) (appointed to Plaintiffs' Executive Committee); *In re: Intel Corp. CPU Marketing Sales Practices and Products Liability Litigation*, MDL 2828 (D. Or.) (appointed to Plaintiffs' Executive Committee to represent the interests of governmental entities); *In re: Apple Inc. Device Performance Litigation*, MDL No. 2827 (N.D. Cal.) (appointed to Plaintiffs' Executive Committee); *In re: Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL 2797 (C.D. Cal.) (appointed to Plaintiffs' Executive Committee); *In re: JP Morgan Modification Litigation* MDL No. 2290 (D. Mass.) (appointed Plaintiffs' Co-Lead Counsel); *In re: IKO Roofing Products Liability Litigation*, MDL No. 2104

(C.D. Ill.) (appointed Co-lead Counsel); *In re: HardiePlank Fiber Cement Siding Litigation*, MDL No. 2359 (D. Minn.) (appointed to Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Products Liability Litigation*, MDL No. 2223 (N.D. Ill.) (appointed to Plaintiffs' Executive Committee); *In re: Azek Decking Sales Practice Litigation*, MDL No. 2506 (D.N.J.) (appointed to Plaintiffs' Executive Committee); *In re: Pella Corporation Architect and Designer Series Windows Marketing Sales Practices and Product Liability Litigation*, MDL No. 2514 (D.S.C.) (appointed to Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Products Liability Litigation*, MDL No. 2223 (N.D. Ill.) (appointed to Plaintiffs' Steering Committee); *In re: CitiMortgage, Inc. Home Affordable Modification Program ("HAMP")*, MDL No. 2274 (C.D. Cal.) (appointed Plaintiffs' Executive Committee); *In re: Carrier IQ Consumer Privacy Litigation*, MDL No. 2330 (N.D. Cal.) (appointed to Plaintiffs' Executive Committee); *In re: Dial Complete Marketing and Sales Practices Litigation*, MDL No. 2263 (D.N.H.) (appointed to Plaintiffs' Executive Committee); *In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation*, MDL No. 2382 (E.D. Mo.) (appointed to Plaintiffs' Executive Committee); and *In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Marketing and Sales Practice Litigation*, MDL No. 2320 (D.N.H.) (appointed to Plaintiffs' Executive Committee).

Mr. Schaffer has also served in leadership positions in class actions which were not consolidated in an MDL. *E.g.*, *Reichbart v. Financial Business and Consumer Solutions, Inc*., No. 24-1876 (E.D. Pa.) (appointed Lead Counsel); *Hulewat v. Medical Management Resource Group LLC, No.* 2:24-cv-00377 (D. Ariz) (appointed Plaintiffs' Executive Committee); *Hasson v. Comcast Cable Communications, LLC,* No. 2:23-cv-05039 (E.D. Pa.) (Appointed Plaintiffs' Executive Committee and Liaison counsel); *Gambino v. Berry, Dunn, McNeil & Parker, LLC,* No. 2:24-cv-00146 (D. Maine) (appointed Plaintiffs' Executive Committee); *In re: NCB Mgmt. Serv., Inc. Data Breach Litig.,* No. 2:23-cv-01236 (E.D. Pa.) (appointed Liaison counsel); *Holden v. Guardian Analytics*, Inc.. et. al, No. 2;23-cv-02156 (D. N.J.) (appointed Plaintiffs' Co-Lead Counsel); *In re Deva Concepts Products Liability Litigation*, No. 1:20-CV-01234 (S.D.N.Y.) (appointed Plaintiffs' Co-Lead Counsel); *Armando Herrera, et al. v. Wells Fargo Bank, et al.*, No. 8:18-cv-00332 (C.D. Cal.) (court appointed Co-Lead- Co-Class Counsel); *Declid v. Tco Hot Acquisition LLC et al.*, No., 1:21-cv-09569 (S.D.N.Y.) (appointed Co-Lead/Co Class Counsel); *Segebarth v. CertainTeed LLC*, No. 19-5500 (E.D. Pa.) (appointed Co-Lead/Co-Class Counsel); *Goldstein v. Henkel Corporation et al.*, No. 3:22 – CV – 00164 (D. Conn) (appointed Co-Lead/Co Class Counsel); *Bangoura v. Beiersdorf, Inc. and Bayer Healthcare, LLC*, No. 1:22-cv-00291-BMC (E.D.N.Y.) (appointed Co-Lead/Co Class Counsel); *In re Midwestern Pet Foods Marketing Sales Practice and Product Liability Litigation*, No. 3:21-cv-00007 (S.D. Ind.) (appointed to Plaintiffs' Executive Committee); *Zicarello v. Sanyo Energy (USA) et al.*, No. 2:19-cv-16623 (D.N.Y.) (appointed Co-Lead/Co-Class Counsel); *Rojas v. Bosh Solar Energy Corp.*, No. 5:18-cv-5841 (N.D. Cal.) (appointed Co-Lead/Co-Class Counsel); *Culbertson v. Deloitte Consulting*, No. 1:20-cv-3962 (S.D.N.Y.) (appointed to Plaintiffs' Executive Committee); *Green v. Accolade, Inc.,* 2:18-cv-00274 (E.D. Pa.) (appointed Co-Lead/Co-Class Counsel); *Kuss v. American Home Patient, Inc. et al.*, No. 8:18 -cv-0248 (M.D. Fla) (appointed Co-Lead/Co-Class Counsel); *Abdelmessih v. Five Below, Inc.*, No. 2:19-cv-01487 (E.D. Pa.) (appointed Co-Lead/Co-Class Counsel); *In re Hudson's Bay Company Data Security Incident Consumer Litigation*, No. 18-cv-8472 (S.D.N.Y.) (appointed Plaintiffs' Executive Committee); *Hashemi, et al. v. Bosley, Inc*, No. 2:21-cv-oo946 (appointed Co-Lead/Co-Class Counsel); *Morrison v. Ross Stores, Inc.*, No. 4:18-

18

cv-02671 (N.D. Cal.) (appointed Co-Lead/Co-Class Counsel); *Hawes v. Macys West Stores, Inc.*, No. 1:17-cv-00754(W.D. OH.) (appointed Co-Lead/Co-Class Counsel); *Forth, et al. v. Walgreens Co.*, No. 1:17-cv-02246 (N.D. Ill.) (serving as member of Plaintiffs Executive Committee);*County of Monmouth, et al. Rite Aid Corporation et al.*, No. 2:20-cv-02024 (E.D. Pa.) (serving as Plaintiff s' Co-Lead Counsel); *Pollard v. Remington Arms Company*, No. 4:13-cv-00086-ODS (W.D. Mo.) (appointed Co-Lead Counsel); *Davis v. SOH Distribution Company, Inc.*, No. 09-CV-237 (M.D. Pa.) (appointed Plaintiffs' Co-Lead Counsel); *Gwaizdowski v. County of Chester*, No. 08-CV-4463 (E.D. Pa.) (member of discovery and trial committees); *Meneghin, v. The Exxon Mobile Corporation, et al.*, No. OCN-002697-07 (N.J. Super. Ct., Ocean County) (appointed Co-Lead/Co-Class Counsel); *Johnson, et al. v. Walsh, et al.,* PCCP April Term, 2008, No. 2012 (Phila. Com. Pl. 2008) (appointed Co-Lead/Co-Class Counsel); *Leach v. Honeywell International, Inc.*, No. 1:14-cv-12245-LTS (D. Mass) (Plaintiffs' Discovery and Settlement Committees); *Gulbankian et al. v. MW Manufacturers, Inc.*, No. 1:10-cv-10392-RWZ (D. Mass.) (Plaintiffs' Discovery and Settlement Committees); *Eliason, et al. v. Gentek Building Products, Inc., et al.*, No. 1:10-cv-2093 (N.D. Ohio) (Plaintiffs' Executive Committee); *Smith, et al. v. Volkswagon Group of America, Inc.*, No. 3:13-cv-00370-SMY-PMF (S.D. Ill.) (Plaintiffs' Discovery and Settlement Committees); *Melillo, et al. v. Building Products of Canada Corp.*, No. 1:12-CV-00016-JGM (D. Vt.) (appointed Co-Lead/Co-Class Counsel); *Vought, et al., v. Bank of America, et al*., No. 10-CV-2052 (C.D. Ill.) (Plaintiffs' Discovery and Settlement Committees); *United Desert Charities, et al. v. Sloan Valve, et al.*, No. 12-cv-06878 (C.D. Cal.) (Plaintiffs' Executive Committee); *Kowa, et. el. v. The Auto Club Group AKA AAA* Chicago, No. 1:11-cv-07476 (N.D. Ill.) (appointed Plaintiffs' Co-Lead/Co-Class Counsel); *Weller v. HSBC Mortgage Services, Inc.*, No. 13-cv-00185 (D. Colo.) (Plaintiffs' Discovery and Settlement Committees); *Gilmour v. HSBC Bank, N.A.*, No. 13-cv-05896 (S.D.N.Y) (Plaintiffs' Discovery and Settlement Committees); *Smith v. SunTrust Mortgage, Inc.*, No. SACH3-739-AG (C.D. Cal.) (Plaintiffs' Discovery and Settlement Committees);*George v. Uponor, Inc.*, No. 12-249 ADM/JJK (D. Minn.) (Plaintiffs' Discovery and Settlement Committees); *Yarbrough v. Martin's Famous Pastry Shoppe, Inc.*, No. 11-cv-02144-JEJ (M.D. Pa.) (appointed Plaintiffs' Co-Lead/Co-Class Counsel); *Minor v. Congoleum Corporation*, No. 3:13-cv-07727-JAP-LHG (D.N.J.) (appointed Plaintiffs' Co-Lead/C0-Class Counsel); and *In re: MF Global Holdings, Ltd. Investment Litigation*, No. 12-MD-2338 (S.D.NY) (Plaintiffs' Discovery and Settlement Committees).

    In addition, Mr. Schaffer has served as member of litigation teams where Levin Sedran & Berman was appointed to leadership positions in, *inter alia*. *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.); *In re Pergerine Financial Group Customer Litigation*, MDL No.12-5546 (N.D. Ill.) (Plaintiffs' Discovery and Settlement Committees); *In re: Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.); *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re: Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

    Currently, Mr. Schaffer is serving as Co-Lead counsel *In re Moveit Customer Data Security Breach Litigation,* MDL 2082 (D. Mass.), Co-Lead  counsel *In re: Chantix (Varenicline) Marketing, Sales Practices and Products Liability Litigation (No. II)* MDL3050 (S.D.N.Y.); discovery liaison counsel in *In re Phillips Recalled CPAP, BI-Level PAP, Mechanical Ventilator Products Liability Litigation (Phillips)*, MDL No. 3014 (W.D. Pa.), a member of Plaintiffs'

Steering Committee in *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL 2873 (D.S.C), a member of Plaintiffs' Steering Committee in *In re AT&T Inc., Customer Data Breach Security Litigation*, MDL No, 3114 (N.D. Tex.) .), a member of Plaintiffs' Steering committee in *In re Change Healthcare, Inc. Customer Data Security Breach Litigation*, MDL 3108 (D. Minn.), a member of Plaintiffs' Executive Committee in *In re Overby-Seawell Company Customer Data Security Breach Litigation,* No. 1:23-md-03056 (N.D. Ga), a member of Third Party Payor Discovery and Trial Committee *In Re: Valsartan Losartan and Irbesartan Products Liability Litigation*, No. 1:19-md-02875-RBK-JS (D.N.J.) and is actively participating in a number of other class actions and mass tort actions across the United States in leadership positions.

Mr. Schaffer regularly prosecutes multi-state consumer class actions involving technically complex issues and has one of the best track records in the country when it comes to developing practical damages methodologies, obtaining prompt relief for consumers victimized by defective products and unfair or deceptive practices, as well as working cooperatively with others. Through smart, efficient, strategy and tailored creative problem-solving Mr. Schaffer and Levin Sedran & Berman have recovered billions of dollars for victims of defective products, environmental disasters and unfair or deceptive practices.

In this regard, Mr. Schaffer and his firm served as liaison counsel in *In re: CertainTeed Corporation Roofing Shingle Product Liability Litigation*, MDL No. 1817 (E.D. Pa.). That case involved claims on behalf of $1.8 million homeowners who unknowingly purchased roofing shingles that were defectively designed and manufactured thereby causing premature and unreasonable deterioration, cracking, blistering, crumbling and leaking. Mr. Schaffer was instrumental in bringing about a settlement which was approved by the court and valued at between $687 to $815 million dollars. To date over $200 million dollar of benefits have been paid out and the claims period is still open. In addition, Mr. Schaffer served as Plaintiffs' Discovery and Settlement Committees in *In re: CertainTeed Siding Litigation*, MDL No. 2270 (E.D. Pa.). That case involved claims on behalf of tens of thousands of homeowners who unknowingly purchased fiber cement siding that was defectively designed, manufactured thereby causing premature and unreasonable deterioration, cracking and water protrusion. Mr. Schaffer was instrumental in bringing about a common fund settlement in the amount of $103.9 million dollars which was approved by the court. Recently, Mr. Schaffer was appointed and served as Co-Lead and Co-Class Counsel in *Segebarth v. CertainTeed LLC*, No. 19-5500 (E.D. Pa.), obtaining a national settlement on behalf of consumers with defective roofing products. The total value of the settlement benefits available to Class Members is valued at $900 million and the value of the enhanced warranty benefits to be paid out over the seven-year claims period is $99,138,852.

Mr. Schaffer also served as lead counsel in *In re: JP Morgan Modification Litigation*, MDL No. 2290 (D. Mass.). This MDL involved a class action filed across the United States all of which arose out of JP Morgan Chase's implementation of the Home Affordable Modification Program, one of the main programs designed to assist struggling homeowners in the economic downturn. In exchange for receiving billions of dollars in funds, JP Morgan Chase and many other big banks agreed to offer homeowners loan modifications pursuant to the Federal Guidelines. Numerous individuals sued JP Morgan Chase and certain other related companies claiming that Chase failed to offer them a timely and proper permanent mortgage modification after they completed trial

20

period plans under HAMP or Chase's home own equivalent programs. Mr. Schaffer was instrumental in every phase of the litigation including settlement which culminated in a nationwide settlement under a consolidated litigation which provided a broad range of benefits to tens of thousands of homeowners. The overall value of the settlement to class members which was determined to be $506 million dollars by a former treasury department official who worked on the initial management of the Government's program.

More recently, Mr. Schaffer served as a member of the Executive Committee and Co-Chair of Third Party Discovery Committee in *In re Apple Inc. Device Performance Litigation*, MDL No. 2827 (N.D. Cal.) and was instrumental in obtaining evidence to establish Apple's liability for the throttling or slowing down consumers phones to hide performance defects and performance issues. These efforts were instrumental in achieving a nationwide common fund settlement of $310 million dollars. In *In re Wells Fargo Insurance Marketing Sales Practice Litigation*, MDL No. 2797 (C.D. Cal.) Mr. Schaffer served as a member of the Plaintiffs Executive Committee and instrumental in obtaining evidence to establish Wells Fargo unlawfully placing duplicative, unnecessary, and overpriced collateral protection policies on their customer's automobile loan accounts. A nationwide settlement in the amount of $423.5 million dollars was achieved along with business practice changes. This lawsuit alleged that Defendants unlawfully placed duplicative, unnecessary, and overpriced collateral protection insurance policies on Wells Fargo customer's automobile loan accounts. Plaintiffs alleged that as a result of Defendants' CPI placements, borrowers suffered financial harm, including wrongful charges, fees, costs, and credit damage. The settlement allowed borrowers to recoup these overpayments. Mr. Schaffer was appointed and served as Co-lead and Co-Class Counsel in *Armando Herrera, et al. v. Wells Fargo Bank, et al.*, No. 8:18-cv-00332 (C.D. Cal.) and was instrumental in obtaining evidence to establish Wells Fargo unlawfully failed to repay borrowers for prepaid GAP insurance when they satisfied or paid off the auto loan prior to maturity, as required by the terms of the agreement, and charged unwarranted fees. A nationwide settlement in excess of $300 million dollars was achieved along with business practice changes.

Mr. Schaffer also served as lead counsel in *Pollard v. Remington Pollard v. Remington Arms Company*, No. 4:13-cv-00086-ODS (W.D. Mo.). That case involved claims on behalf of over one million consumers who purchased firearms equipped with a defective fire control mechanism which would allow the firearm to discharge without pulling the trigger and placing the user of the firearm as well as bystanders at a grave risk of injury and even death. Mr. Schaffer was instrumental in negotiating a nation-wide class action settlement which was approved by the district court and affirmed by the Eight Circuit Court of Appeals. The settlement allowed owners of the firearms with the defective triggers to have their trigger mechanisms retrofitted with a non-defective trigger. The district court valued the settlement to be at least $97,000,000. This settlement not only allowed the firearm owners to get the benefit of their bargain by having their guns repaired, but, it also resulted in dangerous firearms being fixed and thereby preventing accidental discharges which could injure or kill the user and/or innocent bystander.

Mr. Schaffer and Levin Sedran & Berman has also handled technically and technologically complex issues representing victims harmed by drugs, defective products, unfair trade practices, data breaches, privacy security breaches and other complex cases involving computers, phones,

devices and source code. *See, e.g.*, *In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.); *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.); *In re: The Vioxx Product Liability Litigation*, MDL No. 1657 (E.D. La.); *In re: CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No. 1817 (E.D. Pa.), *In re: CertainTeed Fiber Cement Siding Litigation*, MDL No: 2270 (E.D. Pa.), *Pollard v. Remington Arms Company*, No. 4:13-CV-00086-ODS (W.D. Mo.), *In re: Carrier IQ, Inc., Consumer Privacy Litigation*, No. 12-md-1330-EMC (N.D. Cal.); *Byrd v. Aaron's Inc.*, No. *11-101* (W.D. Pa.); *In re: Apple Inc. Device Performance Litigation*, MDL 2827 (N.D. Cal.) and *In re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation*, MDL 2828 (D. Or.).

Levin Sedran & Berman is Lead Counsel in *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.). Against tremendous odds and at great effort and expense, Levin Sedran along with Liaison Counsel and members of the Plaintiffs' Steering Committee, dedicated themselves for over ten years to prosecuting claims on behalf of class(es) of thousands of homeowners who had defective Chinese Drywall installed in their homes. Levin Sedran's leadership in developing innovative pleadings involving "Omni Complaints", strategic discovery, and rapid bellwether trials led to a series of inter-related settlements involving various suppliers, builders, installers, insurers, and manufacturers of Chinese Drywall valued at more than $1 Billion. Mr. Schaffer worked in conjunction with the Plaintiffs' Expert Committee to develop experts to provide the requisite foundation for their defect, causation and damages opinions. This evidence was instrumental in bringing about plaintiff verdicts in the "bellwether" trial (*Hernandez v. Knauf*, 2010 WL 1710434 (E.D. La. April 27, 2010)) which contributed to the foundation for the inter-related settlements described above. In addition, Mr. Schaffer oversaw the inspection of plaintiffs' homes in Virginia by the defendants' experts and worked with plaintiffs' experts to challenge defendants' experts' opinion that Chinese Drywall could be detected with the use of an XRF handheld measuring device. As a result, plaintiffs filed a Daubert motion and were able to preclude defendant's experts from offering such an opinion. Though the inter-related settlements described above culminated with Knauf, a German company with Chinese manufacturing subsidiaries, the remaining Chinese manufacturing defendants continue to dispute personal jurisdiction and raise other defenses to liability and damages. However, Levin Sedran, continues to spearhead the prosecution of plaintiffs' claims by overseeing the litigation as plaintiffs begin to prepare to try the individual cases which were remanded back to their home districts. These tireless efforts reflect the dedication Levin Sedran & Berman attorneys, like Mr. Schaffer apply to every case.

Mr. Schaffer has extensive experience in data breach and privacy cases, including serving as a member of leadership in *In re MoveIt Customer Data Security Breach Litigation,* MDL 3083 (D. Mass) (data breach involving MoveIt file transfer software application impacting over 2000 entities and compromising over 100 million consumers PII and PHI); *In re AT&T Inc., Customer Data Breach Security Litigation,* MDL No, 3114 (N.D. Tex.)(data breaching involving 73 million customers PII); *In re Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.) (retailer compromised consumer data requiring financial institutions to issue new credit cards, settlement value $39 million settlement for plaintiff financial institutions), *Green v. Accolade, Inc.*, No. 2:18-cv-00274 (E.D. Pa.) (employer data breach resulting in compromised

employee PII); *Kuss v. American Home Patient, Inc.*, No. 8:18-cv-0248 (M.D. Fla.) (stolen laptops from medical provider compromised patient's medical information); *Abdelmessih v. Five Below, Inc.*, No. 2:19-cv-01487 (E.D. Pa.) (retailer data breach compromising customers' PII); *In re Hudson's Bay Company Data Security Incident Consumer Litigation*, No. 18-cv-8472 (S.D.N.Y.) (retailer data breach compromised customers' electronically-stored PII); *Hasehemi v. Bosley, Inc.*, No. 2:21-cv-00946 (C.D. Cal.) (hair restoration company compromised customers' electronically stored PII and medical and/or health information); *Culbertson v. Deloitte Consulting LLP*, No 1:20-cv-3962 (S.D.N.Y) (accounting firm as part of the Pandemic Unemployment Assistance program compromised applicants electronically stored PII); *St. James v. Partnership HealthPlan of California*, No. FCS058720 (Cal. Super. Ct.) (hospital compromised PII and medical information); *In re Overby-Seawell Company Customer Data Security Breach Litigation,* No. 1:23-md-03056 (N.D. Ga) (bank customers' PII compromised); *Holden v. Guardian Analytics, Inc.. et. al,* No. 2;23-cv-02156 (D. N.J.) (bank customers' PII compromised); *In re: NCB Mgmt. Serv., Inc. Data Breach Litig.*, No. 2:23-cv-01236 (E.D. Pa.) (bank customers' PII compromised) and *Hasson v. Comcast Cable Communications, LLC,* No. 2:23-cv-05039 (E.D. Pa.) (cable provider compromised customers' PII); *Reichbart v. Financial Business and Consumer Solutions, Inc*., No. 24-1876 (E.D. Pa.) (collection agency compromised consumers' PII and financial data); *Hulewat v. Medical Management Resource Group LLC,* No. 2:24-cv-00377 (D. Ariz) (medical provider comprised consumers' PII and PHI); *Gambino v. Berry, Dunn, McNeil & Parker, LLC,* No. 2:24-cv-00146 (D. Maine) (accounting firm compromised customers' PII and financial data); *In re Advance Auto Stores company, Incorporated, Data Breach Litigation,* No, 5:24-cv-00352 (E.D.N.C.) (retailer compromised customers PII and financial data); *Flores v. South Texas Oncology and Hematology, PLLC,* No 2024C113299 (Tex. Dist. Ct. Bexar Cty.) (medical provider comprised consumers' PII and PHI).

In addition, Mr. Schaffer has served in many other data breaches as a member of a litigation team assisting leadership in the prosecution of the class actions. *E.g.*, *In re Wawa, Inc., Data Breach Litigation*, No. 19-6019 (E.D. Pa.) (convenience store conglomerate compromised consumer credit card information requiring financial institutions to issue new credit cards, served as co-chair of third-party discovery committee for financial track); *Smallman v. MGM Resorts International*, No. 2:20-cv-00376 (D. Nev.) (casino compromised customers PII, serving on third party discovery and deposition committee); *In re Tenet Healthcare Corporation Data Breach Litigation*, No. DC-22-07513 (Tex. Cty. Ct.) (hospital compromised patients' PII and medical information, serving as member of discovery and law and briefing committees); *Christiansen v. Parker Hanifin Corporation*, No. 1:22-cv-835 (N.D. Ohio) (engineering company compromised employees' and job applicants' PII, serving as member of discovery and law and briefing committees); *Masters v. Gateway Rehabilitation Center, Inc.*, No. 22-14713 (Pa. Ct. Com. Pl.) (medical provider compromised patients' PII and medical information, serving as member of discovery and law and briefing committees); *In Re: Goodman Campbell Brain and Spine Data Incident Litig.*, No. 49D01-2207-PL-024807 (Ind. Super. Ct.) (medical provider compromised patients' PII and medical information, serving as member of discovery and law and briefing committees); *In re MCG Health Data Security Issue Litigation*, No. 2:22-CV-849 (W.D. Wash.) (medical provider compromised patients' PII and medical information, serving as member of discovery and law and briefing committees); *In re Marriot International Customer Data Security Breach Litigation*, MDL No. 2879 (D. Mass.) (hotel conglomerate compromised consumers PII,

23

served as member of plaintiffs' screening or vetting committee and assisted leadership in vetting plaintiffs for inclusion in the consolidated amended complaint as wells as assisting with discovery); *In re Capital One Consumer Data Security Data Breech*, MDL No. 2915 (E.D. Va.) (credit card company compromised consumer PII, served as member of discovery committee); *In re Rutters Data Security Breach Litigation*, No. 1:20-cv-00382 (M.D. Pa.) (convenience store conglomerate compromised consumer PII, assisted lead counsel with law and briefing and discovery). Levin Sedran also has experience in other privacy cases, including serving as Co-lead counsel in *Bryd v. Aaron's Inc.*, No. 11-101 (W.D. Pa.), and *Peterson v. Aaron's Inc.*, No. 1-14-cv-1919 (N.D. Ga.) (where defendant placed spyware o n rental computers), and on the Executive Committee in *In re Carrier IQ, Inc., Consumer Privacy Litigation*, No. 12-md-1330 (N.D. Cal.) (where defendant placed software on mobile devices). Mr. Schaffer is actively participating in a number of other data breach class actions across the United States in leadership positions and or as a member of litigation team assisting leadership in the prosecution of the class actions.

In addition to representing consumers, Mr. Schaffer has also represented victims of pollution, contamination and other toxic exposures. *In Re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (D.S.C.) (executive committee) (settlements valued in excess of $12 billion); *In re East Palestine, Train Derailment, Meneghin*, No. 4:23-cv-00242 (N.D.OH.) (executive committee); *Meneghin v. The Exxon Mobile Corporation, et al.*, No. OCN-002697-07 (N.J. Super. Ct., Ocean County) (Plaintiffs' Co-lead Counsel); *Johnson, et al. v. Walsh, et al.,* PCCP April Term, 2008, No. 2012 (Phila. Com. Pl.) (Plaintiffs' Co-Lead Counsel). As lead counsel in *Meneghin v. Exxon Mobil Corporation, et al.,* Mr. Schaffer successfully opposed Exxon Mobil's *Daubert* challenges to Plaintiffs' liability and damage experts and obtained certification of a class of property owners whose properties were contaminated with constituents from gasoline (benzene). The contamination was a result of a discharge of gasoline from underground storage tanks which led to ground water contamination and contamination of the properties. Thereafter, Mr. Schaffer negotiated a multi-million-dollar class action settlement on behalf of all property owners in the vicinity of the Exxon Mobil gas station. This was the first class-action settlement for property contamination entered into by Exxon Mobil.

These cases are just a few examples of the complex class-action cases that Mr. Schaffer along with Levin Sedran & Berman led to a successful outcome.

Along with his class action and mass tort experience, Mr. Schaffer has a LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions. He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts.

In recognition of his accomplishments, Mr. Schaffer has achieved and maintained an AV Martindale-Hubbell rating and is recognized by his peers as a Super Lawyer. Mr. Schaffer speaks nationally on a multitude of topics relating to class actions and complex litigation.

**AUSTIN B. COHEN**
*Member*

 AUSTIN B. COHEN, a native of West Islip, New York, received a BA in Economics and History from the University of Pennsylvania in 1990. He received a JD, cum laude, from the University of Pittsburgh School of Law in 1996. During law school, he interned for the Honorable Lowell Reed (E.D. Pa.) June – August, 1995. He also served as an Executive Editor and Associate Editor for the University of Pittsburgh Journal of Law and Commerce and was a finalist in the Murray S. Love Trial Moot Court Competition.

On April 12, 2019, Mr. Cohen was appointed Co-Lead Counsel in *Sutton v. Hoffman La Roche, Inc.*, ES-L-008724-14 (N.J. Super.), representing a class of homeowners adjacent to Roche's former New Jersey manufacturing facilities in an environmental claim seeking to recover diminished property values as a result of pollution emanating from Roche's property. Mr. Cohen successfully argued for class certification before the trial court and, on interlocutory appeal, before the appellate court. The New Jersey Supreme Court recently rejected defendants' motion for interlocutory review.

Mr. Cohen is presently representing several large ethanol producers asserting, among other things, a Sherman Act Section 2 damages claim due to a cross-market manipulation scheme implemented by defendant Archer Daniels Midland Company involving the U.S. market for ethanol and ethanol derivatives. previously Mr. Cohen served as counsel for a New England electricity wholesaler who brought a Section 2 market manipulation claim against two New England energy companies.

Mr. Cohen's work has focused on all aspects of class litigation. Cases he has worked on include:

- *In re: Air Cargo Shipping Services Antitrust Litigation*, MDL 1775 (E.D.N.Y.) (representing class of shippers alleging international air cargo carriers conspired to fix prices and surcharges. Levin Sedran & Berman served as Co-Lead Counsel. Settlements exceeded $1.25 billion);

- *In re: Electrical Carbon Products Antitrust Litigation*, MDL (D.N.J.) (representing class of purchasers alleging electrical carbon products manufacturers agreed to horizontal price fixing and customer allocation. Levin Sedran & Berman served as Co-Lead Counsel);

- *In re: Graphite Electrodes Litigation*, MDL No. 1244 (E.D. Pa.) (representing class of purchasers alleging manufacturers of graphite components used for steel

25

manufacturing agreed to horizontal price fixing. Levin Sedran & Berman served as Co-Lead Counsel. Settlements totaled $133.5 million, representing 100% of actual damages);

- *In re: Potash Antitrust Litigation*, MDL 1996 (N.D. Ill. and 7th Cir.) (representing class of potash customers alleging horizontal conspiracy among mining companies to fix prices and restrict output. Levin Sedran & Berman worked with lead counsel and focused on obtaining jurisdiction over foreign entities and interpretation of the Foreign Trade Antitrust Improvement Act);

- *In re: Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.) (representing class of financial institutions seeking to recover costs due to Target Corporation's failure to implement proper data security protocols. Levin Sedran & Berman worked with lead counsel and focused on establishing proper standard of care and calculation of appropriate damages).

Mr. Cohen has written published articles regarding the admissibility of subsequent remedial modifications in products liability litigation (68 Pa. B.A.Q. 93), the enforceability of litigation confidentiality agreements (71 Pa. B.A.Q. 93), and federal tax issues related to the tax-exempt financing of University sponsored research facilities (23 The Exempt Organization Tax Review 445).

Mr. Cohen has been rated as a Pennsylvania antitrust "Super Lawyer" and is AV Peer Review rated by Martindale Hubble.

Mr. Cohen is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey, as well as the U.S. District Courts for the Eastern and Western Districts of Pennsylvania and the Central District of Illinois.

## MICHAEL M. WEINKOWITZ
*Member*



MICHAEL M. WEINKOWITZ has substantial professional experience in complex product liability cases involving pharmaceuticals, medical devices and other consumer products. He has served as Court-appointed Executive, Steering or major committee member in mass tort litigations, including, by way of example:

- *In Re: Juul Labs, Inc., Marketing, Sales Practices, and Prod. Liab.*, MDL 2913 (N.D. Cal.): appointed to Plaintiffs Steering Committee and Law and Briefing Chair;

- *In re Xarelto Prod. Liab Litig*., MDL 2592 (E.D. La.); appointed to serve on Discovery Committee, Federal/State Committee, Bellwether trial teams and Settlement Committee and Fee Committee. Served as Plaintiffs' Liaison counsel in the consolidated mass tort litigation in Pennsylvania, *In re Xarelto Prod. Liab. Litig.*, Jan. Term 2015, No. 2349 (First Judicial District of Pennsylvania).

- *In re Tylenol Marketing, Sales Practices and Prod. Liab. Litig.*, MDL 2436 (E.D. Pa.): served as Liaison Counsel and Chair of both the Discovery and Law and Briefing Committees and a member of the settlement team that negotiated the global settlement that was reached).

- *In re YAZ Prod. Liab Litig*, MDL 2100 (S.D. Ill.): served as a member of the Discovery Committee. Court appointed Plaintiffs' Liaison Counsel in the consolidated mass tort action in Pennsylvania, *In re Yaz/Yasmin/Ocella Prod. Liab. Litig*, Sept. Term 2009, No. 1307 (First Judicial District of Pennsylvania); member of the Settlement Committee that negotiated and implemented global settlements.

- *In re Pradaxa Prod. Liab. Litig*, MDL 2384 (S.D. Ill.): appointed to Plaintiffs' Steering Committee.

- *In re Johnson and Johnson Talcum Powder Products Marketing, Sales Practices and Prod. Liab. Litig*. MDL 2738 (D.N.J.): member of the Law and Briefing Committee.

- *In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.* MDL 2428 (D. Mass): co-chair of the Discovery Committee.

- *In re Vioxx Prod. Liab. Litig*, MDL No. 1657 (E.D. La.): member of the Science Committee and the Joint Defense and Plaintiff Review Settlement Subcommittee.

- *In re Phenylpropanolamine (PPA) Prod. Liab. Litig*, MDL 1407 (W.D. Wash.): member of the Discovery Committee.

In addition to being a member of the various court committees noted above, he has represented those injured by the various drugs and medical devices in those cases, including JUUL, Talcum Powder, Xarelto, Pradaxa, Tylenol, Yaz/Yasmin, Hip Implants, Diethylstilbestrol (DES),

27

Ortho Evra Birth Control Patch, Vioxx/Bextra/Celebrex, Fosamax, Digitek, Actos, and Cough Cold and Diet Medications containing Phenylpropanolamine (PPA).

He is a frequent seminar instructor and lecturer in the area of mass torts. He was selected Pennsylvania Rising Star – Super Lawyers, in 2005 and in 2009-2020 as a Pennsylvania Super-Lawyer. He is Advisory Board member, LexisNexis Practice Guide(s): Pennsylvania Civil Pre-Trial Practice, and Pennsylvania Civil Trial Practice, 2017 Editions.

Michael was born in Wilmington, Delaware. He graduated from West Virginia University (B.A., *magna cum laude,* 1991) and Temple University, School of Law (J.D., *cum laude*, 1995).

Michael is licensed to practice in Pennsylvania, New Jersey and New York. He is admitted to the United States District Courts, Eastern District of Pennsylvania, the District of New Jersey, the Eastern and Southern Districts of New York and United States Court of Appeals for the Third Circuit.

**KEITH J. VERRIER**
*Member*



KEITH J. VERRIER concentrates his practice on complex class action litigation with a focus on antitrust, consumer fraud, environmental contamination and data security breach cases. His clients include large and small businesses as well as individuals seeking compensation for price-fixing, monopolization, and other wrongdoing. He has experience in all aspects of litigation and has assisted in obtaining significant recoveries in courts throughout the United States. For his work, Mr. Verrier was named a "Rising Star" in 2008 and 2010 and recognized by Super Lawyers as a top attorney in antitrust in 2015, 2016, 2017, 2018, 2019, 2020 and 2021.

Mr. Verrier graduated *magna cum laude* from Temple University School of Law where he was a member of the Law Review. Following law school, he served as a judicial clerk for the Honorable Herbert J. Hutton on the United States District Court for the Eastern District of Pennsylvania. Earlier in his career, Mr. Verrier practiced at a large national law firm where he represented clients in a variety of complex commercial litigation matters and at a nationally-recognized boutique law firm specializing in antitrust class actions.

Throughout his career, Mr. Verrier has been involved in a wide range of diverse and complex litigation. The following are representative of the types of matters in which he has been involved:

- *United Wisconsin Grain Producers LLC v. Archer Daniels Midland*, No. 20-cv-2314 (C.D. Ill.) - Representing a group of large ethanol producers asserting claims for damages arising from an alleged cross-market manipulation scheme implemented by defendant Archer Daniels Midland Company involving the U.S. market for ethanol and ethanol derivatives in violation of, among other things, Section 2 of the Sherman Act.

- *In re: Air Cargo Shipping Services Antitrust Litigation* – Represented a class of shippers alleging international air cargo carriers conspired to fix prices and surcharges. Levin Sedran & Berman served as Co-Lead Counsel. (Over $1.25 billion in settlements).

- *In re Chinese-Manufactured Drywall Products Liability Litigation* – Prosecuted class action and mass tort on behalf of homeowners whose homes contain defective drywall. Levin Sedran & Berman served as Lead Counsel. A settlement with the German defendant provided full remediation for affected homeowners (valued at over $1.1 billion) and settlement with the Chinese defendant provided $248 million to members of the settlement class.

- *In re: Target Corporation Customer Data Security Breach Litigation* – Represented a class of financial institutions seeking to recover costs due to Target Corporation's failure to implement proper data security protocols. Levin Sedran & Berman worked with lead counsel and focused on establishing proper standard of care and calculation of appropriate damages. ($39 million settlement).

- *In re: Automotive Parts Antitrust Litigation* – Representing a class of car purchasers seeking damages arising from alleged price-fixing conspiracies as to various automotive parts that are components of new motor vehicles. Levin Sedran & Berman worked with co-lead counsel on briefing and discovery matters. (Over $200 million in settlements to date).

- *In re: Mushroom Direct Purchaser Antitrust Litigation* – Defended a cooperative of mushroom growers against allegations of, *inter alia*, price fixing, supply control and monopolization brought under Sections 1 and 2 of the Sherman Act.

- *Johnson Matthey, Inc. v. Research Corp.* – Represented one of the world's largest fabricators and distributors of platinum group metals involving complex pharmaceutical development and licensing issues.

- *Chester County Hospital v. Independence Blue Cross* – Represented a community hospital in an antitrust matter involving the largest health maintenance organization (HMO) in the country.

Mr. Verrier is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey; in the U.S. District Courts for the Eastern District of Pennsylvania, the District of New Jersey, and the Central District of Illinois; and in the United States Court of Appeals for the Third Circuit.

**NICHOLAS J. ELIA**
*Associate*



NICHOLAS J. ELIA graduated from The Pennsylvania State University (B.S. Finance and Economics, 2014) and Temple University James E. Beasley School of Law (J.D., 2018). In law school, Mr. Elia was a member of the Temple International and Comparative Law Journal, he focused his coursework on complex civil litigation and antitrust law, and he interned with the Federal Labor Relations Authority, Securities and Exchange Commission, and the American Antitrust Institute.

Mr. Elia is admitted to practice in the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania.

**ZANETTA MOORE-DRIGGERS**
*Associate*



ZANETTA MOORE-DRIGGERS concentrates her practice on class action litigation with a focus on consumer fraud and products liability. She graduated from Howard University School of Law, where she was a member of the Howard Law Journal. Following law school, she practiced at a large regional law firm in Philadelphia and worked in the Third Circuit Staff Attorney's Office.

Zanetta is licensed to practice in Pennsylvania. She is admitted to the United States District Court, Eastern District of Pennsylvania, and the United States Court of Appeals for the Third Circuit.

**ALICIA B. ARMSTRONG**
*Associate*



ALICIA B. ARMSTRONG graduated from Penn State Law, University Park in 2023. During law school, Ms. Armstrong externed for the Honorable Kim R. Gibson of the U.S. District Court for the Western District of Pennsylvania and represented indigent defendants as a certified legal intern. Ms. Armstrong was also involved in the Penn State Law Review as an Articles Editor, served as Chief Justice of the Student Bar Association, and captained the National Mock Trial Team. At graduation, Ms. Armstrong was recognized for her trial advocacy, oral advocacy, and brief-writing skills by being inducted into The Order of Barristers.

33

**WILLIAM SCHWAB**
*Associate*



WILLIAM SCHWAB graduated from Tulane University (B.A. Political Science, 2021) and Brooklyn Law School (J.D., 2024). During law school, William interned for the New Jersey Office of the Attorney General in the Securities Bureau and for the Honorable Daniel Anders at the Philadelphia County Court of Common Pleas.

Mr. Schwab has admissions pending in the New York Bar and Pennsylvania Bar. He currently assists in the representation of plaintiffs in Class Actions and Multi-District Litigation cases.

**SANDRA L. DUGGAN**
*Of Counsel*



SANDRA L. DUGGAN is a native of St. Louis and she graduated from Washington University with Phi Beta Kappa. Having earned a J.D. degree from Columbia University School of Law, Ms. Duggan was admitted to the bar in 1986. Since moving to Philadelphia in 1989, Ms. Duggan has focused her practice on class action and multi-district litigation.

She has served as a member of the Plaintiffs' Executive Committee in the national asbestos property damage class action, *Prince George Center, Inc. v. U.S. Gypsum* (Pa. Ct. Com. Pl., Phila. Cty.), and she is counsel for class plaintiffs in the Title IX discrimination suit, *Cohen v. Brown University*, (D.R.I.). Ms. Duggan has worked on *In re: School Asbestos Litig.*, (E.D. Pa.); Asbestos Claimants Committees in Celotex and National Gypsum Chapter 11 bankruptcies; *In re: Orthopedic Bone Screw Prods. Liab. Litig.*, MDL 1014 (E.D. Pa.); *Diet Drugs Litigation*, MDL 1203 (E.D. Pa.); *In re: EXXON VALDEZ*; *In re: Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL 2047 (E.D. La.); *In re: VIOXX Prods. Liab. Litig.*, MDL 1657 (E.D. La.), and other securities fraud, shareholder and property damage class actions in federal and state courts. She assisted Co-Lead Counsel and Subclass Counsel with negotiating the class settlement in *In re National Football League Players' Concussion Litig.*, MDL No. 2323 (E.D. Pa.).

In 2022, Ms. Duggan was appointed by the Honorable Joy Flowers Conti to serve as Plaintiffs' Co-Lead Counsel in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prod. Litig.*, MDL 3014 (W.D. Pa.). On October 10, 2023, a class settlement of economic loss claims was preliminarily approved.

In 2019, Ms. Duggan negotiated a global class settlement with the Chinese manufacturers in the *Chinese Drywall Litigation*. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL 2047, 424 F. Supp. 3d 456 (E.D. La. 2020). She was appointed by the Honorable Eldon E. Fallon to serve as Class Counsel for Plaintiffs in the Global Settlement and she also served as Chair of the Fee Allocation Committee in that case.

In 2015, Ms. Duggan was appointed by the Honorable Carl J. Barbier to serve as Special Counsel to the Plaintiffs' Fee and Cost Committee in the BP Oil Spill Litigation, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.).

Ms. Duggan served as a class action expert in *In re "Non-Filing" Insurance Fee Litig.*, MDL 1130 (M.D. Ala.). She was a contributing author and editor of the Third Edition of Herbert Newberg, *Newberg on Class Actions* (3d ed. 1992), and she earned a Public Justice Achievement Award in July 1999 from Public Justice for her work on the Brown University Title IX Litigation.

Ms. Duggan is admitted to practice in the Commonwealth of Pennsylvania, the U.S. District Courts for the Eastern District of Pennsylvania and the Southern and Eastern Districts of New York, the U.S. Court of Appeals for the Third Circuit, and the United States Supreme Court.

Ms. Duggan is Mexican American. She is fluent in Spanish.

## SUCCESSFULLY LITIGATED CLASS CASES

Examples of the firm successfully litigated class action cases include the following: *James J. and Linda J. Holmes v. Penn Security Bank and Trust Co.*, U.S.D.C., Middle District of Pennsylvania No. 80-0747; *In re: Glassine & Greaseproof Antitrust Litigation*, MDL 475, U.S.D.C., Eastern District of Pennsylvania; *In re: First Pennsylvania Securities Litigation*, No. 80-1643, U.S.D.C., Eastern District of Pennsylvania; *In re: Caesars World Shareholder Litigation*, No. MDL 496 (J.P. MDL); *In re: Standard Screws Antitrust Litigation*, No. MDL 443, U.S.D.C., Eastern District of Pennsylvania; *In re: Electric Weld Steel Tubing Antitrust Litigation - II*, No. 83-0163, U.S.D.C., Eastern District of Pennsylvania; *Leroy G. Meshel v. Nutri-Systems, Inc.*, U.S.D.C., Eastern District of Pennsylvania, No. 83-1440; *In re: Corrugated Container Antitrust Litigation*, U.S.D.C., Southern District of Texas, Houston Division, MDL 310; *In re: Three Mile Island Litigation*, U.S.D.C., Middle District of Pennsylvania, No. 79-0432; *Township of Susquehanna v. GPU*, U.S.D.C., Middle District of Pennsylvania, No. 81-0437 (a Three Mile Island case); *Donald A. Stibitz v. General Public Utilities Corporation*, No. 654 S 1985 (C.P. Dauphin County, Pa.) (a Three Mile Island case); *Raymond F. Wehner v. Syntex Corporation and Syntex (U.S.A.)* (U.S.A.), No. C-85-20383(SW) (N.D. Cal.) (first Superfund Class Action ever certified); *In re: Dun & Bradstreet Credit Services Customer Litigation*, U.S.D.C., Southern District of Ohio, Civil Action Nos. C-1-89-026, 89-051, 89-2245, 89-3994, 89-408; *Malcolm Weiss v. York Hospital*, U.S.D.C., Middle District of Pennsylvania, No. 80-0134; *In re: Ramada Inns Securities Litigation*, U.S.D.C., District of Delaware, No. 81-456; *In re: Playboy Securities Litigation*, Court of Chancery, State of Delaware, New Castle County, No. 6806 and 6872; *In re: Oak Industries Securities Litigation*, U.S.D.C., Southern District of California, No. 83-0537-G(M); *Dixie Brewing Co., Inc. v. John Barth*, U.S.D.C., Eastern District of Pennsylvania, No. 84-4112; *In re: Warner Communications Securities Litigation*, U.S.D.C., Southern District of New York, No. 82-CV-8288; *In re: Baldwin United Corporation Litigation*, U.S.D.C., Southern District of New York, MDL No. 581; *Zucker Associates, Inc. v. William C. Tallman and Public Service Company of New Hampshire*, U.S.D.C., District of New Hampshire, No. C86-52-D; *In re: Shopping Carts Antitrust Litigation*, MDL 451, Southern District of New York; *Charal v. Andes*, No. 77-1725; *Hubner v. Andes*, No. 78-1610 U.S.D.C., Eastern District of Pennsylvania; *In re: PetroLewis Securities Litigation*, 84-C-326, U.S.D.C., District of Colorado; *Gentry v. C & D Oil Co.*, 102 F.R.D. 490 (W.D. Ark. 1984); *In re: Hops Antitrust Litigation*, No. 84-4112, U.S.D.C., Eastern District of Pennsylvania; *In re: North Atlantic Air Travel Antitrust Litigation*, No. 84-1013, U.S.D.C., District of Columbia; *Continental/Midlantic Securities Litigation*, No. 86-6872, U.S.D.C., Eastern District of Pennsylvania; *In re: Fiddler's Woods Bondholders Litigation*, No. 83-2340 (E.D. Pa.) (Newcomer, J.); *Fisher Brothers v. Cambridge-Lee Industries, Inc*, No. 82-4941, U.S.D.C., Eastern District of Pennsylvania; *Silver Diversified Ventures Limited Money Purchase Pension Plan v. Barrow*, No. B-86-1520-CA (E.D. Tex.) (*Gulf States Utilities Securities Litigation*); *In re: First Jersey Securities Litigation*, No. 85-6059 (E.D. Pa.); *In re: Crocker Shareholder Litigation*, Cons. No. 7405, Court of Chancery, State of Delaware, New Castle County; *Mario Zacharjasz v. The Lomas and Nettleton Co.*, No. 87-4303, U.S.D.C., Eastern District of Pennsylvania; *In re: People Express Securities Litigation*, No. 86-2497, U.S.D.C., District of New Jersey; *In re: Duquesne Light Shareholder Litigation*, No. 86-1046 U.S.D.C., Western District of Pennsylvania (Ziegler, J.); *In re: Western Union Securities Litigation*, No. 84-5092 (JFG), U.S.D.C., District of New Jersey; *In re: TSO Financial Litigation*, No. 87-7903,

U.S.D.C., Eastern District of Pennsylvania; *Kallus v. General Host*, No. B-87-160, U.S.D.C., District of Connecticut; *Staub v. Outdoor World Corp.*, C.P. Lancaster County, No. 2872-1984; *Jaroslawicz v. Englehard Corp.*, U.S.D.C., District of New Jersey, No. 84-3641F; *In re: Boardwalk Marketplace Securities Litigation*, U.S.D.C., District of Connecticut, MDL 712 (WWE); *In re: Goldome Securities Litigation*, U.S.D.C., Southern District of New York, No. 88-Civ-4765; *In re: Ashland Oil Spill Litigation*, U.S.D.C., Western District of Pennsylvania, No. M-14670; *Rosenfeld v. Collins & Aikman Corp.*, U.S.D.C., Eastern District of Pennsylvania, No. 87-2529; *Gross v. The Hertz Corporation*, U.S.D.C., Eastern District of Pennsylvania, Master File, No. 88-661; *In re: Collision Near Chase, Maryland on January 4, 1987 Litigation*, U.S.D.C., District of Maryland, MDL 728; *In re: Texas International Securities Litigation*, U.S.D.C., Western District of Oklahoma, MDL No. 604, 84 Civ. 366-R; *In re: Chain Link Fence Antitrust Litigation*, U.S.D.C., District of Maryland, No. CLF-1; *In re: Winchell's Donut House, L.P. Securities Litigation*, Court of Chancery of the State of Delaware, New Castle County, Consolidated No. 9478; *Bruce D. Desfor v. National Housing Ministries*, U.S.D.C., Eastern District of Pennsylvania, No. 84-1562; *Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc.*, U.S.D.C., Eastern District of Pennsylvania, No. 87-3717; *In re: SmithKline Beckman Corp. Securities Litigation*, U.S.D.C., Eastern District of Pennsylvania, No. 88-7474; *In re: SmithKline Beecham Shareholders Litigation*, Court of Common Pleas, Phila. County, No. 2303; *In re: First Fidelity Bancorporation Securities Litigation*, U.S.D.C., District of New Jersey, No. 88-5297 (HLS); *In re: Qintex Securities Litigation*, U.S.D.C., Central District of California, No. CV-89-6182; *In re: Sunrise Securities Litigation*, U.S.D.C., Eastern District of Pennsylvania, MDL 655; *David Stein v. James C. Marshall*, U.S.D.C., District of Arizona, No. Civ. 89-66 (PHX-CAM); *Residential Resources Securities Litigation*, No. 89-0066 (D. Ariz.); *In re: Home Shopping Network Securities Litigation -- Action I (Consolidated Actions)*, No. 87-428-CIV-T-13A (M.D. Fla.); *In re: Kay Jewelers Securities Litigation*, Civ. Action Nos. 90-1663-A through 90-1667A (E.D. Va.); *In re: Rohm & Haas Litigation*, Master File No. 89-2724 (Coordinated) (E.D. Pa.); *In re: O'Brien Energy Securities Litigation*, No. 89-8089 (E.D. Pa.); *In re: Richard J. Dennis & Co. Litigation*, No. 88-Civ-8928 (MP) (S.D.N.Y.); *In re: Mack Trucks Securities Litigation*, Consolidated No. 90-4467 (E.D. Pa.); *In re: Digital Sound Corp., Securities Litigation*, No. 90-3533-MRP (BX) (C.D. Cal.); *In re: Philips N.V. Securities Litigation*, No. 90-Civ.-3044 (RPP) (S.D.N.Y.); *In re: Frank B. Hall & Co., Inc. Securities Litigation*, No. 86-Civ.-2698 (CLB) (S.D.N.Y.); *In re: Genentech, Inc. Securities Litigation*, No. C-88-4038-DLJ (N.D. Cal.); *Richard Friedman v. Northville Industries Corp.*, Supreme Court of New York, Suffolk County, No. 88-2085; *Benjamin Fishbein v. Resorts International, Inc.*, No. 89 Civ.6043(MGC) (S.D.N.Y.); *In re: Avon Products, Inc. Securities Litigation*, No. 89 Civ. 6216 (MEL) (S.D.N.Y.); *In re: Chase Manhattan Securities Litigation*, No. 90 Civ. 6092 (LJF) (S.D.N.Y.); *In re: FPL Group Consolidated Litigation*, No. 90-8461 Civ. Nesbitt (S.D. Fla.); *Daniel Hwang v. Smith Corona Corp.*, Consolidated No. B89-450 (TFGD) (D. Ct.); *In re: Lomas Financial Corp. Securities Litigation*, No. CA-3-89-1962-G (N.D. Tex.); *In re: Tonka Corp. Securities Litigation*, Consolidated No. 4-90-2 (D. Minn.); *In re: Unisys Securities Litigation*, No. 89-1179 (E.D. Pa.); *In re: Alcolac Inc. Litigation*, No. CV490-261 (Cir. Ct. Saline Cty. Marshall, Missouri); *In re: Clozapine Antitrust Litigation*, No. MDL874 (N.D. Ill.); *In re: Jiffy Lube Securities Litigation*, No. JHY-89-1939 (D. Md.); *In re: Beverly Enterprises Securities Litigation*, No. CV-88-01189 RSWL (Tex.) [Central District CA]; *In re: Kenbee Limited Partnerships Litigation*, CV-91-2174 (GEB)

(D.N.J.); *Greentree v. Procter & Gamble Co.*, No. 6309, April Term 1991 (Pa. Ct. Com. Pl., Phila. Cty.); *Moise Katz v. Donald A. Pels and Lin Broadcasting Corp.*, No. 90 Civ. 7787 (KTD) (S.D.N.Y.); *In re: Airlines Antitrust Litigation*, MDL No. 861 (N.D. GA.); *Fulton, Mehring & Hauser Co., Inc. v. The Stanley Works*, No. 90-0987-C(5) (E.D. Mo.); *In re: Mortgage Realty Trust Securities Litigation*, No. 90-1848 (E.D. Pa.); *Benjamin and Colby v. Bankeast Corp.*, No. C-90-38-D (D.N.H.); *In re: Royce Laboratories, Inc. Securities Litigation*, No. 920923-Civ-Moore (S.D. Fla.); *In re: United Telecommunications, Inc. Securities Litigation*, No. 90-2251-0 (D. Kan.); *In re: U.S. Bioscience Securities Litigation*, No. 92-678 (E.D. Pa.); *In re: Bolar Pharmaceutical Co., Inc. Securities Litigation*, No. 89 Civ. 17 (E.D.N.Y.); *In re: PNC Securities Litigation*, No. 90-592 (W.D. Pa.); *Raymond Snyder v. Oneok, Inc.*, No. 88-C-1500-E (N.D. Okla.); *In re: Public Service Company of New Mexico*, No. 91-0536M (S.D. Cal.); *In re: First Republic Bank Securities Litigation*, No. CA3-88-0641-H (N.D. Tex, Dallas Division); and *In re: First Executive Corp. Securities Litigation*, No. CV-89-7135 DT (C.D. Cal.).

# EXHIBIT 4



Ahdoot & Wolfson, PC ("AW") is a nationally recognized law firm founded in 1998 that specializes in complex and class action litigation, with a focus on privacy rights, unfair and anti-competitive business practices, consumer fraud, employee rights, defective products, civil rights, and taxpayer rights and unfair practices by municipalities. The attorneys at AW are experienced litigators who often have been and are appointed by state and federal courts as lead class counsel, including in multidistrict litigation. In over two decades of its successful existence, AW has successfully vindicated the rights of millions of class members in protracted, complex litigation, conferring billions of dollars to the victims, and affecting real change in corporate behavior.

## Profile of Partner Andrew W. Ferich



Andrew W. Ferich joined AW as a partner in 2021 at the age of 33. Already, Mr. Ferich is a leading national data privacy practitioner known for his collaborative and cooperative approach with co-counsel, and his zealous advocacy for the clients and classes he represents. He has extensive experience serving in leadership and leadership support roles in complex class actions, including some of the highest profile data privacy and consumer class action cases.

Examples of Mr. Ferich's leadership abound. He is routinely appointed as interim co-lead class counsel in major data breach class action litigations. *See, e.g., Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 2:24-cv-01876, ECF No. 23 (E.D. Pa. July 17, 2024) (over 4 million class members); *Bianucci v. Rite Aid Corp.*, No. 2:24-cv-03356, ECF No. 11 (E.D. Pa. Aug. 16, 2024) (Bartle III, J.) (over 2 million class members); *Anaya, et al. v. Cencora, Inc., et al.*, No. 24-2961, ECF No. 75 (E.D. Pa. Sept. 30, 2024) (hub-and-spoke-like data breach involving Cencora f/k/a AmerisourceBergen and numerous of its pharma customer companies).

Mr. Ferich has been at the forefront of the highly publicized Accellion FTA data breach litigation. In two of the Accellion cases, final settlement approval was granted and Mr. Ferich was appointed as co-lead class counsel. *See Harbour, et al. v. California Health & Wellness Plan, et al.*, No.

5:21-cv-03322 (N.D. Cal.) (Hon. Edward J. Davila) (approved $10 million nationwide class action settlement, that also provided robust injunctive relief); *Cochran, et al. v. The Kroger Co., et al.*, No. 5:21-cv-01887-EJD (N.D. Cal.), ECF No. 115 (approved $5 million nationwide class action settlement, that also provided robust injunctive relief).

Mr. Ferich has served or is serving as appointed class counsel in numerous data privacy and other consumer class actions. Below are a few additional examples of his many appointments and results in data privacy class actions:

- *Smeltz, et al. v. Logan Health, et al.,* No. A-DV-22-0124 (8th Judicial Dist. Ct., Cascade Cty. Mar. 31, 2022), a medical data breach class action where the sensitive information of hundreds of thousands of Montanans was reportedly exposed to cybercriminals. Mr. Ferich, with co-counsel, reached a $4.3 million common fund settlement with the defendant that has received final approval. On appeal to the Montana Supreme Court, Mr. Ferich wrote the appellate briefing and overcame an objection that resulted in published opinion affirming the final approval order and shaped class action jurisprudence in the State of Montana.

- *Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care,* No. 2:24-cv-01148-MMB (E.D. Pa.), a medical information data breach case where Mr. Ferich was recently appointed by this Court as interim co-lead class counsel.

- *In re Keystone Data Breach Litig.*, No. 1:22-cv-01643-CCC (M.D. Pa.), a health information data breach impacting hundreds of thousands of Pennsylvanians, where Mr. Ferich is appointed as interim co-lead class counsel, and reached a common fund settlement that received final approval in a state court companion case.

- *Nelson v. Connexin Software Inc. d/b/a Office Practicum,* No. 2:22-cv-04676-JDW (E.D. Pa.), a pediatric medical information data breach case that has received final approval of a $4 million common fund settlement, where Mr. Ferich is appointed to the Plaintiffs' Steering Committee ("PSC").

- *Leitermann, et al v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.), where the district court granted approval of a settlement in a medical privacy matter that included a $3.75 million common fund and appointed Mr. Ferich as co-lead class counsel.

Mr. Ferich routinely is appointed in other major, non-privacy class action. For example, in *Udeen v. Subaru of Am., Inc.*, No. 18-17334 (RBK) (JS)(D.N.J.), Mr. Ferich was co-lead counsel in an automotive defect class action that resulted in a settlement valued at $6.25 million. The Court observed that Mr. Ferich and his co-counsel "are very skilled and very efficient lawyers . . . . They've done a nice job." In *Steinhardt et al. v. Volkswagen Group of America, Inc. et al.*, No. 3:23-cv-02291-RK-RLS (D.N.J.), Mr. Ferich is currently appointed co-lead settlement class counsel in lawsuit that

alleged a defective belt start generator in certain Audi automobiles and involved hundreds of thousands of class members. That settlement, valued at over $30 million, recently received final settlement approval. *Id.*, ECF No. 76; *see also Cilluffo, et al. v. Subaru of America, Inc., et al.*, No. 1:23-cv-01897-RBK-MJS (D.N.J.) (Mr. Ferich is appointed interim co-lead counsel in a second case against Subaru alleging defective infotainment systems in Subaru vehicles); *Smith, et al. v. VCA Inc., et al.*, No. 2:21-cv-09140-GW-AGR (C.D. Cal.) (Mr. Ferich is class counsel in approved ERISA class action settlement relating to case alleging excessive 401(k) plan recordkeeping and administrative fees, and other fiduciary breaches).

Mr. Ferich is admitted to the bars of Pennsylvania, New Jersey, and the District of Columbia. He graduated from Georgetown University in 2009 and received his law degree from the Villanova University Charles Widger School of Law in 2012. Mr. Ferich has significant experience in consumer protection, ERISA/retirement plan, and whistleblower/*qui tam* litigation. Before joining the plaintiffs' bar, Mr. Ferich was an attorney at an AmLaw 200 national litigation firm in Philadelphia where he focused his practice on commercial litigation and financial services litigation. Mr. Ferich possesses major jury trial experience and has assisted in litigating cases through all stages that have collectively resulted in hundreds of millions in settlement value in damages and injunctive relief for various classes and groups of people.

### AW's Results and Current Noteworthy Leadership Roles in Privacy Cases

AW has achieved excellent results as lead counsel in numerous complex class actions throughout its more than two decade existence.

As co-lead counsel in the *Zoom Video Communications, Inc. Privacy Litigation*, No. 5:20-cv-02155 (N.D. Cal.) (Hon. Laurel Beeler), a nationwide class action alleging privacy violations from the collection of personal information through third-party software development kits and failure to provide end to end encryption, AW achieved an $85 million nationwide class settlement that also included robust injunctive relief overhauling Zoom's data collection and security practices.

As co-lead counsel in the *Experian Data Breach Litigation*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (Hon. Andrew J. Guilford), which affected nearly 15 million class members, AW achieved a settlement conservatively valued at over $150 million. Each class member was entitled to two years of additional premium credit monitoring and ID theft insurance (to begin whenever their current credit monitoring product, if any, expires) plus monetary relief (in the form of either documented losses or a default payment for non-documented claims). Experian also provided robust injunctive relief. Judge Guilford praised counsel's efforts and efficiency in achieving the settlement, commenting "You folks have truly done a great job, both sides. I commend you."

In *Rivera v. Google LLC*, No. 2019-CH-00990 (Ill Cir. Ct.) (Hon. Anna M. Loftus), a class action arising from Google's alleged illegal collection, storage, and use of the biometrics of individuals who appear in photographs uploaded to Google Photos in violation of the Illinois Biometric Information

Privacy Act, 740 ILCS 14/1, *et seq.*, AW achieved a settlement that establishes a $100 million non-reversionary cash settlement fund and provides meaningful prospective relief for the benefit of class members.

As an invaluable member of a five-firm PSC in the *Premera Blue Cross Customer Data Sec. Breach Litigation*, No. 3:15-cv-02633-SI (D. Or.) (Hon. Michael H. Simon), arising from a data breach disclosing the sensitive personal and medical information of 11 million Premera Blue Cross members, AW was instrumental in litigating the case through class certification and achieving a nationwide class settlement valued at $74 million.

Similarly, in the *U.S. Office of Personnel Management Data Security Breach Litigation*, No. 1:15-mc-1394-ABJ (D.D.C.) (Hon. Amy Berman Jackson), AW, as a member of the PSC, briefed and argued, in part, the granted motions to dismiss based on standing, briefed in part the successful appeal to the D.C. Circuit, and had an important role in a preliminarily approved settlement providing for a $63 million settlement fund.

In *The Home Depot, Inc., Customer Data Sec. Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.) (Hon. Thomas W. Thrash Jr.), AW served on the consumer PSC and was instrumental in achieving a $29 million settlement fund and robust injunctive relief for the consumer class.

AW also currently serves on the PSC in *Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litigation*, No. 2:19-md-2904-MCA-MAH (D.N.J.) (Hon. Madeline Cox Arleo), a class action arising out of a medical data breach that disclosed the personal and financial information of over 20 million patients, as well as many other data breach class actions.

\*       \*       \*

AW has all the resources at its disposal necessary to effectively and efficiently litigate large scale class action litigation. The firm has never used litigation funding for any of its cases. AW employs 11 attorneys and numerous paralegals and support staff, and is willing and able to deploy its resources as needed in each of the cases it is leading. More information about AW and its lawyers is available at the firm's website, https://www.ahdootwolfson.com.